# EXHIBIT A

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | **Claim No. 1** | |
| 1(a) | 1.   A   computer-implemented method for finding data related to the contents of a document using a first computer program running on a   computer,   the   method comprising: | Defendant Motorola performs the method recited in this asserted claim in all of its mobile devices that contain the same or similar information handling functionality detailed and illustrated herein.  Functionality materially the same as what is shown in this chart exists in Motorola's products at least incorporating Android operating system version 4.x, including but not limited to, Motorola's MOTO X, collectively hereafter referred to as "*The Products*," as shown by the following exemplary chart.  All of *The Products* infringe the asserted claims identified herein in materially the same manner as that shown below (and in the attached annexures) for the exemplary and representative Motorola MOTO X.  <br><br> The Preamble is not considered to be a limitation of Claim 1, but nonetheless *The Products* perform a computer-implemented method for finding data related to the contents of a document using a first computer program, such as a document used by or within the *Messaging, E-Mail, Browser, Calendar, Task or Talk* programs of *The Products,* such method comprising the steps which are set forth and discussed separately below.  <br><br> *See Table A which, identify examples of the first computer programs and second computer programs, as well as claim elements, disclosed in the asserted claims.*  <br><br> *See Annexure 1 for screenshots of the exemplary device's configurations.*  <br><br> *See Annexure 2 for screenshots of first computer programs and second computer programs included on the device.* |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

|  | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| 1(b) | displaying the document electronically using the first computer program; | *The Products* display the document electronically using the first computer program, for example[1] by using the:<br><br>• *Messaging* program (the first computer program) to display the text message document (The Document).<br>• *E-Mail* program (the first computer program) to display the email document (The Document).<br>• *Browser* program (the first computer program) to display a web page (The Document).<br>• *Calendar* program (the first computer program) to display a calendar item (The Document).<br>• *Task* program (the first computer program) to display Task item (The Document).<br>• *Talk* program (the first computer program) to display Talk item (The Document).<br><br>*See the Table A for a list of the First Computer Programs available on the device.*<br><br>*Similarly, hereafter the terms "The Document" or "The Documents" will refer to the exemplary types of document identified as such in the list above.*<br><br>*See Annexure 4, Annexure 4-M for screenshots of the first computer program displaying the document.* |
| 1(c) | while the document is being displayed, analyzing, in a computer process, first information from the document to determine if the first information is at least one of a | While the document is being displayed, *The Products* analyze if first information from the Document is one of multiple types (see below) of information that can be searched in order to find second information that is related to the first information. *The Products* analyze the first information from The Document within a computer process. For example, in a computer process *The Products* determine if first information is at least |

---

[1] All examples provided herein are illustrative only.  For an additional list of possible combinations, please refer to the combination of tables and annexes attached hereto.

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|
| plurality of types of information that can be searched for in order to find second information related to the first information; | one of the following:<br><br>• A number, an email address, or address (types of first information) is determined to be first information in a text message.<br><br>• A number, or an address (type of first information) is determined to be first information in an email document.<br><br>• A number or an email address (types of first information) is determined to be first information in a web page.<br><br>• A number, an email address information (types of first information) is determined to be first information in a calendar entry.<br><br>• A number, email address information (types of first information) is determined to be first information in a Task item.<br><br>• A number, email address information (types of first information) is determined to be first information in a Talk item.<br><br>The first information can be searched for, in order to find second information related to the first information. For example, the name of an entity or person (second information) related to the number (first information) can be found, as set forth in more detail in elements 1(f)-1(i) *infra*.<br><br>*See Table A for a list of exemplary first information that is analyzed.*<br><br>See *Annexure 4, Annexure 4-M for screenshots of first information that is analyzed.* |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | | *See Table A, Table A-M for an exemplary list of second information that is related to the first information.* |
| 1(d) | retrieving the first information; | *The Products* retrieve the first information.<br><br>The retrieved first information is shown in *Annexure 4* and *Annexure 4-M* which contains exemplary screen shots.<br><br>See *Table A, Table A-M* for an exemplary list of first information that are retrieved by *The Products*. |
| 1(e) | providing an input device, configured by the first computer program, that allows a user to enter a user command to initiate an operation, | *The Products* provide an input device, such as highlighted or underscored text, or a menu or menu item, or a touch screen, among other examples, which is configured by the first computer program to enable a user to enter a user command to initiate an operation.<br><br>For example,<br><br>• *Messaging* program allows a user to tap [2] (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation).<br><br>• *Messaging* program allows a user to tap (command) a highlighted and/or underscored email address and/or menu or menu item or a touch command (input device) to initiate sending an email document and searching for a name associated with the email address and displaying it (operation). |

---

[2] "Tap", "tapping", or "tapped," as used herein, includes all form of user commands.

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|
| | <ul><li>*Messaging* program allows a user to tap [3] (command) a highlighted and/or underscored address and/or menu or menu item or a touch command (input device) to initiate displaying location on Map (operation).</li><li>*E-Mail* program allows a user to tap (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation).</li><li>*E-Mail* program allows a user to tap (command) a highlighted and/or underscored address and/or menu or menu item or a touch command (input device) to initiate displaying location on Map (operation).</li><li>*Browser* program allows a user to tap (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation).</li><li>*Browser* program allows a user to tap (command) a highlighted and/or underscored email address and/or menu or menu item or a touch command (input device) to initiate sending an email document and searching for a name associated with email address and displaying it (operation).</li><li>*Browser* program allows a user to tap (command) a highlighted and/or underscored address and/or menu or menu item or a touch command (input device) to initiate displaying location on Map (operation).</li></ul> |

---

[3] "Tap", "tapping", or "tapped," as used herein, includes all form of user commands.

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | | • *Calendar* program allows a user to tap (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation). |
| | | • *Calendar* program allows a user to tap (command) a highlighted and/or underscored email address item and/or menu or menu item or a touch command (input device) to initiate to initiate sending an email document and searching for a name associated with the email address and displaying it (operation). |
| | | • *Task* program allows a user to tap (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation). |
| | | • *Task* program allows a user to tap (command) a highlighted and/or underscored email address and/or menu or menu item or a touch command (input device) to initiate sending an email document and searching for a name associated with the email address and displaying it (operation). |
| | | • *Talk* program allows a user to tap (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation). |
| | | • *Talk* program allows a user to tap (command) a highlighted and/or underscored email address and/or menu or menu item or a touch command (input device) to initiate sending an email document and searching for a name associated with the |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | | email address and displaying it (operation). *See Annexure 5, Annexure 5-M for screenshots of input devices configured by the first computer program that allow a user to initiate an operation by entering a command.* *See Table A, Table A-M for an exemplary list of the commands, the first information and second information, and the corresponding operations recited in this claim element.* |
| 1(f) | the operation comprising (i) performing a search using at least part of the first information as a search term in order to find the second information, of a specific type or types, associated with the search term in an information source external to the document, wherein the specific type or types of second information is dependent at least in part on the type or types of the first information, and | *The Products* perform a search using at least part of the first information as a search term in order to find the second information, of a specific type or types, associated with the search term in an information source (e.g., the Contacts information source), external to The Document wherein the specific type or types of second information (e.g. a name) is dependent at least in part on the type or types of the first information (e.g. a number, an email address, or address). For example, If *The Products* determine that the first information is a number, it uses the number (first information) as a search term in order to find the second information, such as the name and/or type of number (e.g., home or business), that is associated with the number in the *Contacts* information source. If *The Products* determine that the first information is an email address, it uses the email address (first information) as a search term in order to find second information, such as the name, that is associated with the email address in the *Contacts* information source. |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | | If *The Products* determine that the first information is an address, it uses the address (first information) as a search term in order to find second information, such as the location Map that is associated with the address. |
| | | The specific type or types of second information (e.g., contact name or nearby location) is dependent at least in part on the type of the first information (e.g., number or email address (for contact name) or address). |
| | | *See Table A, Table A-M for an exemplary list of first information for which at least a portion is used as search term in order to find second information in an information source that is dependent in part on the type of first information.* |
| | | *See Annexure 6, Annexure 6-M for screenshots of second information associated with at least part of the first information.* |
| | | *See Annexure 7, Annexure 7-M for screenshots of information sources external to The Document as recited in this claim element.* |
| 1(g) | (ii) performing an action using at least part of the second information; | The *Products* perform an action using the second information. |
| | | For example, |
| | | *The Products* initiate a telephone call to the telephone number (first information) and display the name of the individual and/or entity or the type of number (e.g. home or business), that is associated with the number in the *Contacts* information source. |
| | | *The Product*s initiate sending an email message to the email address (first information) and display the name of the individual or entity that is associated with the email address in the *Contacts* information source. |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | | *The Products initiate displaying location map to the address (first information) and display the location map that is associated with the address.*<br><br>*See Table A, Table A-M for an exemplary list of actions performed using at least part of the second information.*<br><br>*See Annexure 6, Annexure 6-M for screenshots of actions performed using at least part of the second information.* |
| 1(h) | in consequence of receipt by the first computer program of the user command from the input device, causing a search for the search term in the information source, using a second computer program, in order to find second information related to the search term; and | In consequence of receipt by the first computer program of a user command (e.g. tapping) from the input device (e.g. the highlighted text, menu/menu item, and/or touch screen), *The Products* cause a search for the search term in the information source (e.g. Contacts), using a second program, such as a searching program and/or the *Dialer, Mail, Map,* and/or *Contacts* programs, in order to find the second information (e.g. name) that is related to the search term (e.g. a number , email address, or address).<br><br>For example,<br><br>In response to receipt of the user command to dial a number (first information) in a text message, email, web page, calendar item, task item, or talk item (The Document), displayed within a first computer program (e.g. *Messaging, E-Mail, Browser, Calendar, Task, Talk* programs), *The Products* cause a search for the number (a search term) using a second program, e.g., such as a searching program and/or the *Dialer* or *Contacts* programs, in the *Contacts* information source in order to find the name or names of the individual or entity and/or the type of the phone number (second information) associated with the number (search term).<br><br>In response to receipt of a user command to send an email to an email address (first |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | | information) in a text message, web page, talk item, or talk item (The Document), displayed within a first computer program (e.g. *Messaging, Browser, Calendar, Task, Talk* programs), *The Products* cause a search for the email address (a search term) using a second program, e.g., such as a searching program and/or the *E-Mail* program or *Contacts* programs, in the *Contacts* information source in order to find the name of the individual or entity (second information) that is associated with the email address (search term).

In response to receipt of the user command to display location map of an address (first information) in a text message, email, or web page (The Document), displayed within a first computer program (e.g. *Messaging, E-Mail, Browser*), *The Products* cause a search for the address (a search term) using a second program, e.g., such as a searching program and/or the *Map* program (second information) associated with the address (search term).

*See Table A, Table A-M for an exemplary list of first and second computer programs, and second information searched in an information source.*

*See Annexure 6, Annexure6-M for screenshots of second information related to the first information.*

*See Annexure 7, Annexure 7-M for screenshots of information sources external to The Document.* |
| 1(i) | if searching finds any second information related to the search term, performing the action using at least part of the second information, wherein the action is | If any second information related to the search term is found, *The Products* perform an action using at least part of the second information, wherein the action is of a type depending at least in part on the type or types of the first information.

For example, |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|
| of a type depending at least in part on the type or types of the first information. | When the first information is a number, *The Products* initiate a telephone call to the telephone number (first information) and display the name of the person or entity associated with that number (second information) and/or the type of number, e.g., Home/Work (second information), on the calling screen. |
| | When the first information is an email address, *The Products* initiate sending an email to the email address (first information) and display the name of the entity associated with that email address (second information) in the To-field of the compose email screen. |
| | When the first information is a address, *The Products* initiate display of location map to the address (first information) and display the map associated with that address (second information), on the screen. |
| | *See Table A, Table A-M for an exemplary list of actions performed using the second information.* |
| | *See Annexure 6, Annexure 6-M for screenshots of second information related to the first information.* |
| **Exemplary Claim No. 8** | |
| A method according to claim 1, further comprising, providing a prompt for updating the information source to include the first information. | *The Products* further provide users a prompt to update the information source external to The Document, such as by providing an option to add the first information and certain other contact information to the *Contacts* information source. |
| | *See Table A, Table A-M for a list of exemplary first information that is analyzed.* |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|
| | *See Annexure 9, Annexure 9-M for screenshots of information source external to the document being updated to include the first information.* |
| **Exemplary Claim No. 23** | |
| 23(a) At least one non-transitory computer readable medium encoded with instructions which, when loaded on a computer, establish processes for finding data related to the contents of a document using a first computer program running on a computer, the processes comprising: | *The Products*, which defendant Motorola makes, uses, sells, offers and/or imports, contain at least one computer readable medium with program instructions related to the infringing information handling functionality detailed and illustrated herein. Functionality materially the same as what is shown in this chart exists in Motorola's products at least incorporating Android operating system version 4.x, including but not limited to, Motorola's MOTO X, collectively hereafter referred to as "*The Products*," as shown by the following exemplary chart.  All of *The Products* infringe the asserted claims identified herein in materially the same manner as that shown below (and in the attached annexures) for the exemplary and representative Motorola MOTO X.

The Preamble is not considered to be a limitation of Claim 1, but nonetheless *The Products* contain at least one non-transitory computer readable medium encoded with instructions for finding data related to the contents of a document using a first computer program, such as a document used by or within the *Messaging, E-Mail, Browser Calendar, Task, Talk* programs of *The Products,* such processes comprising the steps which are set forth and discussed separately below.

*See Table A, Table A-M which, identify examples of the first computer programs and second computer programs, as well as claim elements, disclosed in the asserted claims.*

*See Annexure 1 for screenshots of the exemplary device's configurations.*

*See Annexure 2 for screenshots of first computer programs and second computer programs included on the device.* |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| 23(b) | displaying the document electronically using the first computer program; | *The Products* display the document electronically using the first computer program, for example by using the:<br><br>• *Messaging* program (the first computer program) to display the text message document (The Document).<br>• *E-Mail* program (the first computer program) to display the email document (The Document).<br>• *Browser* program (the first computer program) to display a web page (The Document).<br>• *Calendar* program (the first computer program) to display a calendar item (The Document).<br>• *Task* program (the first computer program) to display a Task item (The Document).<br>• *Talk* program (the first computer program) to display a Talk item (The Document).<br><br>*See the Table A, Table A-M for a list of First Computer Programs included on the device.*<br><br>Similarly, hereafter the terms "The Document" or "The Documents" will refer to the exemplary types of document identified as such in the list above.<br><br>*See Annexure 4, Annexure 4-M for screenshots of the first computer program displaying the document.* |
| 23(c) | while the document is being displayed, analyzing, in a computer process, first information from the document to determine if the first information is at least one of a plurality of types of information | While the document is being displayed, *The Products* analyze if first information from the Document is one of multiple types (see below) of information that can be searched in order to find second information that is related to the first information. *The Products* analyze the first information from The Document within a computer process. For example, in a computer process *the Products* determine if first information is at least one of the following: |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|
| that can be searched for in order to find second information related to the first information; | • A number, an email address, an address (types of first information) is determined to be first information in a text message.<br><br>• A number or an address (type of first information) is determined to be first information in an email document.<br><br>• A number, an email address, or an address (types of first information) is determined to be first information in a web page.<br><br>• A number, an email address information (types of first information) is determined to be first information in a calendar entry.<br><br>• A number, an email address information (types of first information) is determined to be first information in a Task item.<br><br>• A number, an email address information (types of first information) is determined to be first information in a Talk item.<br><br>*See Table A, Table A-M for a list of exemplary first information that is analyzed.*<br><br>*See Annexure 4, Annexure 4-M for screenshots of first information that is analyzed.*<br><br>The first information can be searched for in order to find second information related to the first information.  For example, the name of an entity or person (second information) related to the number (first information) can be found, as set forth in more detail in elements 23(f)-23(i) *infra*.<br><br>*See Table A, Table A-M for an exemplary list of second information that is related to* |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | | *the first information.* |
| 23(d) | retrieving the first information; | *The Products* retrieve the first information.<br><br>The retrieved first information is shown in *Annexure 4, Annexure 4-M* which contains exemplary screen shots.<br><br>See *Table A, Table A-M* for an exemplary list of first information that are retrieved by *The Products*. |
| 23(e) | providing an input device, configured by the first computer program, that allows a user to enter a user command to initiate an operation, | *The Products* provide an input device, such as highlighted or underscored text, or a menu or menu item, or a touch screen, among other examples, which is configured by the first computer program to enable a user to enter a user command to initiate an operation.<br><br>For example,<br><br>• *Messaging* program allows a user to tap (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation).<br><br>• *Messaging* program allows a user to tap (command) a highlighted and/or underscored email address and/or menu or menu item or a touch command (input device) to initiate an email document and searching for a name associated with the email address and displaying it (operation).<br><br>• *Messaging* program allows a user to tap (command) a highlighted and/or underscored address and/or menu or menu item or a touch command (input device) to initiate displaying location on Map (operation). |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|
| | • *E-Mail* program allows a user to tap (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation). <br><br> • *E-Mail* program allows a user to tap (command) a highlighted and/or underscored address and/or menu or menu item or a touch command (input device) to initiate displaying location on Map (operation). <br><br> • *Browser* program allows a user to tap (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation). <br><br> • *Browser* program allows a user to tap (command) a highlighted and/or underscored email address and/or menu or menu item or a touch command (input device) to initiate sending an email document and searching for a name associated with email address and displaying it (operation). <br><br> • *Browser* program allows a user to tap (command) a highlighted and/or underscored address and/or menu or menu item or a touch command (input device) to initiate displaying location on Map (operation). <br><br> • *Calendar* program allows a user to tap (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation). |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| U.S. PATENT NO.<br>7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|
|  | • *Calendar* program allows a user to tap (command) a highlighted and/or underscored email address item and/or menu or menu item or a touch command (input device) to initiate an email document and searching for a name associated with email address and displaying it (operation).<br><br>• *Task* program allows a user to tap (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation).<br><br>• *Task* program allows a user to tap (command) a highlighted and/or underscored email address and/or menu or menu item or a touch command (input device) to initiate an email document  and searching for a name associated with the email address and displaying it (operation).<br><br>• *Talk* program allows a user to tap (command) a highlighted and/or underscored number and/or menu or menu item or a touch command (input device) to initiate calling that number and searching for a name associated with the number and displaying it (operation).<br><br>• *Talk* program allows a user to tap (command) a highlighted and/or underscored email address and/or menu or menu item or a touch command (input device) to initiate an email document  and searching for a name associated with the email address and displaying it (operation).<br><br>*See Annexure 5, Annexure 5-M for screenshots of input devices configured by the first computer program that allow a user to initiate an operation by entering a command.*<br><br>*See Table A, Table A-M for an exemplary list of the commands, the first information* |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | | *and second information, and the corresponding operations recited in this claim element.* |
| 23(f) | the operation comprising (i) performing a search using at least part of the first information as a search term in order to find the second information, of a specific type or types, associated with the search term in an information source external to the document, wherein the specific type or types of second information is dependent at least in part on the type or types of the first information, | *The Products* perform a search using at least part of the first information as a search term in order to find the second information, of a specific type or types, associated with the search term in an information source (e.g., the Contacts information source), external to The Document wherein the specific type or types of second information (e.g. a name) is dependent at least in part on the type or types of the first information (e.g. a number, or an email address). <br><br> For example, <br><br> If *The Products* determine that the first information is a number, it uses the number (first information) as a search term in order to find the second information, such as the name or type of number (e.g., home or business), that is associated with the number in the *Contacts* information source. <br><br> If *The Products* determine that the first information is an email address, it uses the email address (first information) as a search term in order to find second information, such as the name, that is associated with the email address in the *Contacts* information source. <br><br> If *The Products* determine that the first information is an address, it uses the address (first information) as a search term in order to find second information, such as the map location that is associated with the address in the information source. <br><br> The specific type or types of second information (e.g., contact name) is/are dependent at least in part on the type of the first information (e.g., number, email address, address |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | | (for contact name, location)). *See Table A, Table A-M for an exemplary list of first information for which at least a portion is used as search term in order to find second information in an information source that is dependent in part on the type of first information.* *See Annexure 6, Annexure 6-M for screenshots of second information associated with at least part of the first information.* *See Annexure 7, Annexure 7-M for screenshots of information sources external to The Document as recited in this claim element.* |
| 23(g) | and (ii) performing an action using at least part of the second information; | The *Products* perform an action using the second information. For example, *The Products* initiate a telephone call to the telephone number (first information) and display the name of the individual or entity or the type of number (e.g. home of business) that is associated with the number in the *Contacts* information source. *The Products* initiate sending an email message to the email address (first information) and display the name of the individual or entity that is associated with the email address in the *Contacts* information source. *The Products* initiate displaying location map to the address (first information) and display the location map that is associated with the address. *See Table A, Table A-M for an exemplary list of actions performed using at least part of the second information.* |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | | See *Annexure 6 and Annexure 6-M for screenshots of actions performed using at least part of the second information.* |
| 23(h) | in consequence of receipt by the first computer program of the user command from the input device, causing a search for the search term in the information source, using a second computer program, in order to find second information related to the search term; and | In consequence of receipt by the first computer program of a user command (e.g. tapping) from the input device (e.g. the highlighted text, menu/menu item, and/or touch screen), *The Products* cause a search for the search term in the information source (e.g. Contacts), using a second program, such as a searching program and/or the *Dialer, Mail, Map,* and/or *Contacts* programs, in order to find the second information (e.g. name) that is related to the search term (e.g. a number , email address, or address).<br><br>For example,<br><br>In response to receipt of the user command to dial a number (first information) in a text message, email,  web page, calendar item, task item, or talk item (The Document), displayed within a first computer program (e.g. *Messaging, E-Mail, Browser, Calendar, Task, Talk* programs), *The Products* cause a search for the number (a search term) using a second program, e.g., such as a searching program and/or the *Dialer* or *Contacts* programs, in the *Contacts* information source in order to find the name or names of the individual or entity and/or the type of the phone number (second information) associated with the number (search term).<br><br>In response to receipt of a user command to send an email to an email address (first information) in a text message, web page, Calendar item Task, or Talk item (The Document), displayed within a first computer program (e.g. *Messaging*, *Browser*, *Calendar*, *Task, Talk* programs), *The Products* cause a search for the email address (a search term) using a second program, e.g., such as a searching program and/or the *E-Mail* program or *Contacts* programs, in the *Contacts* information source in order to find the name of the individual or entity (second information) that is associated with the |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| | U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|---|
| | | email address.<br><br>*See Table A, Table A-M for an exemplary list of the first computer program, the second computer program and the second information searched in the information source, as recited in this claim element, and as performed by The Products.*<br><br>*See Annexure 6, Annexure 6-M for screenshots of second information related to the first information.*<br><br>*See Annexure 7, Annexure 7-M for screenshots of information sources external to The Document as recited in this claim element.* |
| 23(i) | if searching finds any second information related to the search term, performing the action using at least part of the second information, wherein the action is of a type depending at least in part on the type or types of the first information. | If any second information related to the search term is found, *The Products* perform an action using at least part of the second information, wherein the action is of a type depending at least in part on the type or types of the first information. *The Products* display at least part of the second information.<br><br>For example,<br><br>When the first information is a number, *The Products* initiate a telephone call to the telephone number (first information) and display the name of the person or entity associated with that number (second information) and/or the type of number, e.g., Home/Work (second information), on the calling screen.<br><br>When the first information is an email address, *The Products* initiate sending an email to the email address (first information) and display the name of the entity associated with that email address (second information) in the To-field of the compose email screen. |

*PRELIMINARY INFRINGEMENT ANALYSIS FOR DEFENDANT MOTOROLA*

Exemplary Accused Instrumentality: Motorola's Products incorporating Android operating system version 4.x and all products incorporating the same or similar information handling functionality detailed and illustrated herein

| U.S. PATENT NO. 7,917,843 | INFRINGEMENT BY EXEMPLARY ACCUSED INSTRUMENTALITY |
|---|---|
| | When the first information is an address, *The Products* initiate display of location map to the address (first information) and display the map associated with that address (second information), on the screen.<br><br>*See Table A for an exemplary list of actions performed using the second information.*<br><br>*See Annexure 6, Annexure 6-M for screenshots of second information related to the first information.* |
| **Exemplary Claim No. 30** | |
| At least one non-transitory computer readable medium according to claim 23, the instructions establishing processes comprising: providing a prompt for updating the information source to include the first information. | *The Products* further provide users a prompt to update the information source external to The Document, such as by providing an option to add the first information and certain other information to the *Contacts* information source.<br><br>*See Table A, Table A-M for a list of exemplary first information that is analyzed.*<br><br>*See Annexure 9, Annexure 9-M for screenshots of information sources external to The Document being updated to include the first information.* |

**TABLE A**
**Motorola MOTO X**

| First Application/First Program | Type of First Information | User Command/Input Device | Second Application/Second Program | Second Information | Operations/Actions Performed |
|---|---|---|---|---|---|
| Messaging | Telephone number | • Tap on highlighted text followed by "Phone" option and Tap dialer icon | Dialer and/or Address Book | • Name of associated individual(s) or entity(ies) | • Search information source for first information<br>• Display the name of the individual or entity<br>• Initiate a call |
| | Email address | • Tap on highlighted text and Select "compose" option | E-Mail and/or Address Book | • Name of associated individual or entity | • Initiate sending email<br>• Display second information in To: field |

**TABLE A**
**Motorola MOTO X**

| First Application/First Program | Type of First Information | User Command/Input Device | Second Application/Second Program | Second Information | Operations/Actions Performed |
|---|---|---|---|---|---|
| Mail | Telephone number | • Tap on "Phone number" and "Dialer" icon | Dialer and/or Address Book | • Name of associated individual or entity | • Display the name of the individual or entity<br>• Initiate a call |

**TABLE A**
**Motorola MOTO X**

| First Application/First Program | Type of First Information | User Command/Input Device | Second Application/Second Program | Second Information | Operations/Actions Performed |
|---|---|---|---|---|---|
| Internet | Telephone number | • Tap on phone number followed by Select "Phone" option and Tap on dialer icon | Dialer and/or Address Book | • Name of associated individual or entity | • Display the name of the individual or entity<br>• Initiate a call |
| | Email address | • Tap on text and Select "compose" option | E-Mail and/or Address Book | • Name of associated individual or entity | • Initiate sending email<br>• Display second information in To: field |

**TABLE A**
**Motorola MOTO X**

| First Application/First Program | Type of First Information | User Command/Input Device | Second Application/Second Program | Second Information | Operations/Actions Performed |
|---|---|---|---|---|---|
| Calendar | Telephone number | • Tap on highlighted text followed by Tapping on dialer icon | Dialer and/or Address Book | • Name of associated individual or entity | • Display the name of the individual or entity<br>• Initiate a call |
| | Email address | • Tap on highlighted text and Select "compose" option | E-Mail and/or Address Book | • Name of associated individual or entity | • Initiate sending email<br>• Display second information in To: field |

**TABLE A**
**Motorola MOTO X**

| First Application/First Program | Type of First Information | User Command/Input Device | Second Application/Second Program | Second Information | Operations/Actions Performed |
|---|---|---|---|---|---|
| Talk | Telephone number | • Tap on highlighted text followed by Tapping on dialer icon | Dialer and/or Address Book | • Name of associated individual or entity | • Display the name of the individual or entity<br>• Initiate a call |
| | Email address | • Tap on highlighted text and Select "compose" option | E-Mail and/or Address Book | • Name of associated individual or entity | • Initiate sending email<br>• Display second information in To: field |

**TABLE A-M**
**Motorola MOTO X**

| First Application/First Program | Type of First Information | User Command/Input Device | Second Application/Second Program | Second Information | Operations/Actions Performed |
|---|---|---|---|---|---|
| Messaging | Address | • Tap on highlighted text | Maps | • Location of the address<br>• Name of the address location<br>• Nearby places and points of interest<br>• Names of nearby places and points of interest | • Display the address location and name of the location on map<br>• Display nearby places and points of interest |

**TABLE A-M**
**Motorola MOTO X**

| First Application/First Program | Type of First Information | User Command/Input Device | Second Application/Second Program | Second Information | Operations/Actions Performed |
|---|---|---|---|---|---|
| Mail | Address | • Tap on text. | Maps | • Location of the address<br>• Name of the address location<br>• Nearby places and points of interest<br>• Names of nearby places and points of interest | • Display the address location and name of the location on map<br>• Display nearby places and points of interest |

**TABLE A-M**
**Motorola MOTO X**

| First Application/First Program | Type of First Information | User Command/Input Device | Second Application/Second Program | Second Information | Operations/Actions Performed |
|---|---|---|---|---|---|
| Browser | Address | • Tap on text. | Maps | • Location of the address<br>• Name of the address location<br>• Nearby places and points of interest<br>• Names of nearby places and points of interest | • Display the address location and name of the location on map<br>• Display nearby places and points of interest |

**TABLE A-M**
**Motorola MOTO X**

| First Application/First Program | Type of First Information | User Command/Input Device | Second Application/Second Program | Second Information | Operations/Actions Performed |
|---|---|---|---|---|---|
| Calendar | Address | • Tap on highlighted text | Maps | • Location of the address<br>• Name of the address location<br>• Nearby places and points of interest<br>• Names of nearby places and points of interest | • Display the address location and name of the location on map<br>• Display nearby places and points of interest |

**TABLE A-M**
**Motorola MOTO X**

| First Application/First Program | Type of First Information | User Command/Input Device | Second Application/Second Program | Second Information | Operations/Actions Performed |
|---|---|---|---|---|---|
| Talk | Address | • Tap on highlighted text | Maps | • Location of the address<br>• Name of the address location<br>• Nearby places and points of interest<br>• Names of nearby places and points of interest | • Display the address location and name of the location on map<br>• Display nearby places and points of interest |

# Annexure 4-M

| Defendant | Motorola |
|---|---|
| Model Number | Moto X |
| Operating System | Android version 4.2.2 |
| Messaging |  |

## Annexure 4-M

| | |
|---|---|
| Email |  |

## Annexure 4-M

| | |
|---|---|
| Talk |  |

## Annexure 4-M

| | | |
|---|---|---|
| Calendar | |  |

# Annexure 4-M

| Browser |  |
|---------|---------|

# EXHIBIT B

| | |
|---|---|
| **From:** | Laurenzi, Robert |
| **To:** | "Max Straus" |
| **Cc:** | "bpalapura@potteranderson.com"; Peterman, Chad; "dmoore@potteranderson.com"; Marek, Michelle; Marshall, Mindy; "rhorwitz@potteranderson.com"; Unikel, Robert; "sobyrne@potteranderson.com"; Brenda Adimora; Burton DeWitt; Charla Clements; Emi Lawson; "eormerod@skjlaw.com"; John Lahad; Kemper Diehl; Kristi Davis; "nbelgam@skjlaw.com"; Richard Wojtczak; Seth Ard |
| **Subject:** | RE: Arendi/Motorola - Expert Report of Dr. Rinard |
| **Date:** | Wednesday, November 11, 2020 3:47:26 PM |

EXTERNAL Email

Max,

We do not agree with your positions but welcome the opportunity to meet and confer.

Due to prior commitments we are not available at the days/times you proposed but are available any time on Monday between noon  and 1:30 ET and after 3:30 ET.  Please send an invite if either of those time slots work.

Thanks,
Rob

---

**PAUL HASTINGS**

**Robert Laurenzi**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6026 | Main: +1.212.318.6000 | Fax: +1.212.303.7026 | email: robertlaurenzi@paulhastings.com | www.paulhastings.com

---

**From:** Max Straus [mailto:MStraus@susmangodfrey.com]
**Sent:** Tuesday, November 10, 2020 9:39 PM
**To:** Laurenzi, Robert
**Cc:** 'bpalapura@potteranderson.com'; Peterman, Chad; 'dmoore@potteranderson.com'; Marek, Michelle; Marshall, Mindy; 'rhorwitz@potteranderson.com'; Unikel, Robert; 'sobyrne@potteranderson.com'; Brenda Adimora; Burton DeWitt; Charla Clements; Emi Lawson; 'eormerod@skjlaw.com'; John Lahad; Kemper Diehl; Kristi Davis; 'nbelgam@skjlaw.com'; Richard Wojtczak; Seth Ard
**Subject:** [EXT] Re: Arendi/Motorola - Expert Report of Dr. Rinard

Rob,

Please let us know your availability to meet and confer, along with Delaware counsel, on Thursday before 11, noon to 1, or after 4 pm ET; or Friday 11-1 or 2-4 pm ET. While I hope that we are able to work out a resolution when we speak, I am compelled to note a number of incorrect statements in your reply email.

*"Motorola Apps"*

With respect to the first paragraph of your reply, my email accurately stated Arendi's request. ████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████

Your subsequent characterization of communications in this case is incorrect. First, there are no "Accused Apps" in

the Motorola case. In contrast to the Google litigation in which individual apps are among the accused instrumentalities, Arendi has accused Motorola *devices* of infringing the '843 Patent. Arendi has consistently corrected Motorola's attempts to redefine its action on the lines you do now. Second, your email suggests that Arendi's infringement contentions from 2013 were withdrawn. That assertion is incorrect, as your colleagues have previously recognized. *E.g.*, Email from Counsel for Motorola to Counsel for Arendi, dated March 8, 2019 ("During today's call, you confirmed that the asserted claims listed in Arendi's cover letter to its supplemental initial claim charts are being asserted *in addition to* any claims that previously were asserted against Google and/or Motorola in 2013."); Email from Counsel for Motorola to Counsel for Arendi, dated April 15, 2019. And even your present email recognizes that the 2013 contentions "included Motorola Apps."

Third, you are incorrect that the 2019 contentions were limited to what you term "Google GMS apps." Not only is that assertion inaccurate in its disregard for the extensive written description that accompanied what we long ago explained were exemplary screenshots, but we are particularly troubled by Motorola's renewed threat and attempt to renege on the agreement concerning infringement contentions that the parties reached in March and April 2019. That agreement resolved the very disagreement that you seek to resuscitate. Email from Counsel for Motorola to Counsel for Arendi, dated April 15, 2019 ("In order to resolve our further disagreements concerning Arendi's infringement contentions/charts, Google and Motorola proposed, and you agreed to, the following:  Arendi will provide additional infringement charts (for each asserted patent claim and claim element) that will detail Arendi's infringement contentions with respect to four apps/programs – (i) Gmail, (ii) Google Docs, (iii) Google Messages, and (iv) Google Chrome – each running on (i) a device running a version of either Android 6 or 7 (e.g., Android 7.1), and (ii) a device running Apple iOS version 8, 9 or 10 (to the extent that such an operational iOS device can be found using reasonable efforts)."); *see also* Email from Counsel for Motorola to Counsel for Arendi, dated March 8, 2019 ("Notwithstanding our disagreement, we agreed to seek and discuss a possible compromise solution, in which Google and Motorola might specify a group of combinations of accused devices, operating systems, and accused apps/programs from specific date ranges that Arendi would chart."); Email from Counsel for Arendi to Counsel for Motorola, dated May 7, 2019 (serving agreed-upon supplemental claim charts).

Furthermore, Motorola's assertion that only "Google GMS apps" were at issue in this litigation is at odds 

Fourth, you write that "Arendi made no demand for documents concerning specific Motorola Apps, Arendi made no demand for source code for specific Motorola Apps, and Arendi took no depositions concerning the operation of any specific Motorola Apps. The entirety of the parties discussions, and Arendi's discovery effort, concerning the 'Accused Apps' was focused on the Google GMS apps." This is false. My colleagues and I had repeated conversations regarding these topics with both Rob Unikel and Michelle Marek, and I cited follow-up correspondence in my last email that referenced these disputes. *See also* Request for Production No. 138, dated May 2, 2019 (requesting "[s]ource code . . . for all operating systems, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) preinstalled on any Accused Product"). We were told that source code was not available and did not exist, and we were told that Motorola could not produce deponents to testify about the workings of application source code to which it lacked access. In fact, as recently as July 28, 2020, ███████████████████████████████████████ ████████████████. Contrary to your assertions, Motorola repeatedly and consistently took the position that there *were no Motorola apps*, and that Motorola only installed relevant apps from Google on its devices.

Finally, Arendi's request that Motorola identify the computer programs installed on its accused products to which it has had access to source code and the computer programs developed by Motorola is made necessary by the admissions in Dr. Rinard's report.

*"Google GMS Apps"*

You suggest that Arendi has "failed to subpoena" source code for the "Google GMS Apps"; however, neither Arendi nor its experts have sought to rely on that code in order to establish that Motorola's Accused Products infringed. Dr. Smedley has established a firm basis for his opinion that those products practice the Asserted Claims without having to resort to Google code.

In contrast, it is Motorola and its expert that have introduced Google source code. The Google and Motorola lawsuits are two *separate cases*. Even now, neither Motorola nor Dr. Rinard have produced the code allegedly considered by Dr. Rinard in forming his opinion in the Motorola case. Not one line of Google GMS code has been produced. Likewise, Dr. Rinard has not submitted any analysis of Motorola devices corresponding to ¶296, nor has Motorola produced the devices that he claims to have examined. In short, Motorola and its expert are relying on evidence from a distinct case that they refuse to produce in this one.

Motorola's assertion that Dr. Rinard is simply relying on "his knowledge [of] those apps' operations—knowledge obtained through his own experience"— rings hollow.  Dr. Rinard cites to productions of proprietary source code from the Google case. And indeed, the Protective Order precludes Dr. Smedley and Arendi from even responding to Dr. Rinard's analysis. (As Dr. Rinard acknowledges, he was himself precluded from including his analysis of Google source code in the Motorola case.)  Arendi cannot permit Motorola to maintain its asymmetric position on access to source code.

Sincerely,
Max

**Max Straus | Susman Godfrey LLP**

1301 Avenue of the Americas, 32nd Floor | NY, NY 10019
(212) 729-2048 (office) | (610) 213-6194 (mobile)

---

**From:** "Laurenzi, Robert" <robertlaurenzi@paulhastings.com>
**Date:** Friday, November 6, 2020 at 5:42 PM
**To:** Max Straus <MStraus@susmangodfrey.com>
**Cc:** "'bpalapura@potteranderson.com'" <bpalapura@potteranderson.com>, "Peterman, Chad" <chadpeterman@paulhastings.com>, "'dmoore@potteranderson.com'" <dmoore@potteranderson.com>, "Marek, Michelle" <michellemarek@paulhastings.com>, "Marshall, Mindy" <mindymarshall@paulhastings.com>, "'rhorwitz@potteranderson.com'" <rhorwitz@potteranderson.com>, "Unikel, Robert" <robertunikel@paulhastings.com>, "'sobyrne@potteranderson.com'" <sobyrne@potteranderson.com>, Brenda Adimora <BAdimora@susmangodfrey.com>, Burton DeWitt <BDeWitt@susmangodfrey.com>, Charla Clements <CClements@susmangodfrey.com>, Emi Lawson <ELawson@susmangodfrey.com>, "'eormerod@skjlaw.com'" <eormerod@skjlaw.com>, John Lahad <jlahad@SusmanGodfrey.com>, Kemper Diehl <KDiehl@susmangodfrey.com>, Kristi Davis <KDavis@susmangodfrey.com>, Max Straus <MStraus@susmangodfrey.com>, "'nbelgam@skjlaw.com'" <nbelgam@skjlaw.com>, Richard Wojtczak <rwojtczak@susmangodfrey.com>, Seth Ard <sard@susmangodfrey.com>
**Subject:** RE: Arendi/Motorola - Expert Report of Dr. Rinard

EXTERNAL Email

Max,

I write in response to your email below.

"Motorola Apps" (Motorola Email, Motorola Calendar, Motorola Messaging, Motorola Messages)

Your email begins by stating: "First, please confirm that Motorola will withdraw all sections of Dr. Rinard's report concerning the content of source code for Motorola computer programs, the extent of Dr. Smedley's analysis of that source code, and proposed alterations to that source code. Please also confirm that Motorola will not rely on source code for Motorola's apps at trial."  This far-reaching demand appears at odds with the remainder of your email seeking specific targeted relief concerning the "Motorola apps."  Please confirm that you are not seeking to preclude Dr. Rinard from presenting opinions of non-infringement based on his review of ████████████████████████████ ████████████████████████████████████████████████████████████████████████

Separately, we understand your email to demand that Dr. Rinard withdraw portions of his expert report concerning five specific topics that relate to source code for the Motorola Apps, i.e., apps that were created by Motorola.  (See bullet point list in your email).  The apparent basis for this demand is your assumption that we/Motorola somehow were referring to Motorola Apps (i.e., apps created by Motorola) at the time when we/Motorola represented in 2019 that Motorola had no source code for the "Accused Apps."  Your assumption is demonstrably incorrect.  In fact, it was and is clear that at all times since this case restarted, and since Arendi served its November 16, 2018 Amended Disclosure of Supplemental Accused Products (and its related 2019 operative infringement contentions) for the restarted case, Motorola has understood that Arendi only has been and is accusing infringement based on the operation of specific accused Google Apps on specific accused Motorola devices. Though Arendi served infringement contentions in 2013 that included Motorola Apps, the contentions Arendi served in 2019 did not. The 2019 infringement contentions did not specifically accuse or chart any Motorola Apps, and the parties operated thereafter on the clear assumption that Motorola Apps were no longer accused in the case.  The very emails and interrogatory responses you cite (exchanged after receipt of Arendi's 2019 infringement contentions) make clear that the parties— and Defendants, in particular—were referring to the "Accused Apps" as only the specific Google GMS apps identified and charted with particularity in the 2019 infringement contentions because those are the apps████████████████ ██████████████████████ as is repeatedly stated in the emails and discovery responses. Of course, Motorola did not take the position, and would not have taken the position, that it had no source code for Motorola Apps; if we/Motorola believed that the "Accused Apps" referred to in the emails included Motorola Apps ██████████████ ████████████████████████████████████ We/Motorola would not have repeatedly stated that Motorola did not have access to the source code for the apps.  Thus, as you are undoubtedly aware, every representation made by Motorola stating that Motorola did not, and does not, have source code for the "Accused Apps" was made with the understanding that the Accused Apps included only Google GMS apps and did not include Motorola Apps (given their absence from the 2019 contentions and from Arendi's November 16, 2018 Amended Disclosure of Supplemental Accused Products).  Tellingly, Arendi's conduct confirmed that it, too, understood only Google GMS apps to be accused in the Motorola case.  For example, after the case restarted, Arendi made no demand for documents concerning specific Motorola Apps, Arendi made no demand for source code for specific Motorola Apps, and Arendi took no depositions concerning the operation of any specific Motorola Apps. The entirety of the parties discussions, and Arendi's discovery effort, concerning the "Accused Apps" was focused on the Google GMS apps.  Arendi cannot try to now expand the range of accused apps, and cannot try now to prevent Dr. Rinard from noting and commenting on the fact that Dr. Smedley failed properly to review any materials specifically related to or constituting the Motorola Apps (which were not and are not properly accused).

In fact, because Arendi no longer properly accused Motorola Apps in this case after the case was restarted, and because Motorola Apps were not sufficiently included in Arendi's November 16, 2018 Amended Disclosure of Supplemental Accused Products or charted in the operative 2019 infringement contentions, Dr. Smedley's inclusion of Motorola Apps in his expert report was and is improper.  While Motorola has not yet sought to strike Dr. Smedley's improper infringement opinions concerning the Motorola Apps, it certainly reserves the right to do so.  If Arendi persists with its unreasonable and unsupportable demand that Dr. Rinard withdraw his discussions and

analysis relating to the source code for the Motorola Apps (and Dr. Smedley's failure to review or consider appropriate materials relating to those Motorola Apps), Motorola will have no choice but to move to strike all of Dr. Smedley's opinions relating to infringement by the Motorola Apps.

Finally, Arendi's new demand that Motorola identify i) the computer programs preinstalled on its accused products to which it has had access to source code, and ii) the preinstalled computer programs developed in whole or part by Motorola or its agents, are non-starters.  Fact discovery closed nearly a year ago.  If Arendi wanted the now requested material, it should have pursued that material during the long fact discovery period.  Arendi cannot make up for its own lack of diligence with untimely demands in the middle of expert discovery.

"Google GMS Apps" (Gmail, Google Contacts, Chrome)

Your email next complains about Dr. Rinard's incorporation in his Motorola report of portions of his Google non-infringement report. But, Dr. Rinard unquestionably is entitled to opine on the details of the accused Google GMS Apps, operating on accused Motorola devices, based on his knowledge those apps' operations—knowledge obtained through his own experience as well as publicly available information relevant to the apps, the Android Framework, and the accused functionalities (Linkify, Smart Text Selection, etc.).  For whatever reason, Arendi elected to forego discovery of the Google GMS apps in the Motorola litigation, which leaves Arendi (and Dr. Smedley) unable to carry their burden of proving infringement by the alleged operation of the accused Google GMS apps on accused Motorola devices.  But, the mere fact that Arendi failed to subpoena in the Motorola case the Google documents, code and/or testimony that would be needed to prove infringement by the accused Google GMS apps (if such infringement even occurred, which it has not), does not preclude Dr. Rinard from offering his non-infringement opinions in response to Dr. Smedley. Moreover, if Arendi is permitted to persist with its infringement claim against Motorola based on the operation of Google GMS Apps on certain accused Motorola devices, notwithstanding Arendi's and Dr. Smedley's inability to cite to any source code showing the actual steps involved in the operation of those Google Apps on Motorola devices, then Dr. Rinard should be permitted to use his own knowledge of the Google Apps source code to rebut Dr. Smedley's unsupportable speculations.

██████████████████████████████████████████
██████████████████████████████████████ But, as an expert witness, Dr. Rinard is entitled to use any publicly available materials, including devices, to demonstrate and explain relevant concepts and information to the jury. Arendi is, of course, free to question Dr. Rinard about the relevance of his demonstrations and explanations involving the Google devices and about the validity of his conclusions; and the jury can then decide for itself whether to credit Dr. Rinard's testimony. Arendi has no basis to prevent Dr. Rinard from considering and making those demonstrations, however.

Regards,
Rob

---



**Robert Laurenzi**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6026
| Main: +1.212.318.6000 | Fax: +1.212.303.7026 | email:
robertlaurenzi@paulhastings.com | www.paulhastings.com

**From:** Max Straus <MStraus@susmangodfrey.com>
**Date:** November 2, 2020 at 10:11:21 PM CST
**To:** bpalapura@potteranderson.com, "Peterman, Chad" <chadpeterman@paulhastings.com>,
dmoore@potteranderson.com, "Marek, Michelle" <michellemarek@paulhastings.com>, "Marshall, Mindy"
<mindymarshall@paulhastings.com>, rhorwitz@potteranderson.com, "Unikel, Robert"

<robertunikel@paulhastings.com>, sobyrne@potteranderson.com
**Cc:** Brenda Adimora <BAdimora@susmangodfrey.com>, Burton DeWitt <BDeWitt@susmangodfrey.com>,
Charla Clements <CClements@susmangodfrey.com>, Emi Lawson <elawson@susmangodfrey.com>,
eormerod@skjlaw.com, John Lahad <jlahad@susmangodfrey.com>, Kemper Diehl
<KDiehl@susmangodfrey.com>, Kristi Davis <KDavis@susmangodfrey.com>, Max Straus
<MStraus@susmangodfrey.com>, nbelgam@skjlaw.com, Richard Wojtczak
<rwojtczak@susmangodfrey.com>, Seth Ard <sard@susmangodfrey.com>
**Subject: [EXT] Arendi/Motorola - Expert Report of Dr. Rinard**

Counsel,
Dr. Rinard's expert report in the Motorola case is inconsistent with Motorola's written and oral representations to
Arendi, and it makes improper use of material from Arendi's distinct lawsuit against Google. We ask that you
withdraw those portions of Dr. Rinard's report and confirm that Motorola will not adopt such positions at trial.

First, please confirm that Motorola will withdraw all sections of Dr. Rinard's report concerning the content of source
code for Motorola computer programs, the extent of Dr. Smedley's analysis of that source code, and proposed
alterations to that source code. Please also confirm that Motorola will not rely on source code for Motorola's apps at
trial. Dr. Rinard's repeated discussion of application source code conflicts with Motorola's representations
throughout discovery that it received the computer programs at issue in this case in binary form and did not have
source code for relevant computer programs. *E.g.*, Email from Motorola counsel to Arendi counsel, dated October
18, 2019 ("[A]s previously indicated, Motorola has no source code for the accused applications"); Email from
Motorola counsel to Arendi counsel, dated September 25, 2019 ("As Motorola does not possess source code for the
Accused Applications, no application source code can be, or has been, produced by Motorola."); Email from
Motorola counsel to Arendi counsel, dated August 29, 2019 ("Motorola does not have source code for any of the
accused apps.  Motorola only receives binaries for the accused apps which are then loaded onto the devices.");
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████ That
representation was reiterated as recently as July 28, when we met and conferred regarding the availability of source
code for Dr. Smedley's expert report.██████████████████████████████████████
█████████████████████████████████████

- █████████████████████████████████████████████
- █████████████████████████████████████████████
  ████████████████████████████████████████████████
  ███████
- █████████████████████████████████████████████
  ████████████████████████████████████
  ████████████████████
- ██████████████████████████████████████
- █████████████████████████████████████████████

In addition to withdrawing those sections of Dr. Rinard's report that conflict with Motorola's representations, we ask
that Motorola identify i) the computer programs preinstalled on its accused products to which it has had access to
source code, and ii) the preinstalled computer programs developed in whole or part by Motorola or its agents.
Arendi reserves the right to seek additional discovery.
Second, Dr. Rinard's report purports to incorporate sections of his Google report and to rely on material that was
produced only in the Google case. Please confirm that you will withdraw those sections of Dr. Rinard's report and will

not seek to rely on Google source code at trial. As you know, Motorola has repeatedly insisted that it is not privy to Google's confidential information, including source code, and that Google's code was unavailable for production in its case. In light of that position and the restrictions imposed by the Protective Order, Dr. Smedley has not relied on Google's source code in the Motorola action, and Arendi objects to Motorola's asymmetric attempt to do so. Relatedly, please confirm that Motorola will withdraw the portion of Dr. Rinard's report (see ¶296) purporting to rely on devices and analysis from the Google case and reserving the right to rely on material and analyses not produced or disclosed in the Motorola action. Please also confirm that Motorola will not seek to rely on such evidence at trial. We request a response by close of business on November 4. If Motorola does not agree to Arendi's requests, please let us know when you are available to meet and confer on Tuesday after 2pm ET, Wednesday after 3:30 pm ET, or Friday except for 1-2pm ET.

Thank you.
Max

**Max Straus | Susman Godfrey LLP**

1301 Avenue of the Americas, 32nd Floor | NY, NY 10019

(212) 729-2048 (office) | (610) 213-6194 (mobile)

**************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collect on, privacy and security principles please cl ck HERE. If you have any quest ons, please contact Privacy@paulhastings.com.

**************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collect on, privacy and security principles please cl ck HERE. If you have any quest ons, please contact Privacy@paulhastings.com.

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARENDI S.A.R.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-1601-LPS |
| | ) |
| MOTOROLA MOBILITY LLC | ) |
| f/k/a MOTOROLA MOBILITY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Plaintiff's Supplemental Initial Claim Charts**

Plaintiff Arendi S.A.R.L. ("Arendi") provides its Supplemental Initial Claim Charts in accordance with the Court's October 23, 2018 Scheduling Order. These Supplemental Initial Claim Charts are in addition to and supplement Arendi's initial claim charts served in December 2013 and do not replace Arendi's prior initial claim charts, which remain effective as infringement contentions by Arendi against the products identified in those charts, and are incorporated by reference.

Fact discovery has just begun following the lifting of the stay, and Arendi continues to review Defendant's technical document production. Accordingly, Arendi reserves the right to supplement or alter its initial claim charts in response to any information produced by Defendant or other material located or produced during discovery.

Arendi's claim charts contain information identifying where each element of each claim is found in Defendant's accused devices, products, and instrumentalities ("Accused Products"), including for each element that is governed by 35 U.S.C. §112(6), the structure(s) in the Accused Products that perform the claimed function.  In making these contentions, Arendi has received limited discovery from Defendant regarding the infringing methods and systems and has not had

access to the source code of the accused methods and systems. Arendi has, however, researched available information, including (1) Defendant's websites, (2) publicly available information published by Defendant regarding the Accused Products, and (3) exemplary accused devices acquired in the public domain.

Based on available information obtained to date, Arendi alleges that Defendant has infringed and continue to infringe the following claims ("Asserted Claims") of the following patents:

| Patents | Claims |
|---------|--------|
| 7,917,843 | 1, 8, 23, 30 |
| 8,306,993 | 1, 2, 5, 8, 9, 13, 16, 17, 21, 24 |

Based on available information obtained to date, Arendi identifies as Accused Products the instrumentalities set forth in its operative Disclosure of Accused Products, and any other devices, products, and instrumentalities that contain the same or substantially similar information handling functionality. The claim charts describe in text the full possible scope of the Accused Products' infringement and, in the screenshots and captions, highlight certain functionality of exemplary Accused Products ("Exemplary Product(s)"). Unless otherwise noted, the Accused Products infringe in the same manner or substantially the same manner as the Exemplary Product(s). The depiction, discussion, or reliance on specific programs and applications should not be viewed as exclusive or to suggest that other preinstalled programs and applications that function in the same manner or substantially the same manner do not likewise infringe. Unless otherwise noted, any Defendant-specific or "custom" programs and applications preinstalled on the Accused Products in addition to or in lieu of any default or operating-system-based programs or applications that function in the same manner or substantially the same manner likewise

infringe. Similarly, any default, OS-based, or device-agnostic programs or applications preinstalled on the Accused Products (in addition to or in lieu of Defendant-specific or "custom" programs and application) that function in the same manner or substantially the same manner likewise infringe.

Further, the description of, discussion of or reliance on a certain version of the various programs, applications, and operating systems should not be construed as limiting infringement to that version. Based on Arendi's investigation and upon information and belief, Accused Devices running various versions of such software infringe the asserted claims in the same or substantially the same manner.

Arendi reserves the right to modify, amend, or supplement these initial claim charts as discovery continues and upon receipt of representative devices from Defendant

Dated: February 13, 2019
*Of Counsel:*

Stephen D. Susman
John P. Lahad
Susman Godfrey LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002
P 713-478-6444
Email: ssusman@susmangodfrey.com
Email: jlahad@susmangodfrey.com

Seth Ard
Max I. Straus
Susman Godfrey LLP
1301 Avenue of the Americas
32nd Floor
New York, NY 10019-6023
P 212-471-8354
Email: sard@susmangodfrey.com
Email: mstraus@susmangodfrey.com

SMITH, KATZENSTEIN &
JENKINS, LLP

*/s/Eve H. Ormerod*
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE  19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Plaintiff Arendi S.A.R.L.*

# EXHIBIT D

| | |
|---|---|
| **From:** | John Lahad |
| **To:** | Unikel, Robert |
| **Cc:** | Marek, Michelle; Max Straus; Eve Ormerod; Neal C. Belgam; Richard A. Wojtczak; Seth Ard; Steve Susman; Moore, David E.; Palapura, Bindu A.; Lind, Matt |
| **Subject:** | RE: Arendi v. Google/Motorola - Follow-up from 4/3 Meet and Confer |
| **Date:** | Tuesday, April 16, 2019 10:40:03 PM |

Rob:

Your email is generally correct. To be clear, the 2013 charts refer to the products described in those charts (i.e., the OS's released at that time as opposed only to specific handsets released at that time). For example, if any Motorola devices running Android 4.x were released after we served the Android 4.x charts, they are covered under the original Android 4.x charts. Obviously, the Android 4.x charts don't extend to new phones running Android 9.x, which are instead covered by the 2019 charts.

As I mentioned, those four apps on Android 6 or 7 should not present an issue. It may be a different story with respect to the iOS devices. We will endeavor to provide charts by the end of the month but it may bleed into May.

And yes, this compromise should not be construed as any kind of agreement or admission that any of the prior infringement contentions are deficient in any way, do not provide sufficient notice, or do not comply with any applicable patent local rules or standards. And as you say, this compromise does not work to prejudice any of Arendi's other infringement allegations against Google or Motorola.

Thank you for your cooperation and candor.
Best,
John

JOHN P. LAHAD
SUSMAN GODFREY LLP
713-653-7859 (OFFICE)
713-725-3557 (MOBILE)
CLICK HERE FOR BIO

-----Original Message-----
From: Unikel, Robert <robertunikel@paulhastings.com>
Sent: Monday, April 15, 2019 4:49 PM
To: John Lahad <jlahad@SusmanGodfrey.com>
Cc: Marek, Michelle <michellemarek@paulhastings.com>; Max Straus <MStraus@susmangodfrey.com>; Eve Ormerod <eho@skjlaw.com>; Neal C. Belgam <NCB@skjlaw.com>; Richard A. Wojtczak <rwojtczak@susmangodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Steve Susman <SSusman@SusmanGodfrey.com>; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>; Lind, Matt <mattlind@paulhastings.com>
Subject: RE: Arendi v. Google/Motorola - Follow-up from 4/3 Meet and Confer

John,

Thanks for getting back to me.  I just wanted to confirm a few details about our recent discussions (of April 3, April 10 and today) and our agreement to resolve our disputes concerning Arendi's infringement contentions served to date.

Initially, in our prior conversations, you confirmed that the initial infringement charts and contentions that Arendi served upon Google and Motorola (on December 6, 2013), apply only to those products and services that existed at the time those initial contentions were served.  You indicated that Arendi is not attempting to assert those initial charts or contentions against products and services that released after December 2013.  In addition, you confirmed that Arendi's supplemental infringement charts (those served on February 13, 2019) apply only to devices running Android OS versions 5.x and later (and not to devices running Android versions 1-4).

In order to resolve our further disagreements concerning Arendi's infringement contentions/charts, Google and Motorola proposed, and you agreed to, the following:  Arendi will provide additional infringement charts (for each asserted patent claim and claim element) that will detail Arendi's infringement contentions with respect to four apps/programs – (i) Gmail, (ii) Google Docs, (iii) Google Messages, and (iv) Google Chrome – each running on (i) a device running a version of either Android 6 or 7 (e.g., Android 7.1), and (ii) a device running Apple iOS version 8, 9 or 10 (to the extent that such an operational iOS device can be found using reasonable efforts)

Arendi should provide the additional infringement charts to Google and Motorola no later than April 30, 2019.

In making and agreeing to this proposal, neither Google nor Motorola concedes that the February 13, 2019 supplemental initial claim charts are otherwise adequate or sufficient pursuant to the requirements of the District of Delaware local rules or under the governing case law.  For example, we continue to note that with Arendi's February 13, 2019 supplemental initial claim charts, no screenshots for specific apps (and/or for many device/app/OS combinations) were provided with respect to many claim elements.  However, in order to avoid unnecessary motion practice and resolve our present disagreement, we are willing to accept the additional charts referenced above, provided that the additional charts are complete and include the requisite level of detail and explanation. It remains Arendi's obligation ultimately to prove that every accused product or service (including every accused combination of device, app/program and operating system) actually practices each and every element of any asserted patent claim.

We understand that in agreeing to provide the additional charts referenced above, you and Arendi are not conceding that your earlier contentions are deficient or inadequate in any way; and you are not forfeiting, waiving or withdrawing any of your infringement claims against Google or against Motorola.

Please let me know if any of the foregoing is incorrect or incomplete.

Rob

---

Robert Unikel | Partner
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 | Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131 | robertunikel@paulhastings.com | www.paulhastings.com

-----Original Message-----
From: Unikel, Robert
Sent: Monday, April 15, 2019 3:56 PM
To: 'John Lahad'
Cc: Marek, Michelle; 'Max Straus'; 'Eve Ormerod'; 'Neal C. Belgam'; 'Richard A. Wojtczak'; 'Seth Ard'; 'Steve Susman'; 'Moore, David E.'; 'Palapura, Bindu A.'; Lind, Matt
Subject: RE: [EXT] RE: Arendi v. Google/Motorola - Follow-up from 4/3 Meet and Confer

John (or anyone from the Arendi team),
I would appreciate a response.  We have tried, and are trying, very hard  to be reasonable and avoid motion practice; but we cannot wait much longer to involve the Court to address our concerns about the infringement contentions.

Thank you,
Rob

---

Robert Unikel | Partner
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 | Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131 | robertunikel@paulhastings.com | www.paulhastings.com


-----Original Message-----
From: Unikel, Robert
Sent: Monday, April 15, 2019 10:20 AM
To: John Lahad
Cc: Marek, Michelle; Max Straus; Eve Ormerod; Neal C. Belgam; Richard A. Wojtczak; Seth Ard; Steve Susman; Moore, David E.; Palapura, Bindu A.; Lind, Matt
Subject: RE: [EXT] RE: Arendi v. Google/Motorola - Follow-up from 4/3 Meet and Confer

John,
Would you please advise before 3:00 CT today whether we have agreement on Google's and Motorola's proposed further compromise to resolve the ongoing dispute concerning Arendi's infringement contentions?  Claim construction proceedings are upon us, and if we do not have an agreement on the contentions, we will have to raise the contentions issues with the Court in very short order.
Thanks,
Rob

---

Robert Unikel | Partner
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 | Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131 | robertunikel@paulhastings.com | www.paulhastings.com


-----Original Message-----
From: Unikel, Robert
Sent: Monday, April 8, 2019 6:06 PM
To: John Lahad
Cc: Marek, Michelle; Max Straus; Eve Ormerod; Neal C. Belgam; Richard A. Wojtczak; Seth Ard; Steve Susman; Moore, David E.; Palapura, Bindu A.; Lind, Matt
Subject: Re: [EXT] RE: Arendi v. Google/Motorola - Follow-up from 4/3 Meet and Confer

John,
Could you make 4:00 or 4:30 CT work tomorrow?
Rob

On Apr 8, 2019, at 5:08 PM, John Lahad <jlahad@susmangodfrey.com> wrote:

Can you do 11 am central?

JOHN P. LAHAD
SUSMAN GODFREY LLP
713-653-7859 (OFFICE)
713-725-3557 (MOBILE)
CLICK HERE FOR BIO


-----Original Message-----
From: Unikel, Robert <robertunikel@paulhastings.com>

Sent: Monday, April 8, 2019 4:56 PM
To: John Lahad <jlahad@SusmanGodfrey.com>
Cc: Marek, Michelle <michellemarek@paulhastings.com>; Max Straus <MStraus@susmangodfrey.com>; Eve Ormerod <eho@skjlaw.com>; Neal C. Belgam <NCB@skjlaw.com>; Richard A. Wojtczak <rwojtczak@susmangodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Steve Susman <SSusman@SusmanGodfrey.com>; Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>; Lind, Matt <mattlind@paulhastings.com>
Subject: Re: Arendi v. Google/Motorola - Follow-up from 4/3 Meet and Confer

Would 10:00 CT work?

On Apr 8, 2019, at 4:42 PM, John Lahad <jlahad@susmangodfrey.com<[mailto:jlahad@susmangodfrey.com](mailto:jlahad@susmangodfrey.com)>> wrote:

Rob:
I have a proposal for you. When are you free tomorrow to discuss?
Thanks,
John

John P. Lahad
Susman Godfrey LLP
713-653-7859 (office)
713-725-3557 (mobile)
Click Here<[http://www.susmangodfrey.com/Attorneys/John-P-Lahad/#Pane1](http://www.susmangodfrey.com/Attorneys/John-P-Lahad/#Pane1)> For Bio

From: Marek, Michelle <michellemarek@paulhastings.com<[mailto:michellemarek@paulhastings.com](mailto:michellemarek@paulhastings.com)>>
Sent: Friday, April 5, 2019 3:07 PM
To: John Lahad <jlahad@SusmanGodfrey.com<[mailto:jlahad@SusmanGodfrey.com](mailto:jlahad@SusmanGodfrey.com)>>; Max Straus <MStraus@susmangodfrey.com<[mailto:MStraus@susmangodfrey.com](mailto:MStraus@susmangodfrey.com)>>; Eve Ormerod <eho@skjlaw.com<[mailto:eho@skjlaw.com](mailto:eho@skjlaw.com)>>; Neal C. Belgam <NCB@skjlaw.com<[mailto:NCB@skjlaw.com](mailto:NCB@skjlaw.com)>>; Richard A. Wojtczak <rwojtczak@susmangodfrey.com<[mailto:rwojtczak@susmangodfrey.com](mailto:rwojtczak@susmangodfrey.com)>>; Seth Ard <sard@susmangodfrey.com<[mailto:sard@susmangodfrey.com](mailto:sard@susmangodfrey.com)>>; Steve Susman <SSusman@SusmanGodfrey.com<[mailto:SSusman@SusmanGodfrey.com](mailto:SSusman@SusmanGodfrey.com)>>
Cc: Moore, David E. <dmoore@potteranderson.com<[mailto:dmoore@potteranderson.com](mailto:dmoore@potteranderson.com)>>; Palapura, Bindu A. <bpalapura@potteranderson.com<[mailto:bpalapura@potteranderson.com](mailto:bpalapura@potteranderson.com)>>; Unikel, Robert <robertunikel@paulhastings.com<[mailto:robertunikel@paulhastings.com](mailto:robertunikel@paulhastings.com)>>; Lind, Matt <mattlind@paulhastings.com<[mailto:mattlind@paulhastings.com](mailto:mattlind@paulhastings.com)>>
Subject: Arendi v. Google/Motorola - Follow-up from 4/3 Meet and Confer

Counsel,

We are following up on our meet-and-confer this past Wednesday, April 3rd and on our March 20th letter (attached).  Given the nearing deadlines relating to claim construction-Exchange of Claim Terms (April 17) and Exchange of Proposed Constructions (May 8), it is of utmost importance that we receive clarity regarding Arendi's infringement positions.  During our April 3rd call, you had stated that you would offer a proposal for modifying Arendi's February 13, 2019 supplemental initial claim charts.  We ask that this proposal be sent by no later than 12 pm CT on Monday, April 8 so that there is adequate time to both consider the proposal and resolve Arendi's deficient supplemental infringement contentions before the claim construction deadlines.  If you are unable to send a proposal by the April 8th deadline, our local counsel will begin the process of requesting a discovery conference with Judge Stark in order to resolve this issue.

Regards,

Michelle Marek Figueiredo

---

[Paul Hastings LLP]<http://www.paulhastings.com/>

Michelle Marek Figueiredo | Associate
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 | Direct: +1.312.499.6034 | Main: +1.312.499.6000 | Fax: +1.312.499.6134 |
michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com> |
www.paulhastings.com<http://www.paulhastings.com>

From: John Lahad <jlahad@SusmanGodfrey.com<mailto:jlahad@SusmanGodfrey.com>>
Sent: Monday, April 1, 2019 1:25 PM
To: Unikel, Robert <robertunikel@paulhastings.com<mailto:robertunikel@paulhastings.com>>; Marek, Michelle <michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com>>
Cc: Max Straus <MStraus@susmangodfrey.com<mailto:MStraus@susmangodfrey.com>>; Eve H. Ormerod <eho@skjlaw.com<mailto:eho@skjlaw.com>>; Neal Belgam <nbelgam@skjlaw.com<mailto:nbelgam@skjlaw.com>>; Moore, David E. <dmoore@potteranderson.com<mailto:dmoore@potteranderson.com>>; Palapura, Bindu A. <bpalapura@potteranderson.com<mailto:bpalapura@potteranderson.com>>; Richard A. Wojtczak <rwojtczak@susmangodfrey.com<mailto:rwojtczak@susmangodfrey.com>>; Seth Ard <sard@susmangodfrey.com<mailto:sard@susmangodfrey.com>>; Steve Susman <SSusman@SusmanGodfrey.com<mailto:SSusman@SusmanGodfrey.com>>
Subject: [EXT] RE: Summary of Today's Meet-and-Confer Discussion

Rob,
How about 1pm central on Weds?
Thanks

John P. Lahad
Susman Godfrey LLP
713-653-7859 (office)
713-725-3557 (mobile)
Click Here<http://www.susmangodfrey.com/Attorneys/John-P-Lahad/#Pane1> For Bio

From: Unikel, Robert <robertunikel@paulhastings.com<mailto:robertunikel@paulhastings.com>>
Sent: Monday, April 1, 2019 8:43 AM
To: John Lahad <jlahad@SusmanGodfrey.com<mailto:jlahad@SusmanGodfrey.com>>; Marek, Michelle <michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com>>
Cc: Max Straus <MStraus@susmangodfrey.com<mailto:MStraus@susmangodfrey.com>>; Eve H. Ormerod <eho@skjlaw.com<mailto:eho@skjlaw.com>>; Neal Belgam <nbelgam@skjlaw.com<mailto:nbelgam@skjlaw.com>>; Moore, David E. <dmoore@potteranderson.com<mailto:dmoore@potteranderson.com>>; Palapura, Bindu A. <bpalapura@potteranderson.com<mailto:bpalapura@potteranderson.com>>; Richard A. Wojtczak <rwojtczak@susmangodfrey.com<mailto:rwojtczak@susmangodfrey.com>>; Seth Ard <sard@susmangodfrey.com<mailto:sard@susmangodfrey.com>>; Steve Susman <SSusman@SusmanGodfrey.com<mailto:SSusman@SusmanGodfrey.com>>
Subject: RE: Summary of Today's Meet-and-Confer Discussion

Counsel,
We can be available tomorrow (Tuesday) from 1:30 - 3:30 CT, or on Wednesday from 9:00 - 1:30 CT, to discuss the

infringement contention issues.  Please let us know if there is any time on those windows that would work for your team.

Thanks,
Rob

_____

<image001.gif><http://www.paulhastings.com/>

Robert Unikel | Partner
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 | Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131 | robertunikel@paulhastings.com<mailto:robertunikel@paulhastings.com> | www.paulhastings.com<http://www.paulhastings.com>

From: John Lahad [mailto:jlahad@SusmanGodfrey.com]
Sent: Thursday, March 28, 2019 9:50 AM
To: Marek, Michelle
Cc: Max Straus; Eve H. Ormerod; Neal Belgam; Moore, David E.; Palapura, Bindu A.; Richard A. Wojtczak; Seth Ard; Steve Susman; Unikel, Robert
Subject: [EXT] RE: Summary of Today's Meet-and-Confer Discussion

Counsel:
We should discuss. These alleged "compromise proposals" are hardly that. As to the table of asserted claims, please see below.

Google
Patent

Claims

'843

1, 8, 13, 15, 17, 18, 19, 23, 30

'993

1, 2, 5, 8, 9, 13, 16, 17, 21, 24

'854

13, 15, 31, 50, 53, 56, 79, 93, 98, 101

'356

2, 11, 19

Motorola
Patent

Claims

'843

1, 8, 23, 30

'993

1, 5, 8, 9, 13, 16, 17, 18, 21, 24

Thank you.

John P. Lahad
Susman Godfrey LLP
713-653-7859 (office)
713-725-3557 (mobile)
Click Here<http://www.susmangodfrey.com/Attorneys/John-P-Lahad/#Pane1> For Bio

From: Marek, Michelle <michellemarek@paulhastings.com> <mailto:michellemarek@paulhastings.com>>
Sent: Wednesday, March 20, 2019 10:56 AM
To: John Lahad <jlahad@SusmanGodfrey.com> <mailto:jlahad@SusmanGodfrey.com>>
Cc: Max Straus <MStraus@susmangodfrey.com> <mailto:MStraus@susmangodfrey.com>>; Eve H. Ormerod
<eho@skjlaw.com> <mailto:eho@skjlaw.com>>; Neal Belgam
<nbelgam@skjlaw.com> <mailto:nbelgam@skjlaw.com>>; Moore, David E.
<dmoore@potteranderson.com> <mailto:dmoore@potteranderson.com>>; Palapura, Bindu A.
<bpalapura@potteranderson.com> <mailto:bpalapura@potteranderson.com>>; Richard A. Wojtczak
<rwojtczak@susmangodfrey.com> <mailto:rwojtczak@susmangodfrey.com>>; Seth Ard
<sard@susmangodfrey.com> <mailto:sard@susmangodfrey.com>>; Steve Susman
<SSusman@SusmanGodfrey.com> <mailto:SSusman@SusmanGodfrey.com>>; Unikel, Robert
<robertunikel@paulhastings.com> <mailto:robertunikel@paulhastings.com>>
Subject: RE: Summary of Today's Meet-and-Confer Discussion

Counsel,

Attached, please find correspondence from Google and Motorola.

Regards,

Michelle Marek Figueiredo

---

[Paul Hastings LLP]<http://www.paulhastings.com/>

Michelle Marek Figueiredo | Associate
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 | Direct: +1.312.499.6034 | Main:
+1.312.499.6000 | Fax: +1.312.499.6134 |
michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com> |
www.paulhastings.com<http://www.paulhastings.com>

From: John Lahad <jlahad@SusmanGodfrey.com<mailto:jlahad@SusmanGodfrey.com>>
Sent: Friday, March 8, 2019 11:25 PM
To: Unikel, Robert <robertunikel@paulhastings.com<mailto:robertunikel@paulhastings.com>>
Cc: Max Straus <MStraus@susmangodfrey.com<mailto:MStraus@susmangodfrey.com>>; Eve H. Ormerod
<eho@skjlaw.com<mailto:eho@skjlaw.com>>; Marek, Michelle
<michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com>>; Neal Belgam
<nbelgam@skjlaw.com<mailto:nbelgam@skjlaw.com>>; Marek, Michelle
<michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com>>; Moore, David E.
<dmoore@potteranderson.com<mailto:dmoore@potteranderson.com>>; Palapura, Bindu A.
<bpalapura@potteranderson.com<mailto:bpalapura@potteranderson.com>>; Richard A. Wojtczak
<rwojtczak@susmangodfrey.com<mailto:rwojtczak@susmangodfrey.com>>; Seth Ard
<sard@susmangodfrey.com<mailto:sard@susmangodfrey.com>>; Steve Susman
<SSusman@SusmanGodfrey.com<mailto:SSusman@SusmanGodfrey.com>>
Subject: [EXT] RE: Summary of Today's Meet-and-Confer Discussion

Rob,
Thanks for your time today. This is generally right, but I think there is a disconnect as to the last two paragraphs. I
agreed to look at the 843 chart re the Explore functionality and follow up with you. That is all I agreed to do at this
point.

As to Google's and Motorola's production of documents, you said additional documents were forthcoming. You did
not say and I did not understand that the additional document productions would be conditioned on when "it
becomes clear what particular app/program/device functionalities are being accused." You clearly have an idea of
what is being accused at least as to the representative products/functionality we've charted. You can provide core
technical documents as to those devices and that functionality. And it would be just as easy to produce similar
documents for prior versions of same.

Happy to discuss this further. Have a pleasant weekend.
Thank you.

John P. Lahad
Susman Godfrey LLP
713-653-7859 (office)
713-725-3557 (mobile)
Click Here<http://www.susmangodfrey.com/Attorneys/John-P-Lahad/#Pane1> For Bio


From: Unikel, Robert <robertunikel@paulhastings.com<mailto:robertunikel@paulhastings.com>>
Sent: Friday, March 8, 2019 5:20 PM
To: John Lahad <jlahad@SusmanGodfrey.com<mailto:jlahad@SusmanGodfrey.com>>
Cc: Max Straus <MStraus@susmangodfrey.com<mailto:MStraus@susmangodfrey.com>>; Eve H. Ormerod
<eho@skjlaw.com<mailto:eho@skjlaw.com>>; Neal Belgam
<nbelgam@skjlaw.com<mailto:nbelgam@skjlaw.com>>; Marek, Michelle
<michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com>>; Moore, David E.
<dmoore@potteranderson.com<mailto:dmoore@potteranderson.com>>; Palapura, Bindu A.
<bpalapura@potteranderson.com<mailto:bpalapura@potteranderson.com>>
Subject: Summary of Today's Meet-and-Confer Discussion

John et al.,
Thank you for taking the time to speak with us this morning to discuss the issues raised in Google's and Motorola's
February 28, 2019 letters regarding Arendi's supplemental initial claim charts.  This email serves as a summary of
our March 8, 2019 meet and confer.

During today's call, you confirmed that the asserted claims listed in Arendi's cover letter to its supplemental initial
claim charts are being asserted in addition to any claims that previously were asserted against Google and/or
Motorola in 2013.  To provide clarity, and to prevent any future misunderstandings, you agreed to provide a

complete list of all of the claims that Arendi currently is asserting against Google and Motorola.

In regards to claims 1 and 12 of the '356 patent, which were found to be unpatentable in IPR2014-00450, you stated that these claims were included in the list of asserted claims due to a clerical error and that Arendi would not be pursuing claims 1 and 12 of the '356 patent against Google.

In regards to the '854 patent, which is being asserted against Google, you confirmed that you currently are pursuing claims 13, 15, 31, 50, 53, 56 79, and 101 despite the fact that in the institution decisions in IPR2014-00206 and IPR2016-00207, the PTAB expressly concluded that the means-plus-function elements of these claims lacked sufficient disclosure of corresponding structures. However, you agreed to reexamine the institution decisions, and the PTAB's findings concerning insufficient disclosure, and to consider further whether Arendi would continue to assert claims 13, 15, 31, 50, 53, 56 79, and 101 going forward.

In discussing Google's and Motorola's overarching concern regarding the contentions' lack of clarity as to the particular apps/programs being accused of infringement in connection with every accused device (we mentioned, e.g., our uncertainty as to whether apps like Facebook and Facebook Messenger were being accused as used on the accused devices), you confirmed that for the accused Google and Motorola devices, Arendi is only accusing devices based on use of those applications that were preinstalled on the Google and/or Motorola devices at the time those devices were delivered to users; you confirmed that you are not accusing devices based on the use of apps that were not preinstalled on the Google and/or Motorola devices.

With regard to our discussion of the supplementation and clarification of Arendi's exemplary initial claim charts, you indicated that Arendi is not willing to provide individual claim charts for every accused combination of device, operating system, and application/program. We informed you that Arendi is obligated to do so under the Delaware Rules (as explained and applied in the Personal Audio decision). Notwithstanding our disagreement, we agreed to seek and discuss a possible compromise solution, in which Google and Motorola might specify a group of combinations of accused devices, operating systems, and accused apps/programs from specific date ranges that Arendi would chart. Assuming that the range of combinations charted is sufficiently broad and diverse, and that the charts provided are sufficiently specific and detailed, such approach might address Google's and Motorola's concerns. We are attempting to formulate a proposal to resolve our dispute and will send that proposal to you as soon as we are able. To be clear, however, unless and until an adequate compromise is reached, Google and Motorola continue to object to Arendi's contentions, as served, and reserve all rights to seek appropriate relief concerning the identified issues with those contentions.

With regard to the contentions provided to Motorola, we pointed out that many of the charts include screen shots of non-Motorola apps/programs being run on non-Motorola devices, which is inappropriate. You agreed to provide revised charts that properly reference combinations that utilize only accused Motorola devices.

Finally, Google and Motorola confirmed that their document production is ongoing and will be supplemented as it becomes clear what particular app/program/device functionalities are being accused.

Please let me know if anything I have stated is incorrect.

Best regards,
Rob Unikel

---

<image001.gif><http://www.paulhastings.com/>

Robert Unikel | Partner
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 | Direct: +1.312.499.6030 | Main:
+1.312.499.6000 | Fax: +1.312.499.6131 | robertunikel@paulhastings.com<mailto:robertunikel@paulhastings.com>
| www.paulhastings.com<http://www.paulhastings.com>

*********************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE<https://www.paulhastings.com/global-privacy-statement>. If you have any questions, please contact Privacy@paulhastings.com<mailto:privacy@paulhastings.com>.


*********************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE<https://www.paulhastings.com/global-privacy-statement>. If you have any questions, please contact Privacy@paulhastings.com<mailto:privacy@paulhastings.com>.


*********************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE<https://www.paulhastings.com/global-privacy-statement>. If you have any questions, please contact Privacy@paulhastings.com<mailto:privacy@paulhastings.com>.


*********************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE<https://www.paulhastings.com/global-privacy-statement>. If you have any questions, please contact Privacy@paulhastings.com<mailto:privacy@paulhastings.com>.


*********************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address.  For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# EXHIBIT E

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| 1(a) | 1. A computer-implemented method for finding data related to the contents of a document using a first computer program running on a computer, the method comprising: | To the extent this preamble is considered limiting, the Accused Products perform a computer-implemented method for finding data related to the contents of a document using a first computer program running on a computer. The Accused Products incorporating Android OS versions 5.x and later, including the products identified in Plaintiff's operative disclosure of accused products, perform the claimed method. Accused Products running previous versions of the Android operating system likewise infringe these claims, as set forth in Arendi's prior claim charts, incorporated herein by reference.<br><br>The Accused Products perform a computer-implemented method for finding data related to the contents of a document using a first computer program,[1] such as a document used by or within preinstalled web browser(s), email program(s), text, SMS or instant messaging program(s), calendar, contacts or task program(s), slides program(s), spreadsheet program(s), or text editor(s).[2] |

---

[1] The use of "program" is not limiting, and refers to any computer software, application, or executable capable of performing the claimed step.

[2] The screenshots herein are provided to further explain Arendi's infringement theory but are exemplary and not limiting. The absence of a screenshot, if any, should not be construed as any kind of disclaimer of any infringement by similar or substantially similar functionality.

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|---|---|
| | *Specifications for Exemplary Accused Product*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Programs preinstalled on the Exemplary Accused Product*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |
| | | *See also screenshots and captions for element 1(b) for a list of programs preinstalled on the Exemplary Accused Product.* |
| 1(b) | displaying the document electronically using the first computer program; | The Accused Products display the document electronically using the first computer program. For example:<br><br>•  The Accused Products' text, SMS, and instant messaging program(s) display the |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | text, SMS, or instant message.<br>• The Accused Products' email program(s) display the email.<br>• The Accused Products' web browser(s) display the web page.<br>• The Accused Products' calendar and task program(s) display the calendar item and/or task list item.<br>• The Accused Products' contacts program(s) display the contact entry.<br>• The Accused Products' text editor program(s) display the text document.<br>• The Accused Products' slides program(s) display the slides document.<br>• The Accused Products' spreadsheet program(s) displays the spreadsheet document.<br><br>These are examples. The Accused Products may display, using other first computer programs, certain documents not listed above. Such functionality likewise infringes this claim element. |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | <br>*Messages displaying the text, SMS or instant message* |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-----------------------------------|
|  | <br>*Gmail App displaying the email* |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  *Google Chrome App displaying the webpage* |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | <br>*Google Chrome App*<br>*displaying the webpage* |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | 

*Google Calendar App displaying the calendar item[3]* |

---

[3] The type of calendar item referred to in Google Calendar App as a "Reminder" has the same infringing functionality as the species of calendar item depicted herein.

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|---|---|
| | <br><br>*Google Task App displaying the task list item* |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-------------------------------------|
|       |   *Google Docs App displaying the text document*     *Google Sheets App displaying the spreadsheet document* |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  *Google Slides App displaying the slides document*   *Google Contacts App displaying the contact entry* |
| 1(c) | while the document is being displayed, analyzing, in a computer process, first information from the document to determine if the first | The Accused Products perform this claimed step. The Accused Products analyze in a computer process, while the document is being displayed, first information from the document to determine if the first information is at least one of a plurality of types of information that can be searched for in order to find second information related to the |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|---|---|
| information is at least one of a plurality of types of information that can be searched for in order to find second information related to the first information; | first information.<br><br>For example, telephone numbers, addresses, email addresses, flight numbers, or date/day & time information in a text message, SMS message, instant message, email, web page, calendar item, task list item, contact entry, slides document, spreadsheet document, or text document are analyzed to determine that they are at least one of a plurality of types of information that can be searched for in order to find second information related to the first information. For example, the telephone number can be used to find the name of a person or entity related to that telephone number. |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing email address in a text, SMS or instant message and determining that it can be used to find second information*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing phone number in a text, SMS or instant message and determining that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|---|---|
| | *Analyzing phone number in a webpage and determining that it can be used to find second information*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing address in a webpage and determining that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing email address in a webpage and determining that it can be used to find second information*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing phone number in a calendar item to determine that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-------------------------------------|
| |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing email address in a calendar item and determining that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-------------------------------------|
|       | *Analyzing address in a calendar item to determine that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|---|---|
| | *Analyzing phone number in a task list item (in Google Tasks App) and determining that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing email in a task list item (in Google Tasks App) and determining that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing address in a task list item (in Google Tasks App) and determining that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing phone number in an email (in Gmail) and determining that it can be used to find second information*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing an address in an email (in Gmail) and determining that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-------------------------------------|
|       | *Analyzing phone number in a text document and determining that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-------------------------------------|
| |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

|  | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
|  |  | *Analyzing email address in a text document and determining that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-------------------------------------|
|       | *Analyzing an address in a text document and determining that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing phone number in a spreadsheet document and determining that it can be used to find second information*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-------------------------------------|
| |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|---|---|
| | *Analyzing email address in a spreadsheet document and determining that it can be used to find second information*<br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|---|---|
| |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|---|---|
| | *Analyzing an address in a spreadsheet document and determining that it can be used to find second information*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing email address in a slides document and determining that it can be used to find second information*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|---|---|
| |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing phone number in a contact entry and determining that it can be used to find second information*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-------------------------------------|
|  |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Analyzing email address in a contact entry and determining that it can be used to find second information* <br><br>  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-------------------------------------|
| |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|---|---|
| | *Analyzing address in a contact entry and determining that it can be used to find second information*  |
| 1(d) retrieving the first information; | The Accused Products retrieve the first information. For example, the Accused Products retrieve telephone numbers, addresses, email addresses, flight numbers or date/day & |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | time from the text message, SMS message, instant message, email, web page, calendar item, task list item, contact entry, slides document, spreadsheet document, or text document.<br><br>*See screenshots for claim 1(c), which illustrate retrieval of phone numbers, addresses and email address in each program.* |
| 1(e) | providing an input device, configured by the first computer program, that allows a user to enter a user command to initiate an operation, | The Accused Products provide an input device, configured by the first computer program, that allows a user to enter a user command to initiate an operation. For example, the Accused Products provide, among other input mechanisms, touchscreens, keyboards, styluses, wired or wireless accessories and/or hyperlinks that allow a user to enter a user command to initiate an operation. As used herein, an input device includes all means for allowing a user to enter a command to initiate an operation. For example:<br><br>• The Accused Products' text, SMS, and instant messaging program(s) allow a user to tap[4] highlighted, underlined, or hyperlinked text or menu item to initiate an operation such as starting a search and displaying results, dialing a voice call, creating/editing/sending a text, SMS, or instant message, creating/editing/sending an email, finding/displaying a map location and/or related location information, creating/editing a calendar item, displaying flight status information and plotting at least a portion of that information, or creating/editing a contacts entry.<br><br>• The Accused Products' email program(s) allow a user to tap highlighted, underlined, or hyperlinked text or menu item to initiate an operation such as starting a search and displaying results, dialing a voice call, creating/editing/sending a text, SMS, or instant message, |

[4] The Accused Products provide various means for users to enter user commands, including, but not limited to, through one or more taps, touches, selections and/or clicks of various degrees of intensity, pressure and/or duration and/or by utilizing one or more (sub)menus and/or by using wired or wirelessly connected accessories. The use of the word "tap," here and hereinafter, is not limiting and is intended to cover any of the ways for users to enter commands.

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | creating/editing/sending an email, finding/displaying a map location and/or related location information, creating/editing a calendar item, displaying flight status information and plotting at least a portion of that information, or creating/editing a contacts entry.<br><br>• The Accused Products' web browser(s) allow a user to tap highlighted, underlined, or hyperlinked text or menu item to initiate an operation such as starting a search and displaying results, dialing a voice call, creating/editing/sending a text, SMS, or instant message, creating/editing/sending an email, finding/displaying a map location and/or related location information, creating/editing a calendar item, displaying flight status information and plotting at least a portion of that information, or creating/editing a contacts entry.<br><br>• The Accused Products' calendar program(s) allow a user to tap highlighted, underlined, or hyperlinked text or menu item to initiate an operation such as starting a search and displaying results, dialing a voice call, creating/editing/sending a text, SMS, or instant message, creating/editing/sending an email, finding/displaying a map location and/or related location information, creating/editing a calendar item, displaying flight status information and plotting at least a portion of that information, or creating/editing a contacts entry.<br><br>• The Accused Products' task program(s) allow a user to tap highlighted, underlined, or hyperlinked text or menu item to initiate an operation such as starting a search and displaying results, dialing a voice call, creating/editing/sending a text, SMS, or instant message, creating/editing/sending an email, finding/displaying a map location and/or related location information, creating/editing a calendar item, displaying flight status information and plotting at least a portion of that information, or |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | creating/editing a contacts entry.<br><br>• The Accused Products' contacts program(s) allow a user to tap highlighted, underlined, or hyperlinked text or menu item to initiate an operation such as starting a search and displaying results, dialing a voice call, creating/editing/sending a text, SMS, or instant message, creating/editing/sending an email, finding/displaying a map location and/or related location information, creating/editing a calendar item, displaying flight status information and plotting at least a portion of that information, or creating/editing a contacts entry.<br><br>• The Accused Products' text editor program(s) allow a user to tap highlighted, underlined, or hyperlinked text or menu item to initiate an operation such as starting a search and displaying results, dialing a voice call, creating/editing/sending a text, SMS, or instant message, creating/editing/sending an email, finding/displaying a map location and/or related location information, creating/editing a calendar item, displaying flight status information and plotting at least a portion of that information, creating/editing a contacts entry.<br><br>• The Accused Products' slides program(s) allow a user to tap highlighted, underlined, or hyperlinked text or menu item to initiate an operation such as starting a search and displaying results, dialing a voice call, creating/editing/sending a text, SMS, or instant message, creating/editing/sending an email, creating/editing a calendar item or creating/editing a contacts entry.<br><br>• The Accused Products' spreadsheet program(s) allow a user to tap highlighted, underlined, or hyperlinked text or menu item to initiate an operation such as starting a search and displaying results, dialing a voice call, |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | creating/editing/sending a text, SMS, or instant message, creating/editing/sending an email, finding/displaying a map location and/or related location information, creating/editing a calendar item, displaying flight status information and plotting at least a portion of that information, or creating/editing a contacts entry.<br><br>*See screenshots for element 1(c), which illustrate the Accused Products' various programs allowing a user to tap highlighted, underlined, or hyperlinked text or menu item to initiate an operation. See screenshots for element 1(f), which illustrate such an operation to include starting a search and displaying results, dialing a voice call, creating/editing/sending a text, SMS or instant message, creating/editing/sending an email, and/or finding/displaying a map location and/or related location information.* |
| 1(f) | the operation comprising (i) performing a search using at least part of the first information as a search term in order to find the second information, of a specific type or types, associated with the search term in an information source external to the document, wherein the specific type or types of second information is dependent at least in part on the type or types of the first information, and | The Accused Products perform this claimed step. Among other operations initiated by a user command, the Accused Products perform a search using at least part of the first information as a search term in order to find the second information of a specific type or types, associated with the search term in an information source external to the document, wherein the specific type or types of second information is dependent at least in part on the type or types of the first information.<br><br>For example, if the Accused Products determine that the first information is a telephone number, it uses the number (or a portion thereof) as a search term in order to find the second information, such as a name and/or type of number and/or image (e.g., home or business), that is associated with the number in the contacts information source. By way of further example:<br><br>• If the Accused Products determine that the first information is an email address, it uses the email address (or a portion thereof) as a search term in order to find second information, such as the name and/or image, that is associated with the email address in the contacts information source. |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | <ul><li>If the Accused Products determine that the first information is a physical address, it uses the address (or a portion thereof) as a search term in order to find second information, such as the location on a map and/or related location information that is associated with the address in the map information source.</li><li>If the Accused Products determine that the first information is a physical address, it uses the address (or a portion thereof) as a search term in order to find second information, such as the name and/or type of address (e.g., home or work), that is associated with the address in the contacts information source.</li><li>If the Accused Products determine that the first information is a date/day & time, it uses the date/day & time (or a portion thereof) as a search term in order to find second information, such as a scheduled event, that is associated with the date/day & time in the calendar information source.</li><li>If the Accused Products determine that the first information is a flight number, it uses the date/day & time (or a portion thereof) as a search term in order to find second information, such as flight status information, that is associated with the flight number in the flight information source.</li></ul>In the foregoing examples, the specific type or types of second information, *e.g.*, a name, is dependent at least in part on the type or types of first information, *e.g.*, telephone number or email address.<br><br>*See screenshots for element 1(c), which show the Accused Products determining the first information to be a phone number, email address, or address.* |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Using phone number (or a portion thereof) as a search term to find associated name, type of number and/or image in Contacts information source*[5]<br><br> |

---

[5] Although examples are provided for the phone number (713) 555-7890, functionality is comparable for other phone numbers identified in the screenshots in element 1(c). The analogous is true for other types of first and second information.

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Using phone number (or a portion thereof) as a search term to find associated name and/or image in Contacts information source*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Using email address (or a portion thereof) as a search term to find associated name and/or image in Contacts information source*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Using address (or a portion thereof) as a search term to find associated location on a map and/or related location information in Maps information source*<br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Using address (or a portion thereof) as a search term to find associated name and/or type of address information in Contacts information source*  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Contacts information source as displayed through Contacts app*<br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-------------------------------------|
|       |                 |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Maps information source as displayed through Google Maps*<br> |
| 1(g) | (ii) performing an action using at least part of the second information; | The Accused Products perform an action using at least part of the second information. For example:<br><br>• The Accused Products can retrieve from the contacts information source and display the name and/or type of number (e.g., home or business) and/or image that is associated with the telephone number in the Accused Products' dialer program(s) and initiate a call to the telephone number using the Accused Products' dialer program(s). |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | <ul><li>The Accused Products can retrieve from the contacts information source and display the name and/or image that is associated with the telephone number in the Accused Products' text, SMS or instant messaging program(s) and initiate drafting a text, SMS or instant message to the telephone number using the Accused Products' text, SMS or instant messaging program.</li><li>The Accused Products can initiate drafting an email message in which it places the name of the individual or entity associated with the email address in the To: field of the email in the Accused Products' email program(s).</li><li>The Accused Products can initiate displaying a map and retrieving and displaying on the map a location and/or related location information associated with the physical address in the Accused Products' mapping program(s). The Accused Products can further initiate retrieving and displaying on the map a name and/or type of address (e.g., home, work, etc.) associated with the physical address in the Accused Products' mapping program(s).</li><li>The Accused Products can display a scheduled event and/or schedule (or suggest scheduling) a new event associated with the date/day & time in the Accused Products' calendar program(s).</li><li>The Accused Products can initiate retrieving flight status information associated with the flight number and initiate communicating the flight status in the flight status program.</li></ul>*See screenshots for element 1(f), which illustrate the Accused Products' performing the first four actions described above.* |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

|  | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| 1(h) | in consequence of receipt by the first computer program of the user command from the input device, causing a search for the search term in the information source, using a second computer program, in order to find second information related to the search term; and | The Accused Products perform this claimed step. The Accused Products, in response to receiving by the first computer program a command, cause a search for the search term in the information source, using a second computer program to find the second information related to the search term. <br><br> The Accused Products provide, among other input mechanisms, touchscreens, keyboards, styluses, wired or wireless accessories and/or hyperlinks,[6] that allow a user to enter a user command to initiate an operation that causes a search for the search term in the information source, e.g., the contacts, map or calendar information source. Once that user command is received, the Accused Products cause a search using a second program or application such as a dialer program, email program, mapping program, calendar program, contacts program, and flight status program in order to find the second information, such as the name, location on a map, related location information, flight status information, or scheduled event that is related to the first information, *e.g.*, telephone number, email address, physical address, flight number and date/day & time. <br><br> By way of further example, in response to receiving a user command to dial a telephone number found in a text message, SMS message, instant message, email, web page, calendar item, task list item, slides document, spreadsheet document, or text document displayed within the Accused Products' web browser(s), email program(s), text, SMS or instant messaging programs(s), calendar or task program(s), slides program(s), spreadsheet program(s), or text editor(s), the Accused Products cause a search for second information using at least a portion of the telephone number in a second computer program, such as a dialer or contacts program, in order to find the name or names of the individual or entity or entities and/or the type of the phone number and/or image associated with the telephone number. <br><br> Similarly, in response to receiving a user command to draft a text, SMS or instant |

---

[6] See 1(e) for more on possible input mechanisms applicable to this paragraph and subsequent paragraphs of this section.

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | message to a telephone number found in a text message, SMS message, instant message, email, web page, calendar item, task list item, slides document, spreadsheet document, or text document displayed within the Accused Products' web browser(s), email program(s), text, SMS or instant messaging programs(s), calendar or task program(s), slides program(s), spreadsheet program(s), or text editor(s), the Accused Products cause a search for second information using at least a portion of the telephone number in a second computer program, such as a text, SMS or instant messaging program or contacts program, in order to find the name and/or image associated with the telephone number. <br><br> Similarly, in response to receiving a user command to send an email to an email address found in a text message, SMS message, instant message, email, web page, calendar item, task list item, slides document, spreadsheet document, or text document displayed within the Accused Products' web browser(s), email program(s), text, SMS or instant messaging program(s), calendar or task program(s), slides program(s), spreadsheet program(s), or text editor(s), the Accused Products cause a search for second information using at least a portion of the email address in a second computer program, such as a contacts program or text, SMS or instant messaging program, in order to find the name or names of the individual or entity and/or image associated with the email address. <br><br> Similarly, in response to receiving a user command to display the location of a physical address found in a text message, SMS message, instant message, email, web page, calendar item, task list item, contact entry, slides document, spreadsheet document, or text document displayed within the Accused Products' web browser(s), email program(s), text, SMS or instant messaging program(s), calendar, contacts or task program(s), slides program(s), spreadsheet program(s), or text editor(s), the Accused Products cause a search for second information using at least a portion of the physical address in a second computer program, such as a mapping program, in order to find a location or related location information associated with the physical address. The |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | Accused Products cause a further search for second information using at least a portion of the physical address in a second computer program, such as a contacts or mapping program, in order to find a name and/or type of address (e.g., home, work, etc.) associated with the physical address. <br><br> Similarly, in response to receiving a user command to initiate scheduling of a calendar item at date/day & time or to display an event or events scheduled for the date/day & time found in a text message, SMS message, instant message, email, web page, task list item, slides document, or text document displayed within the Accused Products' web browser(s), email program(s), text, SMS or instant messaging program(s), task program(s), slides program(s), or text editor(s), the Accused Products cause a search for second information using at least a portion of the date/day & time in a second computer program, such as a calendar program, in order to find the scheduled events associated with the date/day & time. <br><br> Similarly, in response to receiving a user command to retrieve and display flight status information and plot at least a portion of that information for a flight number found in a text message, SMS message, instant message, email, web page, calendar item, task list item, contact entry, slides document, or text document displayed within the Accused Products' web browser(s), calendar program(s), email program(s), text, SMS or instant messaging program(s), task program(s), contacts program(s), slides program(s), or text editor(s), the Accused Products cause a search for second information using at least a portion of the flight number in a second computer program, such as a flight status program, in order to find the scheduled events associated with the flight number. <br><br> *See screenshots for claims 1(c) and 1(f) above, collectively depicting receipt of user commands and corresponding searches for related information by a second program.* |
| 1(i) | if   searching   finds   any   second | The action performed using at least part of the second information is of a type that |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | information related to the search term, performing the action using at least part of the second information, wherein the action is of a type depending at least in part on the type or types of the first information. | depends in part on the type or types of first information.<br><br>See claim 1(g) above. |
| | | |
| 8 | A method according to claim 1, further comprising, providing a prompt for updating the information source to include the first information. | The Accused Products provide a prompt for updating the information source to include the first information. The Accused Products provide the user with an option to add the first information, e.g., telephone number, email address, physical address, to the information source such as the contacts information source. |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Prompt for updating Contacts information source to include telephone number for a new contact. Although exemplary screenshots depict a telephone number in a text, SMS or instant message, substantially similar functionality is evidenced for a phone number in each of the documents and programs identified in element 1(b).*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|-------------------------------------|
| |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Prompt for updating Contacts information source to include telephone number as an update to an existing contact. Although exemplary screenshots depict a telephone number displayed in a text, SMS or instant message, substantially similar functionality is evidenced for a phone number in each of the documents and programs identified in element 1(b).*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| Claim | Exemplary Accused Product: Moto G6 |
|-------|------------------------------------|
| |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Prompt for updating Contacts information source to include address*<br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | | *Prompt for updating Maps information source to include address.*<br><br> |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | |  |
| | | |
| 23(a) | At least one non-transitory computer readable medium encoded with instructions which, when loaded on a computer, establish processes for finding data | To the extent this preamble is considered limiting, the Accused Products contain at least one non-transitory computer readable medium encoded with instructions which, when loaded on a computer, establish processes for finding data related to the contents of a document using a first computer program running on a computer. |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | related to the contents of a document using a first computer program running on a computer, the processes comprising: | See claim 1(a) above. |
| 23(b) | Displaying the document electronically using the first computer program; | See claim 1(b) above. |
| 23(c) | while the document is being displayed, analyzing, in a computer process, first information from the document to determine if the first information is at least one of a plurality of types of information that can be searched for in order to find second information related to the first information; | See claim 1(c) above. |
| 23(d) | retrieving the first information; | See claim 1(d) above. |
| 23(e) | providing an input device, configured by the first computer program, that allows a user to enter a user command to initiate an operation, | See claim 1(e) above. |
| 23(f) | the operation comprising (i) performing a search using at least part of the first information as a search term in order to find the second information, of a specific type or types, associated with the search term in an information | See claim 1(f) above. |

Exhibit A: Infringement of US Patent No. 7,917,843 by Motorola

| | Claim | Exemplary Accused Product: Moto G6 |
|---|---|---|
| | source external to the document, wherein the specific type or types of second information is dependent at least in part on the type or types of the first information, | |
| 23(g) | and (ii) performing an action using at least part of the second information; | See claim 1(g) above. |
| 23(h) | in consequence of receipt by the first computer program of the user command from the input device, causing a search for the search term in the information source, using a second computer program, in order to find second information related to the search term; and | See claim 1(h) above. |
| 30 | At least one non-transitory computer readable medium according to claim 23, the instructions establishing processes comprising: providing a prompt for updating the information source to include the first information. | See claim 8 above. |

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARENDI S.A.R.L., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 12-1595-LPS |
| v. | ) |
| | ) |
| LG ELECTRONICS, INC., | ) |
| LG ELECTRONICS USA, INC. and | ) |
| LG ELECTRONICS MOBILECOMM U.S.A., | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |
| ARENDI S.A.R.L., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 12-1601-LPS |
| v. | ) |
| | ) |
| MOTOROLA MOBILITY LLC f/k/a | ) |
| MOTOROLA MOBILITY, INC., | ) |
| | ) |
| Defendant. | ) |
| ARENDI S.A.R.L., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 12-1602-LPS |
| v. | ) |
| | ) |
| SONY MOBILE COMMUNICATIONS (USA) | ) |
| INC. f/k/a SONY ERICSSON MOBILE | ) |
| COMMUNICATIONS (USA) INC., | ) |
| SONY CORPORATION and | ) |
| SONY CORPORATION OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S THIRD SET OF JOINT REQUESTS FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS "LG ELECTRONICS",
"MOTOROLA MOBILITY" AND "SONY MOBILE" (NOS. 100-138)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Arendi

S.A.R.L. ("Arendi") hereby submits its Third Set of Joint Requests for Production of

Documents to Defendants "LG ELECTRONICS", "MOTOROLA MOBILITY" AND "SONY

MOBILE". Arendi requests that Defendants produce and permit the inspection and copying of the documents and things described below, within 30 days after service of this request, to the attention of Richard A. Wojtczak at the offices of Susman Godfrey L.L.P., 1000 Louisiana Street, Suite 5100, Houston, TX  77002, or at any other such time and place as we may mutually agree upon.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to the document requests listed below:

1.      The term "Document" and "Documents" are used in their broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to, any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, and any computer-generated, computer-stored, or electronically-stored matter from which information can be obtained and translated, if necessary, into reasonably useable form.

2.      You are to produce all documents, as defined above, that are in the possession, control or custody of Defendants or in the possession, control or custody of any attorney for Defendants. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

3.      All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

4.      The term "Complaint" shall mean the complaint filed by Arendi in these actions against You and any subsequent amendments to that complaint.

5.      The term "Patents-In-Suit" refers to the patents identified in the complaint in Your action. When any patent is referred to herein, that reference is intended to include the application on which it issued, its entire prosecution history, and all foreign counterparts, including foreign applications and foreign prosecution histories.

6.      The term "Accused Products" refers to the products identified in Plaintiff's Amended Disclosure of Supplemental Accused Products and Asserted Patents served in Your action on November 16, 2018, as well as any products as may be identified in future amendments to that disclosure.

7.      The terms "sale," "sales," "sell" or "sold" shall include sales, licenses, leases, loans, consignments, distribution to resellers or others (including, but not limited to, to Your related and affiliated entities) and all other methods of product distribution whether direct or indirect, and whether the product is distributed singly or in combination with or as part of another product, and whether or not revenue was or will be received therefrom.

8.      The terms "make" or "made" shall mean the partial or complete manufacture, construction, fabrication, production, development, assembly, creation, programming, customization, writing, coding, adaptation, revision, editing, installation of software, program(s) and/or application(s), saving to a computer-readable medium and/or updating.

9.      "You," "Your," "Yours," or "Defendant" shall mean, unless otherwise specified in a particular request, the defendant answering this discovery request, any officer, director, official, employee, agent or representative of that party, and each person acting or authorized to act on behalf of that party.

3

10.     The use of singular form includes plural and vice versa.

11.     The use of present tense includes past tense and vice versa.

12.     The words "and," "or," and "and/or" shall be construed conjunctively or disjunctively, whichever maximizes the scope of each discovery request in which they are used.

13.     The words "any" and "all" shall be construed to mean "any and all." The words "each" and "every" shall be construed to mean "each and every."

14.     The word "including" and every variant thereof shall be construed to mean "including without limitation."

15.     The word "preinstalled" refers to software, programs and/or applications (including operating systems) that is a) loaded and/or installed on a device before that device is sold and/or offered for sale to an end user (but excluding the resale and/or offering for resale of a used device by an end user), b) loaded and/or installed on a device in a factory setting, c) present on a device at the time an end user (other than an end user who acquires ownership and/or possession of a used device from another end user) acquires ownership and/or possession of that device for the first time, and/or d) is automatically loaded and/or installed on a device when that device is first turned on and/or initialized and/or set  up and/or activated by an end user.

16.     The term "identify" and "identification," when used with respect to a person, means to state the person's name, current or last known employer and title, and current or last known work and home addresses and telephone numbers. "Identify," when used with respect to an instance, means to state the date of the instance and the identity of the parties involved, and to describe the circumstances surrounding and subject matter communicated as part of the instance. "Identify," when used with respect to a document, shall mean to state the type or

4

nature of the document (e.g., letter, memorandum, telegram, chart, laboratory report, etc.), the date of its preparation, the identity of the person(s) who prepared the document, the identity of person(s) who signed the document, the sender, the recipient(s) and addressee(s), a description of the subject matter and content, the name and address of any person having possession, custody, or control of the same or a true copy thereof, and all other means of identifying the document with sufficient particularity so as to satisfy the requirements for its inclusion in a demand or interrogatory for its production pursuant to Federal Rule of Civil Procedure 34.

17. "Infringe," "Infringing," and "Infringement" refer to direct infringement contributory infringement, inducement of infringement, literal infringement, and/or infringement under the doctrine of equivalents.

18. "Relate to," "Related to," "Relating to," or "Concerning" shall mean in whole or in part constituting, containing, embodying, reflecting, describing, involving, supporting, contradicting, evidencing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to. Produce all documents prepared, sent, or received, in whole or in part, during the time period described above.

19. The term "major version" refers to a distinct edition of a software title, in stable release form, and is used in contrast to a minor version, build, revision or patch, etc.

20. You are under a duty to supplement your response to this request for documents pursuant to Fed. R. Civ. P. 26(e).

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 100:

One or more Accused Products (with automatic updates disabled and with all software installed that is/was preinstalled on the Accused Product(s) as and/or when sold by You and/or offered

for sale by You and/or made by You and/or imported into the United States by You) that You hold to be representative of Your other Accused Products with respect to the functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts.

**REQUEST FOR PRODUCTION NO. 101:**

One of each Accused Product (with automatic updates disabled and with all software installed that is/was preinstalled on the Accused Product as and/or when sold by You and/or offered for sale by You and/or made by You and/or imported into the United States by You) not produced in response to the prior Request for Production. If an Accused Product was sold by You and/or offered for sale by You and/or made by You and/or imported into the United States by You with more than one major version of an operating system preinstalled, treat an Accused Product with each such version of the operating system as a distinct Accused Product for purposes of responding to this Request for Production.

**REQUEST FOR PRODUCTION NO. 102:**

One of each model of phone and/or tablet computer (with automatic updates disabled and with all software installed that is/was preinstalled on that model of phone or tablet computer as and/or when made by You, sold by You, offered for sale by You and/or imported into the United States by You) that You made, offered to sell and/or sold within the United States and/or that You imported into the United States since 2006 and not otherwise produced in response to the previous two Requests for Production.

**REQUEST FOR PRODUCTION NO. 103:**

To the extent that a laptop computer (also known as a notebook computer) or desktop computer is included among Your Accused Products, one of each model of laptop computer and desktop computer (with automatic updates disabled and with all software installed that is/was preinstalled on that model of laptop computer or desktop computer as and/or when made by You, sold by You, offered for sale by You, and/or imported into the United States by You) that You made, offered to sell and/or sold within the United States, and/or that You imported into the United States since 2006 and not otherwise produced in response to the previous three Requests for Production.

**REQUEST FOR PRODUCTION NO. 104:**

To the extent that a portable media player is included among Your Accused Products, one of each model of portable media player containing a touchscreen (with automatic updates disabled and with all software installed that is/was preinstalled on that model of portable media player as and/or when sold by You, offered for sale by You, made by You and/or imported into the United States by You) that You made, offered to sell and/or sold within the United States and/or that You imported into the United States since 2006 and not otherwise produced in response to the previous four Requests for Production.

**REQUEST FOR PRODUCTION NO. 105:**

Documents sufficient to identify each preinstalled program and/or application, including the version thereof, that was preinstalled on each Accused Product as and/or when made, used, sold

and/or offered for sale by You in the United States and/or imported by You into the United States.

**REQUEST FOR PRODUCTION NO. 106:**

To the extent an Accused Product contained more than one combination of preinstalled software programs or applications and/or versions of preinstalled software programs or applications as and/or when made, sold and/or offered for sale by You in the United States and/or imported by You into the United States, documents sufficient to show how many of that Accused Product contained each of the various preinstalled software programs and/or versions of preinstalled software programs and in what combination.

**REQUEST FOR PRODUCTION NO. 107:**

All documents related to the recognition (in whole or part) in an electronic document or recognition (in whole or part) in an electronic document and subsequent use (in whole or part) of telephone numbers; addresses; email addresses; dates, days and/or times; flight numbers and/or other identifiers for a trip made by a common carrier; tracking codes for shipments and/or couriers; and/or names in or by any program or application preinstalled on Your Accused Product(s).

**REQUEST FOR PRODUCTION NO. 108:**

All documents related to the cost of developing, acquiring and/or licensing any functionality referred to in the preceding Request for Production.

**<u>REQUEST FOR PRODUCTION NO. 109</u>:**

All documents related to the value to You of any functionality referred to in Request for Production No. 107 and/or described by Arendi's Initial Claim Charts and Supplemental Initial Claim Charts. For purposes of responding to this Request for Production, You should take "value to You" to mean a) Your willingness to pay for the development, acquisition and/or licensing of such functionality, b) Your expected or projected return on investment in such functionality, c) Your projected or actual revenues, profits or sales attributable to such functionality, d) any projected or actual loss in revenues, profits or sales attributable to the actual or contemplated absence of such functionality in any Accused Product, e) any valuation assigned by You to such functionality.

**<u>REQUEST FOR PRODUCTION NO. 110</u>:**

All documents comparing or contrasting the web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) preinstalled on any Accused Product with the analogous program(s) or application(s) developed by or for Google LLC (or any related entity thereof) and not customized for Your Accused Product(s)—insofar as that contrast or comparison relates to the functionality described in Request for Production No. 107 and/or Arendi's Initial Claim Charts and Supplemental Initial Claim Charts.

**<u>REQUEST FOR PRODUCTION NO. 111</u>:**

All documents related to the cost of developing and/or licensing any web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s);

calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) preinstalled on one or more Accused Product.

**REQUEST FOR PRODUCTION NO. 112:**

All documents related to the value to You of any web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) preinstalled on one or more Accused Products. For purposes of responding to this Request for Production, You should take "value to You" to mean a) Your willingness to pay for the development, acquisition and/or licensing of such program(s) or application(s), b) Your expected or projected return on investment in such program(s) or application(s), c) Your projected or actual revenues, profits or sales attributable to such program(s) or application(s), d) any projected or actual loss in revenues, profits or sales attributable to the actual or contemplated absence of such program(s) or application(s) from any Accused Product, e) any valuation assigned by You to such program(s) or application(s).

**REQUEST FOR PRODUCTION NO. 113:**

All documents related to Your right and/or obligation to sell and/or offer for sale any Accused Product with web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or

10

text editor program(s) or application(s) developed and/or owned by Google LLC (or any related entity thereof) preinstalled on the Accused Product.

**REQUEST FOR PRODUCTION NO. 114:**

All documents related to the use of Linkify in or by any program or application preinstalled on an Accused Product.

**REQUEST FOR PRODUCTION NO. 115:**

All documents related to the use of Smart Linkify in or by any program or application preinstalled on an Accused Product.

**REQUEST FOR PRODUCTION NO. 116:**

All documents related to the use of TextClassifier in or by any program or application preinstalled on an Accused Product.

**REQUEST FOR PRODUCTION NO. 117:**

All documents related to the promotion of TextClassifier, Linkify, or Smart Linkify by Google LLC (or any related entity thereof) for use in or by any program or application preinstalled on an Accused Product.

**REQUEST FOR PRODUCTION NO. 118:**

Documents sufficient to identify by model and quantity any phones or tablet computers that you sold abroad but made (in whole or part) in the United States.

**REQUEST FOR PRODUCTION NO. 119:**

Documents sufficient to identify by model and quantity any phones or tablet computers made, sold and/or offered for sale by You in or since 2006 with a preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) that was loaded onto or installed on that device in the United States.

**REQUEST FOR PRODUCTION NO. 120:**

Documents sufficient to identify by model and quantity any phones or tablet computers made, sold and/or offered for sale by You in or since 2006 with a preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) that was loaded onto or installed on that device from or using servers located in the United States.

**REQUEST FOR PRODUCTION NO. 121:**

Documents sufficient to identify by model and quantity any phones or tablet computers made, sold and/or offered for sale by You in or since 2006 with a preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s)

or application(s) that was automatically updated from within the United States and/or using servers located in the United States.

**REQUEST FOR PRODUCTION NO. 122:**

Documents sufficient to show the location where You took title to and/or possession of any Accused Products.

**REQUEST FOR PRODUCTION NO. 123:**

Documents sufficient to show transfer prices paid by You to any affiliated or related entity of Yours for any Accused Product and/or for each program or application preinstalled on any Accused Product.

**REQUEST FOR PRODUCTION NO. 124:**

Documents sufficient to show the location where any preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) was developed and/or customized for one or more Accused Product or any product line of Yours that includes one or more Accused Products.

**REQUEST FOR PRODUCTION NO. 125:**

Documents sufficient to identify the model and quantity of all phones and tablet computers made, sold and/or offered for sale by You in or since 2006 with a preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging

program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) that You developed and/or customized in the United States for one or more of those phones or tablets.

**REQUEST FOR PRODUCTION NO. 126:**

Documents sufficient to identify any phone or tablet computer that You sold and/or offered to sell abroad that utilized computer servers located in the United States in or since 2006 to provide functionality depicted and/or described in Arendi's Initial Claim Charts or Supplemental Initial Claim Charts.

**REQUEST FOR PRODUCTION NO. 127:**

Documents sufficient to show by model and quantity any sale, offer for sale, transshipment or export of an Accused Product from or through the United States to a foreign market in or since 2006.

**REQUEST FOR PRODUCTION NO. 128:**

All documents concerning advertising and/or marketing for an Accused Product in or directed toward consumers in the United States by You or any parent, subsidiary or related entity of Yours.

**REQUEST FOR PRODUCTION NO. 129:**

All documents concerning the actual, projected or intended effects of Your global or foreign advertising of any Accused Product on its sales in the United States.

**REQUEST FOR PRODUCTION NO. 130:**

All documents concerning the coordination between You and any affiliate, subsidiary, parent or related entity of Yours of any United States marketing campaign for any Accused Product with any global or foreign marketing campaign.

**REQUEST FOR PRODUCTION NO. 131:**

Documents sufficient to show any revenues or profits received by You in the United States from the sale abroad of any Accused Product.

**REQUEST FOR PRODUCTION NO. 132:**

All documents related to any decision not to include in, or to exclude from, any program or application preinstalled on any Accused Product(s) the capacity to recognize (in whole or part) in an electronic document or to recognize (in whole or part) in an electronic document and subsequently use (in whole or part) telephone numbers; addresses; email addresses; dates, days and/or times; flight numbers and/or other identifiers for a trip made by a common carrier; tracking codes for shipments and/or couriers; and/or names.

**REQUEST FOR PRODUCTION NO. 133:**

Documents sufficient to identify any type of information in an electronic document other than telephone numbers; addresses; email addresses; dates, days and/or times; flight numbers and/or other identifiers for a trip made by a common carrier; tracking codes for shipments and/or couriers; and/or names that any program or application preinstalled on any Accused Product(s) has the capacity to recognize and categorize as information of a specific type.

15

**REQUEST FOR PRODUCTION NO. 134:**

Documents sufficient to identify all products of Yours running any version of each program or application depicted in Arendi's Initial Claim Charts or Supplemental Initial Claim Charts or any annexures thereto.

**REQUEST FOR PRODUCTION NO. 135:**

All documents concerning any functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts.

**REQUEST FOR PRODUCTION NO. 136:**

All documents related to the cost of developing, acquiring and/or licensing any functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts.

**REQUEST FOR PRODUCTION NO. 137:**

Documents sufficient to identify each web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) that You have made, developed, adapted and/or customized, or branded as Yours (or that You contracted to have made, developed, adapted and/or customized for You) and that You have made available (whether for payment or gratis) to users of Your Accused Products to install or receive preinstalled on an Accused Product.

**REQUEST FOR PRODUCTION NO. 138:**

Source code (including program files, library files and compiling files) for all operating systems, web browser(s); email program(s) or application(s); text, SMS and/or instant

messaging program(s) or application(s); calendar and/or task list program(s) or application(s);

slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or

text editor program(s) or application(s) preinstalled on any Accused Product that relates to any

functionality depicted or described in Arendi's Initial Claim Charts or Supplemental Initial

Claim Charts.

Date: May 2, 2019                                SMITH, KATZENSTEIN & JENKINS, LLP

                                                 */s/  Eve H. Ormerod*
                                                 Neal C. Belgam (No. 2721)
                                                 Eve H. Ormerod (No. 5369)
                                                 1000 West Street, Suite 1501
                                                 Wilmington, DE 19801
                                                 Tel: (302) 652-8400
                                                 nbelgam@skjlaw.com
                                                 eormerod@skjlaw.com

OF COUNSEL:

Seth Ard (admitted *pro hac vice*)
Stephen Susman (admitted *pro hac vice*)
Max Straus (admitted *pro hac vice*)
SUSMAN GODFREY, L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: (212) 336-8330
sard@susmangodfrey.com
ssusman@susmangodfrey.com
mstraus@susmangodfrey.com

John Lahad (admitted *pro hac vice*)
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Tel: (713) 651-9366
jlahad@susmangodfrey.com

*Attorneys for Plaintiff Arendi S.A.R.L.*

17

# EXHIBIT G

| | |
|---|---|
| **From:** | Unikel_Robert |
| **To:** | Max Straus |
| **Cc:** | "bas@skjlaw.com"; "cormerod@skjlaw.com"; John Lahad; Kristi Davis; "nbelgam@skjlaw.com"; Richard A. Wojtczak; Seth Ard; Steve Susman; Kemper Diehl; Beatrice Franklin; Charla Clements; "bpalapura@potteranderson.com"; "dmoore@potteranderson.com"; Marek Michelle; "rhorwitz@potteranderson.com"; "sobyrne@potteranderson.com"; Kristi Davis |
| **Subject:** | RE: Arendi/Google – Draft Stipulation Regarding Representative Google Code |
| **Date:** | Friday, October 18, 2019 8:57:45 AM |

Max,

This email is in response to your October 14, 2019 email (attached below) regarding Google's draft stipulation for representative code and devices.



With respect to Arendi's need for the representative devices at trial, we fully intend to bring the devices to any trial and will make them available for Arendi to use at trial.

With regard to Arendi's concern with how the applications "that Arendi separately accused of infringement . . . fit into Google's present proposal"

· Google already has proposed representativeness stipulations as to the produced source code for the accused applications as well as for the Android versions with which the accused applications run in conjunction.

· Moreover, Google's proposal includes installing all the accused applications on the devices, to extent possible, regardless of whether or not they were preinstalled.  If Arendi does not want "bespoke devices" then the devices will not each include all of the accused applications.

With regard to Arendi's concern that the "Nexus One and Nexus S are both absent" from Google's proposal and document productions.

· Google has produced financials for the accused products, which include Nexus One and Nexus S.

Moreover, the representative products and code stipulations that Google has proposed encompass both the Nexus One and the Nexus S (to the extent they are accused).

With regard to Arendi's concern regarding a revised proposal from Motorola.



Sincerely,

Rob



**Robert Unikel | Partner, Litigation Department**
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 |
Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131
| robertunikel@paulhastings.com | www.paulhastings.com

---

**From:** Max Straus <MStraus@susmangodfrey.com>
**Sent:** Monday, October 14, 2019 8:33 AM
**To:** Unikel, Robert <robertunikel@paulhastings.com>
**Cc:** 'bas@skjlaw.com' <bas@skjlaw.com>; 'eormerod@skjlaw.com' <eormerod@skjlaw.com>; John Lahad <jlahad@SusmanGodfrey.com>; Kristi Davis <KDavis@susmangodfrey.com>; 'nbelgam@skjlaw.com' <nbelgam@skjlaw.com>; Richard A. Wojtczak <rwojtczak@susmangodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Steve Susman <SSusman@SusmanGodfrey.com>; Kemper Diehl <KDiehl@susmangodfrey.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Charla Clements <CClements@susmangodfrey.com>; 'bpalapura@potteranderson.com' <bpalapura@potteranderson.com>; 'dmoore@potteranderson.com' <dmoore@potteranderson.com>; Marek, Michelle <michellemarek@paulhastings.com>; 'rhorwitz@potteranderson.com' <rhorwitz@potteranderson.com>; 'sobyrne@potteranderson.com' <sobyrne@potteranderson.com>; Kristi Davis <KDavis@susmangodfrey.com>
**Subject:** [EXT] Re: Arendi/Google - Draft Stipulation Regarding Representative Google Code

Rob,

I appreciate your effort to make a counterproposal; however, Arendi has a number of serious reservations about the approach that you outline.

As you know, Arendi has accused devices (e.g., the Pixel and Pixel 3) of infringement. I have trouble, therefore, understanding Google's approach of loading an OS and applications onto a device "regardless of whether or not" they were preinstalled on it. I hope you can appreciate that, from Arendi's perspective, Google appears to be creating bespoke devices for purposes of this litigation, and Arendi has no mechanism to determine how they might materially differ from commercially available devices. Furthermore, while we appreciate your offer to make one of these bespoke

devices available for inspection in California, such on-site restrictions will severely hamper the work of our experts and does not address our need for a device for trial. I continue to believe that the best way around these problems is to select one or more representative accused devices and then to produce code for that device.

It is not clear to me where, if at all, the applications that Arendi has separately accused of infringement (e.g., Google Docs App, Gmail App) fit into Google's present proposal. Could you please clarify Google's intention with respect to these accused instrumentalities?

The Nexus One and Nexus S are both absent from your proposal. Will Google produce financials and subscribe to a declaration to establish when the last of those devices were made, sold, or offered for sale in the United States or imported into the United States? As things stand, those products are properly accused and Arendi is entitled to discovery with respect to both devices.

On a different note, we are still waiting for a revised proposal from Motorola. When will Motorola provide one?

Finally, I notice that you again repeated your statement that Google has produced code in your offices. As you know, Arendi expended considerable time and resources on an initial review of Google code and an attempt to review Motorola code, only to find partial productions that were not mapped on to specific devices. Arendi has repeatedly asked Google and Motorola to clarify for what accused devices—if any—it has produced source code. Your clients have repeatedly declined to do so, while acknowledging that a full production had not been made for their accused products. Likewise, Google has refused to reveal for what versions of applications it has produced source code. Given these intransigence, further review would have been wasteful. That is especially true as the parties have continued their present negotiation concerning representative products, which may not correspond to any of the deficient source code productions that Google and Motorola have presently made.

Thank you.

Sincerely,
Max


**Max Straus**
(212) 729-2048 (office)
(610) 213-6194 (mobile)

---

**From:** "Unikel, Robert" <robertunikel@paulhastings.com>
**Date:** Tuesday, October 8, 2019 at 5:33 PM
**To:** Max Straus <MStraus@susmangodfrey.com>
**Cc:** "'bas@skjlaw.com'" <bas@skjlaw.com>, "'eormerod@skjlaw.com'" <eormerod@skjlaw.com>, John Lahad <jlahad@SusmanGodfrey.com>, Kristi Davis <KDavis@susmangodfrey.com>, "'nbelgam@skjlaw.com'" <nbelgam@skjlaw.com>, Richard Wojtczak <rwojtczak@susmangodfrey.com>, Seth Ard <sard@susmangodfrey.com>, Steve Susman <SSusman@SusmanGodfrey.com>, Kemper Diehl <KDiehl@susmangodfrey.com>, Beatrice Franklin <BFranklin@susmangodfrey.com>, Charla Clements <CClements@susmangodfrey.com>, "'bpalapura@potteranderson.com'" <bpalapura@potteranderson.com>, "'dmoore@potteranderson.com'" <dmoore@potteranderson.com>, "Marek, Michelle" <michellemarek@paulhastings.com>, "'rhorwitz@potteranderson.com'" <rhorwitz@potteranderson.com>, "'sobyrne@potteranderson.com'" <sobyrne@potteranderson.com>, Kristi Davis <KDavis@susmangodfrey.com>
**Subject:** RE: Arendi/Google - Draft Stipulation Regarding Representative Google Code

Max,

I am responding to your email below concerning a representativeness stipulation.  We cannot agree to work from your draft stipulation, as the language you propose is too complex and over-inclusive.  Our goal for any representativeness stipulation is to simplify matters for the parties, the Court and an eventual jury, not to inject confusion, which we believe your proposed formulation does.



Rob

---



Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 |
Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131
| robertunikel@paulhastings.com | www.paulhastings.com

---

**From:** Max Straus <MStraus@susmangodfrey.com>
**Sent:** Thursday, September 26, 2019 5:26 PM
**To:** Unikel, Robert <robertunikel@paulhastings.com>
**Cc:** 'bas@skjlaw.com' <bas@skjlaw.com>; 'eormerod@skjlaw.com' <eormerod@skjlaw.com>; John Lahad
<jlahad@SusmanGodfrey.com>; Kristi Davis <KDavis@susmangodfrey.com>; 'nbelgam@skjlaw.com'
<nbelgam@skjlaw.com>; Richard A. Wojtczak <rwojtczak@susmangodfrey.com>; Seth Ard
<sard@susmangodfrey.com>; Steve Susman <SSusman@SusmanGodfrey.com>; Kemper Diehl
<KDiehl@susmangodfrey.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Charla Clements
<CClements@susmangodfrey.com>; 'bpalapura@potteranderson.com' <bpalapura@potteranderson.com>;
'dmoore@potteranderson.com' <dmoore@potteranderson.com>; Marek, Michelle
<michellemarek@paulhastings.com>; 'rhorwitz@potteranderson.com' <rhorwitz@potteranderson.com>;
'sobyrne@potteranderson.com' <sobyrne@potteranderson.com>; Kristi Davis <KDavis@susmangodfrey.com>
**Subject:** [EXT] Re: Arendi/Google - Draft Stipulation Regarding Representative Google Code

Rob,

Rather than spin our wheels on the current proposal, I would ask that Google consider an alternative approach that
tracks the model stipulation that I have attached. The language is, of course, negotiable; however, the critical change is
to work up from an agreement on representative *products*. Arendi is not able to agree to the production of
"representative source code" in a vacuum. This alternate approach should also eliminate any confusion about what
source code is being produced, and I hope that it lays an efficient framework for the remainder of this litigation. I
would suggest that we proceed on a similar basis for Motorola.

In light of the new approach that I propose, I don't think it will be necessary for us to debate each of the points that
you respond to below. I do, however, want to respond to your statement that "'Inbox' was never preinstalled on
Accused devices, and thus is not relevant to Arendi's infringement allegations." As you know, Arendi separately
accused a number of Accused Devices (e.g., the Pixel 3) and Accused Applications (e.g., Gmail App) in its Rule 4(a)
disclosure, and it separately addressed these categories of products in its infringement contentions. The Accused
Applications are each subject to Arendi's infringement claims in their own right. There is no requirement that they be
preinstalled on a Google handset—or any handset.

Sincerely,
Max

**Max Straus**
(212) 729-2048 (office)
(610) 213-6194 (mobile)

---

**From:** "Unikel, Robert" <robertunikel@paulhastings.com>
**Date:** Tuesday, September 24, 2019 at 9:55 AM
**To:** Max Straus <MStraus@susmangodfrey.com>
**Cc:** "'bas@skjlaw.com'" <bas@skjlaw.com>, "'eormerod@skjlaw.com'" <eormerod@skjlaw.com>, John Lahad
<jlahad@SusmanGodfrey.com>, Kristi Davis <KDavis@susmangodfrey.com>, "'nbelgam@skjlaw.com'"
<nbelgam@skjlaw.com>, Richard Wojtczak <rwojtczak@susmangodfrey.com>, Seth Ard

<sard@susmangodfrey.com>, Steve Susman <SSusman@SusmanGodfrey.com>, Kemper Diehl
<KDiehl@susmangodfrey.com>, Beatrice Franklin <BFranklin@susmangodfrey.com>, Charla Clements
<CClements@susmangodfrey.com>, "'bpalapura@potteranderson.com'" <bpalapura@potteranderson.com>,
"'dmoore@potteranderson.com'" <dmoore@potteranderson.com>, "Marek, Michelle"
<michellemarek@paulhastings.com>, "'rhorwitz@potteranderson.com'" <rhorwitz@potteranderson.com>,
"'sobyrne@potteranderson.com'" <sobyrne@potteranderson.com>, Kristi Davis
<KDavis@susmangodfrey.com>
**Subject:** RE: Arendi/Google - Draft Stipulation Regarding Representative Google Code

Max,
I am addressing the issues you raise in your email of last week concerning Google's code production and
Google's draft representativeness stipulation.

**Accused Devices**:

Re: designation of representative Accused Devices  - Google is determining whether specific devices can be
offered as representative, particularly with respect to the representative Android code and representative
application code that has been produced.

Re: identification of preinstalled applications – Google is preparing a supplemental interrogatory response that
will identify based on available information which Accused Applications were preinstalled on Accused Devices
during the time periods relevant to this lawsuit.

Re: your concern that the proposed stipulation concerning  "the produced source code for Android 4.1 (Jelly
Bean) ███████" ends as of the "the release of Android 8.0 (Oreo) in or around October 2017" – ████████████
████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████

**Accused Applications**:

Re: identification of produced code – Your stated concern seems to misapprehend what is offered in the
Google representativeness stipulation.  Google's proposal will identify the exact file path of the representative
code for each identified application, *and identifies the precise dates* for which each identified program code
may be treated as representative.  This approach assures that representative code is identified for the entire
potential damages period (or for the entire period from an app's launch, if after the commencement of the
damages period, to the patents' expiration on November 10, 2018).

Re: code for the Accused Applications – ████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████████████████████████████████

████████████████████████████████████

<u>Re: your request for "contemporaneous" code (i.e., code that would interact together in practice)</u> – ███████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████ accused functionalities do not materially change from one
version of representative code to another.

Let me know if you would like to set up a telephone call for later in the week to discuss further.

Rob



**Robert Unikel | Partner, Litigation Department**
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 |
Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131
| robertunikel@paulhastings.com | www.paulhastings.com

**From:** Max Straus <MStraus@susmangodfrey.com>
**Sent:** Wednesday, September 18, 2019 9:00 PM
**To:** Unikel, Robert <robertunikel@paulhastings.com>
**Cc:** 'bas@skjlaw.com' <bas@skjlaw.com>; 'eormerod@skjlaw.com' <eormerod@skjlaw.com>; John Lahad
<jlahad@SusmanGodfrey.com>; Kristi Davis <KDavis@susmangodfrey.com>; 'nbelgam@skjlaw.com'
<nbelgam@skjlaw.com>; Richard A. Wojtczak <rwojtczak@susmangodfrey.com>; Seth Ard
<sard@susmangodfrey.com>; Steve Susman <SSusman@SusmanGodfrey.com>; Kemper Diehl
<KDiehl@susmangodfrey.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Charla Clements
<CClements@susmangodfrey.com>; 'bpalapura@potteranderson.com' <bpalapura@potteranderson.com>;
'dmoore@potteranderson.com' <dmoore@potteranderson.com>; Marek, Michelle
<michellemarek@paulhastings.com>; 'rhorwitz@potteranderson.com' <rhorwitz@potteranderson.com>;
'sobyrne@potteranderson.com' <sobyrne@potteranderson.com>; Kristi Davis <KDavis@susmangodfrey.com>
**Subject:** [EXT] Re: Arendi/Google - Draft Stipulation Regarding Representative Google Code

Rob,

Although Arendi appreciates your putting together this draft, Google's proposal addresses few of the concerns
that Arendi has raised, including those that you and I discussed during our last meet and confer. I raise a few
threshold issues, which preclude Arendi from even beginning to assess whether it could accept the proposed
source code as representative.

**Accused Devices**:

We expressly discussed the need to designate representative devices (with respect to the accused devices)

rather than identify bits of source code as representative in a vacuum. ████████████████
███████████████████████████████████████████████████████████████████████
████████████████████████

The accused devices run preinstalled applications, which are integral to Arendi's Infringement contentions. Yet, no reference is made in the stipulation to the production of application source code for a representative device.

The stipulation also does not cover all accused devices. By its own terms, it stops with the release of Android 8.0 "in or around October 2017."

What should Arendi make of the statement, "The source code for all versions of Android is open source and is publicly available at https://source.android.com"?

**Accused Applications**:

Google has proposed that certain produced source code be treated as representative; however, Google has not identified what source code has (or will be) been produced. Arendi has repeatedly asked for this information but has not received a response. Arendi has also expressed concern about the thinness of the production thus far for certain applications. Rather than simply reference a file path, therefore, I would ask that Google identify specific versions of applications (including the date of its public release and replacement) for which it will produce all relevant source code.

The current proposal does not cover all accused applications. For example, I see no reference to the InBox, Sheets, Hangouts, Docs App, or Slides Apps. Arendi also has concerns with Google's decision to cabin apps to specific time frames. Could you please explain why those time frames, rather than version ranges, should determine whether an app is representative?

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████

Finally, there cannot be a unilateral reservation of rights by Google to "supplement and/or amend this designation of representative versions for good cause, including but not limited to if the parties amend or supplement their positions related to infringement and/or invalidity."

As I stated last week, absent an agreement on representative products (which Arendi suggested many months ago), Arendi remains entitled to full discovery with respect to all accused products, which Google has thus far denied.

Sincerely,
Max

**Max Straus**
(212) 729-2048 (office)
(610) 213-6194 (mobile)

**From:** "Unikel, Robert" <robertunikel@paulhastings.com>

**Date:** Monday, September 16, 2019 at 4:42 PM
**To:** Max Straus <MStraus@susmangodfrey.com>
**Cc:** "'bas@skjlaw.com'" <bas@skjlaw.com>, "eormerod@skjlaw.com" <eormerod@skjlaw.com>, John Lahad <jlahad@SusmanGodfrey.com>, Kristi Davis <KDavis@susmangodfrey.com>, "'nbelgam@skjlaw.com'" <nbelgam@skjlaw.com>, Richard Wojtczak <rwojtczak@susmangodfrey.com>, Seth Ard <sard@susmangodfrey.com>, Steve Susman <SSusman@SusmanGodfrey.com>, Kemper Diehl <KDiehl@susmangodfrey.com>, Beatrice Franklin <BFranklin@susmangodfrey.com>, "'bpalapura@potteranderson.com'" <bpalapura@potteranderson.com>, "'dmoore@potteranderson.com'" <dmoore@potteranderson.com>, "Marek, Michelle" <michellemarek@paulhastings.com>, "'rhorwitz@potteranderson.com'" <rhorwitz@potteranderson.com>, "'sobyrne@potteranderson.com'" <sobyrne@potteranderson.com>
**Subject:** RE: Arendi/Google - Draft Stipulation Regarding Representative Google Code

Max,
Following up on our discussion of last week, attached please find a DRAFT Stipulation Regarding Representative Google Source Code.  I believe this will address your expressed concerns.  Once we are in agreement, we will fill in the indicated path names from the produced source code files.  Please let me know if you have any questions.


Regards,
Rob



**Robert Unikel | Partner, Litigation Department**
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 |
Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131
| robertunikel@paulhastings.com | www.paulhastings.com

---

**From:** Unikel, Robert
**Sent:** Thursday, August 29, 2019 4:04 PM
**To:** Max Straus <MStraus@susmangodfrey.com>; bpalapura@potteranderson.com; dmoore@potteranderson.com; Marek, Michelle <michellemarek@paulhastings.com>; rhorwitz@potteranderson.com; sobyrne@potteranderson.com
**Cc:** bas@skjlaw.com; eormerod@skjlaw.com; John Lahad <jlahad@SusmanGodfrey.com>; Kristi Davis <KDavis@susmangodfrey.com>; nbelgam@skjlaw.com; Richard A. Wojtczak <rwojtczak@susmangodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Steve Susman <SSusman@SusmanGodfrey.com>; Kemper Diehl <KDiehl@susmangodfrey.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>
**Subject:** RE: Arendi/Google and Arendi/Motorola Source Code Productions

Max,
I am not going to address every incorrect statement you make in your email regarding source code issues.  I must note a few items for clarity, however:

1)    Google has produced an extremely large amount of code in this case: code for multiple versions of Android OS, code for multiple versions of the many accused apps, code for backend services relating to the accused functionality, etc.  Moreover, I personally discussed with you, at the beginning of the code review, that only specific versions were being produced because it would have been wasteful, over-burdensome and wholly unnecessary to produce all versions given that Google has been, and is, prepared to work out an agreement as

to representativeness.  You will recall that Arendi declined to provide infringement contentions for every version of Android, every version of the accused apps and every accused device precisely based on this same notion of representativeness.  It is disingenuous, at best, for you now to contend that Google's extensive and representative code production was somehow deficient (while Arendi's provision of representative infringement contentions was somehow OK).

2)   As I expressed to you last week, Google and Motorola remain open to working out a stipulation as to the representativeness of the produced code; and Google and Motorola similarly remain open to discussing the provision of an index to the produced code that will add to your understanding and address any outstanding questions about what has been produced.

3)   You complain that you were not involved in the selection of the code that was produced, though (a) we did discuss the representativeness of various Android and app versions when we were discussing Arendi's supplementation of its infringement contentions, and (b) we spoke about the code versions that were being produced in our telephone discussion last week.  During these conversations, you never took the position that all versions of Android and/or the accused apps were independently relevant; indeed, if you had registered such a view in our earlier discussions, then Arendi necessarily would have had to produce significantly more infringement charts than it provided.  You/Arendi did not even ask to see code until just recently - two weeks before the substantial completion of document production deadline – and you never asked for specific versions of any Android or app code, nor have you ever explained why versions other than those produced by Google are in any way different or more appropriate, given the specific issues and functionalities involved in the case.

4)   You state that "not a single line of source code for applications installed on any Motorola device has been produced," but you will recall that I expressly told you that was going to be the case when we spoke last week, precisely because Motorola does not have source code for any of the accused apps.  Motorola only receives binaries for the accused apps which are then loaded onto the devices.  As I explained to you when we spoke, Motorola cannot produce source code that it does not have; you indicated at the time that you understood and agreed.  Thus, your current indignation makes no sense.

5)   You state that "Motorola's accused products are not limited to devices running Android OS," but that is wrong.  At this point, Arendi is only accusing Motorola of infringing the '843 and '993 patents.  The '843 patent issued first, on March 29, 2011.  Axiomatically, devices made or sold by Motorola prior to that date cannot infringe the asserted patents.  I am not aware of any accused Motorola product made or sold after March 29, 2011 that runs an OS other than Android, and to my knowledge, Arendi's recent infringement contentions (served after the stay of the case was lifted) did not chart any such device.  (Even if the old, 2013 contentions somehow were deemed still to apply, to my knowledge, every Motorola device shown in those contentions was discontinued by 2011.)  Thus, if you believe that there is a Motorola product running a non-Android OS that has properly been accused of infringing the '843 or '993 patents, please identify that product, point me to the contentions regarding that product, and indicate your basis for asserting that that product was made or sold by Motorola after the issuance of the asserted patents.

I will separately note that though we went out of our way to create and provide a second computer containing Google code for review – as you unjustifiably demanded that we do – you sent only a single reviewer today to review the code.  I am not sure why you demanded the *immediate* provision of a second review computer (which we spent real time, money and effort to set up) if you were not even prepared to send more than one reviewer.

Bottom line – Google and Motorola have tried very hard to cooperate with you and Arendi in all discovery matters, including the production and review of source code, and we remain committed to working with you to complete the discovery process in a reasonable, efficient manner.  Please provide some times on Tuesday, Wednesday or Thursday of next week when team members can talk to try and work through any remaining issues (due to Labor Day travel schedules, it will be difficult to find times to have a meaningful discussion before then).  Of course, as we continue our discussions, the extensive Google code already produced will remain available for review (on two review computers).

Rob



**Robert Unikel | Partner, Litigation Department**
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 |
Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131
| robertunikel@paulhastings.com | www.paulhastings.com

---

**From:** Max Straus <MStraus@susmangodfrey.com>
**Sent:** Wednesday, August 28, 2019 6:00 PM
**To:** bpalapura@potteranderson.com; dmoore@potteranderson.com; Marek, Michelle
<michellemarek@paulhastings.com>; rhorwitz@potteranderson.com; Unikel, Robert
<robertunikel@paulhastings.com>; sobyrne@potteranderson.com
**Cc:** bas@skjlaw.com; eormerod@skjlaw.com; John Lahad <jlahad@SusmanGodfrey.com>; Kristi Davis
<KDavis@susmangodfrey.com>; Max Straus <MStraus@susmangodfrey.com>; nbelgam@skjlaw.com; Richard A.
Wojtczak <rwojtczak@susmangodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Steve Susman
<SSusman@SusmanGodfrey.com>; Kemper Diehl <KDiehl@susmangodfrey.com>; Beatrice Franklin
<BFranklin@susmangodfrey.com>
**Subject:** [EXT] Arendi/Google and Arendi/Motorola Source Code Productions

Counsel:

As I have indicated in several emails and discussed with Michelle yesterday, both Motorola and Google's source code
productions are deficient. While I would be happy to discuss the myriad shortcomings of the selective and stripped-
down productions that were made, a fundamental issue for both defendants is their unilateral decision to produce
code for only one or two operating systems without any indication of the accused instrumentalities to which they
correspond or any prior agreement regarding those instrumentalities' representativeness.

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████

██████████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████

This being said, Arendi has long stated a willingness to work together in the designation of certain Accused Products
(for Motorola) and Accused Devices and Accused Programs (for Google) as representative for the purposes of
streamlining litigation. We remain willing to engage in such discussions and could make ourselves available for them
any day this week. However, an agreement on representative accused instrumentalities must precede any limitations
on the production of documents or source code. As matters now stand, Arendi is entitled to full discovery—including

source code—with respect to each accused instrumentality, especially as your clients have emphasized allegedly material differences between them and versions of the software at issue.

Sincerely,
Max

**Max Straus | Susman Godfrey LLP**

1301 Avenue of the Americas, 32nd Floor | NY, NY 10019
(212) 729-2048 (office) | (610) 213-6194 (mobile)

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' informat on collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' informat on collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' informat on collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' informat on collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# EXHIBIT H

| From: | Unikel_Robert |
|---|---|
| To: | Max Straus |
| Cc: | "bas@skjlaw.com"; "eormerod@skjlaw.com"; John Lahad; Kristi Davis; "nbelgam@skjlaw.com"; Richard A. Wojtczak; Seth Ard; Steve Susman; Kemper Diehl; Beatrice Franklin; "bpalapura@potteranderson.com"; "dmoore@potteranderson.com"; Marek_Michelle; "rhorwitz@potteranderson.com"; "sobyrne@potteranderson.com" |
| Subject: | RE: Arendi/Motorola - Draft Stipulation Regarding Representative Motorola Code |
| Date: | Wednesday, September 25, 2019 9:25:14 AM |
| Attachments: | DRAFT MOTO STIPULATION CONCERNING REPRESENTATIVE SOURCE CODE (9-24-19).docx |

Max,



As Motorola does not possess source code for the Accused Applications, no application source code can be, or has been, produced by Motorola.

Motorola is determining whether specific devices can be offered as representative, particularly with respect to the representative Android code that has been produced.

Rob



**Robert Unikel | Partner, Litigation Department**
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 |
Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131
| robertunikel@paulhastings.com | www.paulhastings.com

---

**From:** Max Straus <MStraus@susmangodfrey.com>
**Sent:** Monday, September 23, 2019 12:27 PM
**To:** Unikel, Robert <robertunikel@paulhastings.com>
**Cc:** 'bas@skjlaw.com' <bas@skjlaw.com>; 'eormerod@skjlaw.com' <eormerod@skjlaw.com>; John Lahad <jlahad@SusmanGodfrey.com>; Kristi Davis <KDavis@susmangodfrey.com>; 'nbelgam@skjlaw.com' <nbelgam@skjlaw.com>; Richard A. Wojtczak <rwojtczak@susmangodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Steve Susman <SSusman@SusmanGodfrey.com>; Kemper Diehl <KDiehl@susmangodfrey.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; 'bpalapura@potteranderson.com' <bpalapura@potteranderson.com>; 'dmoore@potteranderson.com' <dmoore@potteranderson.com>; Marek, Michelle <michellemarek@paulhastings.com>; 'rhorwitz@potteranderson.com' <rhorwitz@potteranderson.com>; 'sobyrne@potteranderson.com' <sobyrne@potteranderson.com>
**Subject:** [EXT] Re: Arendi/Google - Draft Stipulation Regarding Representative Google Code

Rob,

You had told Arendi to expect a representative products proposal last Monday, but we have not received one. Is such a

proposal forthcoming? If not, I believe that we have reached an impasse with respect to Motorola's source code productions.

Sincerely,
Max

**Max Straus**

(212) 729-2048 (office)
(610) 213-6194 (mobile)

---

**From:** Max Straus <MStraus@susmangodfrey.com>
**Date:** Tuesday, September 17, 2019 at 2:33 PM
**To:** "Unikel, Robert" <robertunikel@paulhastings.com>
**Cc:** "'bas@skjlaw.com'" <bas@skjlaw.com>, "'eormerod@skjlaw.com'" <eormerod@skjlaw.com>, John Lahad <jlahad@SusmanGodfrey.com>, Kristi Davis <KDavis@susmangodfrey.com>, "'nbelgam@skjlaw.com'" <nbelgam@skjlaw.com>, Richard Wojtczak <rwojtczak@susmangodfrey.com>, Seth Ard <sard@susmangodfrey.com>, Steve Susman <SSusman@SusmanGodfrey.com>, Kemper Diehl <KDiehl@susmangodfrey.com>, Beatrice Franklin <BFranklin@susmangodfrey.com>, "'bpalapura@potteranderson.com'" <bpalapura@potteranderson.com>, "'dmoore@potteranderson.com'" <dmoore@potteranderson.com>, "Marek, Michelle" <michellemarek@paulhastings.com>, "'rhorwitz@potteranderson.com'" <rhorwitz@potteranderson.com>, "'sobyrne@potteranderson.com'" <sobyrne@potteranderson.com>
**Subject:** Re: Arendi/Google - Draft Stipulation Regarding Representative Google Code

Rob,

We are reviewing your Arendi/Google proposal, but I do not believe that we have received a proposal for Arendi/Motorola. Is one forthcoming? As we discussed last week, Motorola has yet to produce responsive source code.

Max

**Max Straus**

(212) 729-2048 (office)
(610) 213-6194 (mobile)

---

**From:** "Unikel, Robert" <robertunikel@paulhastings.com>
**Date:** Monday, September 16, 2019 at 4:42 PM
**To:** Max Straus <MStraus@susmangodfrey.com>
**Cc:** "'bas@skjlaw.com'" <bas@skjlaw.com>, "eormerod@skjlaw.com" <eormerod@skjlaw.com>, John Lahad <jlahad@SusmanGodfrey.com>, Kristi Davis <KDavis@susmangodfrey.com>, "'nbelgam@skjlaw.com'" <nbelgam@skjlaw.com>, Richard Wojtczak <rwojtczak@susmangodfrey.com>, Seth Ard <sard@susmangodfrey.com>, Steve Susman <SSusman@SusmanGodfrey.com>, Kemper Diehl <KDiehl@susmangodfrey.com>, Beatrice Franklin <BFranklin@susmangodfrey.com>, "'bpalapura@potteranderson.com'" <bpalapura@potteranderson.com>, "'dmoore@potteranderson.com'" <dmoore@potteranderson.com>, "Marek, Michelle" <michellemarek@paulhastings.com>, "'rhorwitz@potteranderson.com'" <rhorwitz@potteranderson.com>, "'sobyrne@potteranderson.com'" <sobyrne@potteranderson.com>
**Subject:** RE: Arendi/Google - Draft Stipulation Regarding Representative Google Code

Max,

Following up on our discussion of last week, attached please find a DRAFT Stipulation Regarding Representative Google Source Code.  I believe this will address your expressed concerns.  Once we are in agreement, we will fill in the indicated path names from the produced source code files.  Please let me know if you have any questions.

Regards,
Rob



**Robert Unikel | Partner, Litigation Department**
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 |
Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131
| robertunikel@paulhastings.com | www.paulhastings.com

---

**From:** Unikel, Robert
**Sent:** Thursday, August 29, 2019 4:04 PM
**To:** Max Straus <MStraus@susmangodfrey.com>; bpalapura@potteranderson.com; dmoore@potteranderson.com; Marek, Michelle <michellemarek@paulhastings.com>; rhorwitz@potteranderson.com; sobyrne@potteranderson.com
**Cc:** bas@skjlaw.com; eormerod@skjlaw.com; John Lahad <jlahad@SusmanGodfrey.com>; Kristi Davis <KDavis@susmangodfrey.com>; nbelgam@skjlaw.com; Richard A. Wojtczak <rwojtczak@susmangodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Steve Susman <SSusman@SusmanGodfrey.com>; Kemper Diehl <KDiehl@susmangodfrey.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>
**Subject:** RE: Arendi/Google and Arendi/Motorola Source Code Productions

Max,
I am not going to address every incorrect statement you make in your email regarding source code issues.  I must note a few items for clarity, however:

1) 

2)  As I expressed to you last week, Google and Motorola remain open to working out a stipulation as to the representativeness of the produced code; and Google and Motorola similarly remain open to discussing the provision of an index to the produced code that will add to your understanding and address any outstanding questions about what has been produced.

3)  You complain that you were not involved in the selection of the code that was produced, though (a) we did discuss the representativeness of various Android and app versions when we were discussing Arendi's supplementation of its infringement contentions, and (b) we spoke about the code versions that were being produced in our telephone discussion last week.  During these conversations, you never took the position that all versions of Android and/or the accused apps were independently relevant; indeed, if you had registered such a view in our earlier discussions, then Arendi necessarily would have had to produce significantly more

infringement charts than it provided.  You/Arendi did not even ask to see code until just recently - two weeks before the substantial completion of document production deadline – and you never asked for specific versions of any Android or app code, nor have you ever explained why versions other than those produced by Google are in any way different or more appropriate, given the specific issues and functionalities involved in the case.

4)   You state that "not a single line of source code for applications installed on any Motorola device has been produced," but you will recall that I expressly told you that was going to be the case when we spoke last week, precisely because Motorola does not have source code for any of the accused apps.  Motorola only receives binaries for the accused apps which are then loaded onto the devices.  As I explained to you when we spoke, Motorola cannot produce source code that it does not have; you indicated at the time that you understood and agreed.  Thus, your current indignation makes no sense.

5)   You state that "Motorola's accused products are not limited to devices running Android OS," but that is wrong.  At this point, Arendi is only accusing Motorola of infringing the '843 and '993 patents.  The '843 patent issued first, on March 29, 2011.  Axiomatically, devices made or sold by Motorola prior to that date cannot infringe the asserted patents.  I am not aware of any accused Motorola product made or sold after March 29, 2011 that runs an OS other than Android, and to my knowledge, Arendi's recent infringement contentions (served after the stay of the case was lifted) did not chart any such device.  (Even if the old, 2013 contentions somehow were deemed still to apply, to my knowledge, every Motorola device shown in those contentions was discontinued by 2011.)  Thus, if you believe that there is a Motorola product running a non-Android OS that has properly been accused of infringing the '843 or '993 patents, please identify that product, point me to the contentions regarding that product, and indicate your basis for asserting that that product was made or sold by Motorola after the issuance of the asserted patents.

I will separately note that though we went out of our way to create and provide a second computer containing Google code for review – as you unjustifiably demanded that we do – you sent only a single reviewer today to review the code.  I am not sure why you demanded the *immediate* provision of a second review computer (which we spent real time, money and effort to set up) if you were not even prepared to send more than one reviewer.

Bottom line – Google and Motorola have tried very hard to cooperate with you and Arendi in all discovery matters, including the production and review of source code, and we remain committed to working with you to complete the discovery process in a reasonable, efficient manner.  Please provide some times on Tuesday, Wednesday or Thursday of next week when team members can talk to try and work through any remaining issues (due to Labor Day travel schedules, it will be difficult to find times to have a meaningful discussion before then).  Of course, as we continue our discussions, the extensive Google code already produced will remain available for review (on two review computers).

Rob

---



**Robert Unikel | Partner, Litigation Department**
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 |
Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131
| robertunikel@paulhastings.com | www.paulhastings.com

---

**From:** Max Straus <MStraus@susmangodfrey.com>
**Sent:** Wednesday, August 28, 2019 6:00 PM
**To:** bpalapura@potteranderson.com; dmoore@potteranderson.com; Marek, Michelle
<michellemarek@paulhastings.com>; rhorwitz@potteranderson.com; Unikel, Robert
<robertunikel@paulhastings.com>; sobyrne@potteranderson.com

**Cc:** bas@skjlaw.com; eormerod@skjlaw.com; John Lahad <jlahad@SusmanGodfrey.com>; Kristi Davis <KDavis@susmangodfrey.com>; Max Straus <MStraus@susmangodfrey.com>; nbelgam@skjlaw.com; Richard A. Wojtczak <rwojtczak@susmangodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Steve Susman <SSusman@SusmanGodfrey.com>; Kemper Diehl <KDiehl@susmangodfrey.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>

**Subject:** [EXT] Arendi/Google and Arendi/Motorola Source Code Productions

Counsel:

As I have indicated in several emails and discussed with Michelle yesterday, both Motorola and Google's source code productions are deficient. While I would be happy to discuss the myriad shortcomings of the selective and stripped-down productions that were made, a fundamental issue for both defendants is their unilateral decision to produce code for only one or two operating systems without any indication of the accused instrumentalities to which they correspond or any prior agreement regarding those instrumentalities' representativeness.



This being said, Arendi has long stated a willingness to work together in the designation of certain Accused Products (for Motorola) and Accused Devices and Accused Programs (for Google) as representative for the purposes of streamlining litigation. We remain willing to engage in such discussions and could make ourselves available for them any day this week. However, an agreement on representative accused instrumentalities must precede any limitations on the production of documents or source code. As matters now stand, Arendi is entitled to full discovery—including source code—with respect to each accused instrumentality, especially as your clients have emphasized allegedly material differences between them and versions of the software at issue.

Sincerely,
Max

**Max Straus | Susman Godfrey LLP**
1301 Avenue of the Americas, 32nd Floor | NY, NY 10019
(212) 729-2048 (office) | (610) 213-6194 (mobile)

*****************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' informat on collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*****************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' informat on collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1601-LPS |
| | ) | |
| MOTOROLA MOBILITY LLC, | ) | |
| f/k/a MOTOROLA MOBILITY, INC., | ) | |
| Defendant. | ) | |
| | ) | |

**MOTOROLA MOBILITY LLC'S OBJECTIONS AND**
**RESPONSES TO PLAINTIFF ARENDI S.A.R.L.'S**
**THIRD SET OF JOINT INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Motorola

Mobility, LLC ("Motorola"), by its attorneys, Paul Hastings LLP, responds and objects to

Plaintiff Arendi S.A.R.L.'s ("Plaintiff") Third Set of Common Interrogatories (the

"Interrogatories") as follows:

**GENERAL OBJECTIONS**

1.      Motorola objects to the Interrogatories to the extent that they seek information or

material protected by the attorney-client privilege, the work-product doctrine, the joint defense

privilege, or any other applicable privilege, immunity, or protection. Any inadvertent production

of any privileged documents in response to the Interrogatories is not intended to constitute a

waiver of any applicable privilege and/or protection.

2.      Motorola objects to the Interrogatories to the extent that any of them, read alone

or in conjunction with the "Definitions" and/or "Instructions," purports to impose obligations not

imposed or contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United

States District Court for the District of Delaware, or any agreements or stipulations entered into

by the parties.

3.     Motorola objects to the Interrogatories to the extent that they require any information or documents that are beyond what is presently available to Motorola based upon a reasonable search of its own files and reasonable inquiry of its current employees, or purport to require Motorola to produce documents or things not within Motorola's possession, custody, or control.

4.     Motorola objects to the Interrogatories to the extent that they seek documents or information that are not relevant to the subject matter of this action.

5.     Motorola objects to the Interrogatories to the extent that they seek information or documents that are already in Plaintiff's possession, custody, or control, or that are publicly available or are as readily available to Plaintiff as they are to Motorola.

6.     Motorola objects to the Interrogatories to the extent they seek information or documents whose disclosure is governed by Motorola's agreements with third parties, including confidentiality agreements. Motorola will produce such documents only after complying with, and in compliance with, the terms of such third-party agreements.

7.     Motorola objects to the Interrogatories to the extent they prematurely seek information that supports Motorola's contentions. Meaningful and substantial discovery and/or investigation in this case has not yet begun.

8.     Motorola objects to the Interrogatories as compound and containing multiple discrete subparts. To the extent that the Interrogatories seek information on more than one subject matter, Motorola reserves the right to respond as to each subject and to count each subject as a separate Interrogatory against the total number of Interrogatories allotted to Plaintiff.

9.     Motorola objects to the Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, or duplicative.

10.     Motorola expressly reserves the right to object to the admissibility at trial of these Responses and Objections or any documents or information produced in response to these Interrogatories.  Neither Motorola's Responses and Objections to the Interrogatories nor the production of materials in response to the Interrogatories is intended as an admission or concession of the admissibility of any information contained herein.

11.     Motorola objects to the Interrogatories, and to each and every individual request contained therein, to the extent they call for Motorola to identify privileged documents created after the filing of this lawsuit on the grounds that such Interrogatories are overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and would call for counsel to review all of its files and list most of the documents therein on a privilege log.

12.     Motorola objects to the Interrogatories to the extent they seek information or documents protected by or involving trade secrets or other confidential research, development, proprietary, or commercial information that would not be covered by the Protective Order.

13.     Motorola objects to the Interrogatories to the extent they call for information or the production of documents that are publicly available.

14.     Motorola objects to the Interrogatories to the extent they call for information or production of documents that are not within its possession, custody, or control.

15.     Motorola objects to the Interrogatories to the extent they use undefined, vague, and ambiguous terms.

16.     Motorola objects to the Interrogatories to the extent they exceed the limits of permissible discovery allowed under any court order or the local rules.

17.     Motorola reserves the right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein.

18.     Motorola objects to Plaintiff's definition of "Patents-in-Suit" as overly broad and unduly burdensome to the extent it covers patents that no longer remain in the current litigation and that never specifically were asserted against Motorola.  For purposes of these responses, Motorola defines "Asserted Patents" and "Patents-in-Suit" as U.S. Patent Nos. 7,917,843; and 8,306,993.

19.     Motorola objects to Plaintiff's definition of "Accused Products" on the ground that the definition is overbroad and unduly burdensome.  For purposes of these responses, Motorola defines "Accused Products" as the devices in Arendi's Paragraph 4(a) Disclosure that have been

charted in Arendi's infringement contentions (with specific reference to software required for any possible infringement).  For purposes of these responses, Motorola does not include in the "Accused Products" definition, (a) any device not listed in Arendi's Paragraph 4(a) Disclosure, (b) any device that was made, used or sold prior to March 29, 2011, (c) any device listed in Arendi's Paragraph 4(a) Disclosure, but for which Arendi did not subsequently provide complete infringement contentions.  Motorola also does not include in the "Accused Products" definition, any software (including operating system, program or application software) for which Arendi did not provide complete infringement contentions and charts with respect to identified devices.

20.     Motorola objects to Plaintiff's definition of "Document" and "Documents" as overbroad and unduly burdensome.

21.     Motorola objects to Plaintiff's definition of "sale," "sales," "sell," or "sold" as overbroad and unduly burdensome.

22.     Motorola objects to Plaintiff's definitions of "You," "Your," or "Yours" as overbroad and unduly burdensome.

23.     Motorola objects to Plaintiff's definition of "and" and "or" on the ground that the definition is overbroad and unduly burdensome.

24.     Motorola objects to Plaintiff's definition of "any" and "all" on the ground that the definition is overbroad and unduly burdensome.

25.     Motorola objects to Plaintiff's definition of "including" on the ground that the definition is overbroad and unduly burdensome.

26.     Motorola objects to the Plaintiff's definitions of the terms "identify" and "identification" on the ground that the definitions are overbroad and unduly burdensome.

27.     Motorola objects to Plaintiff's definitions of "Infringe," "Infringing," and "Infringement" as overbroad and unduly burdensome.

28.     Motorola objects to Plaintiff's definitions of "Relate to," "Related to," "Relating to," or "Concerning" as overbroad and unduly burdensome.

4

29.     Motorola objects to the term "Operating System" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous.

30.     Motorola objects to the term "Application" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous.

31.     Motorola objects to the term "Framework" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous.

32.     Motorola objects to the term "Version" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous.

33.     Motorola objects to the term "Version Identifier" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous.

34.     Motorola objects to the term "Linkify Functions" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous.  For purposes of these responses, Motorola defines "Linkify Functions" as the functionality that has been appropriately charted in Arendi's infringement contentions.  For purposes of these responses, Motorola will not include in the "Linkify Functions" definition, any functionality for which Arendi did not provide a complete infringement contention chart with regard to a specifically asserted claim.

35.     Motorola objects to the term "Accused Applications" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous, and seeks irrelevant information.  For purposes of these responses, Motorola defines "Accused Applications" as the as the applications that have been appropriately charted in Arendi's infringement contentions in connection with adequately specified, accused Motorola devices.  For purposes of this Notice, Motorola will not include in the "Accused Applications" definition, any application for which Arendi did not provide complete infringement contentions in connection with an adequately specified, accused Motorola device.

36.     Motorola objects to the term "Public Application Repository" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous.

5

37.     Motorola objects to the term "Contact Entry" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous.

38.     Motorola objects to the term "Accused Contact Databases" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous.

39.     Motorola objects to the term "Accused Contacts Applications" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous.

40.     All of the General Objections set forth herein are hereby incorporated into each specific response set forth below and have the same force and effect as if fully set forth therein.

## GENERAL STATEMENTS

The following General Statements apply to Motorola's responses to Interrogatories Nos. 7-15.

1.     These responses are made subject to the foregoing General Objections and these General Statements, which may not be repeated in each specific response.  To the extent specific General Objections and/or General Statements are cited in the response, those specific citations are provided because they are believed to be particularly relevant to the interrogatories and are not to be construed as a waiver of any other General Objection or General Statement applicable to information falling within the scope of the interrogatories.

2.     Where a partial response can be made to interrogatories that are otherwise objectionable, such partial response will be made without waiving any stated objection.

3.     These responses are made without waiver of, and with preservation of:

a.     all questions as to competency, relevancy, materiality, privilege, and admissibility of the response herein as evidence in any further proceeding in this action, including trial;

       b.      the right to object to the use of the responses herein, or the subject matter thereof, in any further proceedings in this action, including trial, and in any other lawsuit or proceedings;

       c.      the right to object on any ground at any time to a demand or request for further responses to this or any other discovery involving or relating to the subject matter of the responses herein provided; and

       d.      the right at any time to revise, correct, add to, supplement, or clarify the responses contained herein.

In responding to the Interrogatories, Motorola does not concede that any of the information sought or provided is relevant, material, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence.

## STATEMENT OF SUPPLEMENTATION

Motorola's investigation in this action remains ongoing, and Motorola reserves the right to rely on and introduce information in addition to any information provided herein at the trial of this matter or in other related proceedings. Motorola has yet to receive complete discovery from Plaintiff.  Motorola anticipates that facts it learns in the later litigation may be responsive to one or more of the Interrogatories and Motorola reserves its right to supplement these interrogatory responses at appropriate points throughout this litigation without prejudice and/or to otherwise make available to Plaintiff such information. Motorola also reserves the right to change, modify or enlarge the following responses based on additional information, further analysis, and/or in light of events in the litigation such as rulings by the Court. Motorola reserves the right to rely or otherwise use any such amended response for future discovery, trial, or otherwise.

## INTERROGATORIES

## INTERROGATORY NO. 7:

Identify, by bates number, every survey, usage study, usage report, market study and valuation that references one or more of the Accused Products and/or the functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts.

## RESPONSE TO INTERROGATORY NO. 7:

Motorola objects to this Interrogatory to the extent that it seeks information or material that already is in Plaintiff's possession, custody, or control; that is publicly available; or that is as readily available to Plaintiff as it is to Motorola. Motorola objects to this interrogatory on the ground that the time frame and subject matter is overbroad and unduly burdensome. Motorola objects to this interrogatory on the ground that it is compound and/or is comprised of subparts constituting more than one interrogatory. Motorola further objects to the phrase, "the functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts" as vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Motorola responds that exemplary, non-privileged documents responsive to this Request can be found at the following Bates numbers: MOTO00054014-MOTO00054132; MOTO00142117-MOTO00142118; MOTO00050500-MOTO00050517; MOTO00049996-MOTO00050005; MOTO00053060-MOTO00053082; MOTO00051145-MOTO00051178; MOTO00051024-MOTO00051041; MOTO00050337-MOTO00050369; MOTO00048445-MOTO00048471; MOTO00055288-MOTO00055308; MOTO00053420-MOTO00053445.

**INTERROGATORY NO. 8:**

Identify, by bates number, all documents relating to any business analysis, market analysis, usage analysis, demand analysis, consumer analysis, financial analysis and/or cost/benefit analysis related to Your decision to incorporate the funcantionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts into the Accused Products.

**RESPONSE TO INTERROGATORY NO. 8**:

Motorola objects to this Interrogatory to the extent that it seeks information or material that is already in Plaintiff's possession, custody, or control; that is publicly available; or that is as readily available to Plaintiff as it is to Motorola. Motorola objects to this interrogatory on the ground that the time frame and subject matter is overbroad and unduly burdensome. Motorola objects to this interrogatory on the ground that it is compound and/or is comprised of subparts constituting more than one interrogatory. Motorola further objects to this interrogatory to the extent that it seeks information or material that (a) is protected by the attorney-client, work-product or any other applicable privilege or protection or that (b) requires a legal assessment, determination and/or conclusion. Motorola also objects to the phrase, "the functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts" as vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Motorola responds that exemplary, non-privileged documents responsive to this Request can be found at the following Bates numbers: MOTO00053646-MOTO00053706; MOTO00053992-MOTO00054015; MOTO00053802-MOTO00053861; MOTO00150999-MOTO00151124; MOTO00151126-MOTO00151251; MOTO00056571.

**INTERROGATORY NO. 9:**

Identify and describe what You contend is Your best alternative to the Patents-in-Suit and all costs associated with that alternative, including a description of whether the alternative disclosed in response to this Interrogatory has been implemented or proposed as a modification to the Accused Products, the time and costs required to develop and implement such alternative, any impact (however measured) of such alternative on the performance of the Accused Products, and the factual basis for Your contention, if any, that such alternative is or would be non-infringing, available, and acceptable.

**RESPONSE TO INTERROGATORY NO. 9:**

Motorola objects to this Interrogatory to the extent that it seeks information or material that is already in Plaintiff's possession, custody, or control; that is publicly available; or that is as readily available to Plaintiff as it is to Motorola. Motorola objects to this interrogatory on the ground that the time frame and subject matter is overbroad and unduly burdensome. Motorola objects to this interrogatory on the ground that it is compound and/or is comprised of subparts constituting more than one interrogatory.

Motorola further objects to this interrogatory to the extent that it seeks information or material that (a) is properly the subject of expert testimony; (b) is protected by the attorney-client, work-product or any other applicable privilege or protection; (c) requires a legal assessment, determination and/or conclusion; (d) depends upon an infringement determination, assessment and/or assumption that has not yet been made, and cannot currently be made; and/or (e) may vary based on Plaintiff's contentions that are not yet clear or fixed.  Motorola also objects to this interrogatory as premature because Plaintiff has yet to identify the accused functionality (in its infringement contentions and otherwise) with enough specificity to allow Motorola to respond to

this interrogatory. Motorola specifically objects to this interrogatory as premature in advance of Plaintiff's expert reports and expert and 30(b)(6) depositions, which have not been completed at this time.

Subject to and without waiving its specific and general objections above, and without waiving any applicable privilege, Motorola states the following:  as the accused functionalities of the Accused Products depend upon the applications and functionalities provided by Google LLC's products and source code, Motorola hereby incorporates, relies upon, and refers to the noninfringing approaches identified and explained in Google LLC's written discovery responses.  To the extent a fact finder concludes that the identified noninfringing approaches have not been fully implemented, Motorola believes that only minor modifications would be required, and that the amount of time and effort required to make such minor modifications is in Google LLC's possession.

**INTERROGATORY NO. 10:**

Identify and describe all technology development contracts or license agreements relating to technology used in the Accused Products which You have entered, including whether such contracts resulted in Your receipt of revenues or other monetary gain or in Your acquisition of technology, including algorithms, databases, software, or user interface or interaction designs, that is used in the Accused Products.

**RESPONSE TO INTERROGATORY NO. 10**:

Motorola objects to this Interrogatory to the extent that it seeks information or material that is already in Plaintiff's possession, custody, or control; that is publicly available; or that is as readily available to Plaintiff as it is to Motorola. Motorola objects to this interrogatory on the ground that the time frame and subject matter is overbroad and unduly burdensome. Motorola

objects to this interrogatory on the ground that it is compound and/or is comprised of subparts constituting more than one interrogatory.  Motorola further objects to this interrogatory to the extent that it seeks information or material that (a) is protected by the attorney-client, work-product or any other applicable privilege or protection or that (b) requires a legal assessment, determination and/or conclusion.  Motorola also objects to the following terms as vague and ambiguous, "technology development," "algorithms," "databases," "software," "user interfaces" and "interaction designs."

Subject to and without waiving the foregoing general and specific objections, Motorola responds that exemplary, non-privileged documents responsive to this Request can be found at the following Bates numbers: MOTO00072079-MOTO00072082; MOTO00072055-MOTO00072078; MOTO00072037-MOTO00072054.

**INTERROGATORY NO. 11:**

Identify, by Version Identifier, each Version of each Operating System initially installed on each Accused Product and each Version of each Operating System made available for upgrading the Operating System on that Accused Product, including the date or dates on which that Version of the Operating System was initially installed on an Accused Product or made available for upgrading the Accused Product, and the number of installations of each Version of each Operating System on the Accused Product.

**RESPONSE TO INTERROGATORY NO. 11**:

Motorola objects to this Interrogatory to the extent that it seeks information or material that already is in Plaintiff's possession, custody, or control; that is publicly available; or that is as readily available to Plaintiff as it is to Motorola. Motorola objects to this interrogatory on the ground that the time frame and subject matter is overbroad and unduly burdensome. Motorola

objects to this interrogatory on the ground that it is compound and/or is comprised of subparts constituting more than one interrogatory.

Subject to and without waiving its specific and general objections above, and without waiving any applicable privilege, Motorola will investigate to determine whether this information is available.

**INTERROGATORY NO. 12:**

Identify, by Version Identifier, each Version of each Accused Application initially installed on each Accused Product and each Version of each Accused Application made available for retrieval from a Public Application Repository, including the date or dates on which that Version of the Accused Application was initially installed on an Accused Product or made available for retrieval from a Public Application Repository, and the number of installations of each Version of each Accused Application on the Accused Product.

**RESPONSE TO INTERROGATORY NO. 12:**

Motorola objects to this Interrogatory to the extent that it seeks information or material that is already in Plaintiff's possession, custody, or control; that is publicly available; or that is as readily available to Plaintiff as it is to Motorola. Motorola objects to this interrogatory on the ground that the time frame and subject matter is overbroad and unduly burdensome. Motorola objects to this interrogatory on the ground that it is compound and/or is comprised of subparts constituting more than one interrogatory.  Motorola further objects to the term, "Public Application Repository" as vague and ambiguous.

Subject to and without waiving its specific and general objections above, and without waiving any applicable privilege, Motorola states the following: there is no Version of each

███████████████████████████████████████████████████ Accused

13

Application that directly corresponds to an Accused Product.  The Version of each  that was available on any Accused Product depends on the date the Accused Product was manufactured—a user will generally

Motorola is investigating whether further information is available.

**INTERROGATORY NO. 13:**

Identify all differences that You contend are material with respect to Arendi's infringement contentions between each of Your Accused Products or versions of those Accused Products.

**RESPONSE TO INTERROGATORY NO. 13:**

Motorola objects to this Interrogatory to the extent that it seeks information or material that already is in Plaintiff's possession, custody, or control; that is publicly available; or that is as readily available to Plaintiff as it is to Motorola. Motorola objects to this interrogatory on the ground that the time frame and subject matter is overbroad and unduly burdensome. Motorola objects to this interrogatory on the ground that it is compound and/or is comprised of subparts constituting more than one interrogatory.  Motorola specifically objects to this interrogatory as premature in advance of Plaintiff's expert reports and expert and 30(b)(6) depositions, which have not been completed at this time.

Furthermore, Motorola objects to this interrogatory to the extent that it seeks information or material that (a) is properly the subject of expert testimony; (b) is protected by the attorney-client, work-product or any other applicable privilege or protection; (c) requires a legal assessment, determination and/or conclusion; (d) depends upon an infringement determination,

assessment and/or assumption that has not yet been made, and cannot currently be made; and/or (e) may vary based on Plaintiff's contentions that are not yet clear or fixed.

Subject to and without waiving its specific and general objections above, and without waiving any applicable privilege, or in any way admitting that any listed functionality is properly within the scope of Plaintiff's infringement contentions, Motorola states that is aware of the following actions that created material differences between versions of the Accused Products during the relevant 2013-2018 time period: (a) the introduction of Smart Linkify in Android P in August 2018, with regard to Messages, Calendar, Contacts, and Tasks; (b) the introduction of Smart Text Selection in Android O in December 2017 with regard to Gmail, Docs, Chrome, Calendar, Messages, Sheets, Slides, and Contacts; and (c) the introduction of Explore as a replacement for Research in September 2016.

**INTERROGATORY NO. 14 (*For all Defendants except Apple Inc., OATH Holdings Inc., and OATH Inc.*):**

To the extent that You contend they are material to Arendi's infringement contentions, identify all differences between any version of the Android operating system installed on any of Your Accused Products and the corresponding version of that operating system available via the Android Open Source Project. That is, identify any customizations or alterations made by You, for You, or on Your behalf to the standard Android operating system.

**RESPONSE TO INTERROGATORY NO. 14:**

Motorola objects to this Interrogatory to the extent that it seeks information or material that is already in Plaintiff's possession, custody, or control; that is publicly available; or that is as readily available to Plaintiff as it is to Motorola. Motorola objects to this interrogatory on the ground that the time frame and subject matter is overbroad and unduly burdensome. Motorola objects to this interrogatory on the ground that it is compound and/or is comprised of subparts

constituting more than one interrogatory.  Motorola specifically objects to this interrogatory as premature in advance of Plaintiff's expert reports and expert and 30(b)(6) depositions, which have not been completed at this time.

Furthermore, Motorola objects to this interrogatory to the extent that it seeks information or material that (a) is properly the subject of expert testimony; (b) is protected by the attorney-client, work-product or any other applicable privilege or protection; (c) requires a legal assessment, determination and/or conclusion; (d) depends upon an infringement determination, assessment and/or assumption that has not yet been made, and cannot currently be made; and/or (e) may vary based on Plaintiff's contentions that are not yet clear or fixed.

Subject to and without waiving its specific and general objections above, and without waiving any applicable privilege,  that are material to this lawsuit.

### INTERROGATORY NO. 15 (For all Defendants except Google LLC, Apple Inc., OATH Holdings Inc., and OATH Inc.):

To the extent that You contend they are material to Arendi's infringement contentions, identify all ways in which any application that was obtained or licensed from Google LLC, or any related entity thereof, has been altered or customized for installation or use on any of Your Accused Products.

**RESPONSE TO INTERROGATORY NO. 15**:

Motorola objects to this Interrogatory to the extent that it seeks information or material that is already in Plaintiff's possession, custody, or control; that is publicly available; or that is as readily available to Plaintiff as it is to Motorola. Motorola objects to this interrogatory on the ground that the time frame and subject matter is overbroad and unduly burdensome. Motorola objects to this interrogatory on the ground that it is compound and/or is comprised of subparts constituting more than one interrogatory. Motorola specifically objects to this interrogatory as premature in advance of Plaintiff's expert reports and expert and 30(b)(6) depositions, which have not been completed at this time.

Furthermore, Motorola objects to this interrogatory to the extent that it seeks information or material that (a) is properly the subject of expert testimony; (b) is protected by the attorney-client, work-product or any other applicable privilege or protection; (c) requires a legal assessment, determination and/or conclusion; (d) depends upon an infringement determination, assessment and/or assumption that has not yet been made, and cannot currently be made; and/or (e) may vary based on Plaintiff's contentions that are not yet clear or fixed.

Subject to and without waiving its specific and general objections above, and without waiving any applicable privilege, Motorola states that the source code for any application obtained or licensed █████████████████████████ and therefore Motorola is █████████████████████████ The applications obtained or licensed █████████ are installed on Motorola's Android devices in the same condition as they are received █████████

17

Dated:  October 28, 2019

OF COUNSEL:

*/s/ Robert W. Unikel*
Robert W. Unikel
Michelle Marek Figueiredo
John Cotiguala
Matt Lind
PAUL HASTINGS LLP
71 South Wacker
Suite 4500
Chicago, IL 60606
Tel: (312) 499-6000
robertunikel@paulhastings.com
michellemarek@paulhastings.com
johncotiguala@paulhastings.com
mattlind@paulhastings.com

Robert Laurenzi
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
robertlaurenzi@paulhastings.com

Ariell Bratton
PAUL HASTINGS LLP
4747 Executive Dr. #1200
San Diego, CA 92121
Tel: (858) 458-3000
ariellbratton@paulhastings.com

POTTER ANDERSON & CORROON LLP
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Motorola Mobility LLC*

18

## <u>CERTIFICATE OF SERVICE</u>

I, Robert W. Unikel, hereby certify that on October 28, 2019, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated:

<u>VIA ELECTRONIC MAIL</u>

Neal C. Belgam
Eve H. Ormerod
Beth A. Swadley
1000 West Street, Suite 1501
Wilmington, DE 19801
Tel: (302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com
bswadley@skjlaw.com

John Lahad
SUSMAN GODFREY, LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Tel: (713) 651-9366
jlahad@susmangodfrey.com

Stephen D. Susman
Seth D. Ard
Max Straus
SUSMAN GODFREY, L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: (212) 336-8330
ssusman@susmangodfrey.com
sard@susmandgodfrey.com
mstraus@susmangodfrey.com

    */s/ Robert W. Unikel*
      Robert W. Unikel

19

# EXHIBIT J

**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 13-919-LPS |
| MOTOROLA MOBILITY LLC | ) | |
| F/KA MOTOROLA MOBILITY, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MOTOROLA MOBILITY LLC'S SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO
PLAINTIFF ARENDI S.A.R.L.'S INTERROGATORY NO. 3**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Motorola

Mobility LLC ("Motorola"), by its attorneys, Paul Hastings LLP, provides a supplemental

response and objection to Plaintiff Arendi S.A.R.L.'s ("Plaintiff") Interrogatory No. 3:

**GENERAL OBJECTIONS**

1.      Motorola objects to the Interrogatory to the extent that it seeks information or

material protected by the attorney-client privilege, the work-product doctrine, the joint defense

privilege, or any other applicable privilege, immunity, or protection. Any inadvertent production

of any privileged documents in response to the Interrogatory is not intended to constitute a waiver

of any applicable privilege and/or protection.

2.      Motorola objects to the Interrogatory to the extent that when read alone or in

conjunction with the "Definitions" and/or "Instructions," purports to impose obligations not

imposed or contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United

States District Court for the District of Delaware, or any agreements or stipulations entered into

by the parties.

1

3.      Motorola objects to the Interrogatory to the extent that it requires any information or documents that are beyond what is presently available to Motorola based upon a reasonable search of its own files and reasonable inquiry of its current employees, or purports to require Motorola to produce documents or things not within Motorola's possession, custody, or control.

4.      Motorola objects to the Interrogatory to the extent that it seeks documents or information that are not relevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

5.      Motorola objects to the Interrogatory to the extent that it seeks information or documents that are already in Plaintiff's possession, custody, or control, or that are publicly available or are as readily available to Plaintiff as they are to Motorola.

6.      Motorola objects to the Interrogatory to the extent it seeks information or documents whose disclosure is governed by Motorola's agreements with third parties, including confidentiality agreements. Motorola will produce such documents only after complying with, and in compliance with, the terms of such third-party agreements.

7.      Motorola objects to the Interrogatory to the extent that it prematurely seeks information that supports Motorola's contentions. Meaningful and substantial discovery and/or investigation in this case has not yet begun.

8.      Motorola objects to the Interrogatory as compound and containing multiple discrete subparts. To the extent that the Interrogatory seeks information on more than one subject matter, Motorola reserves the right to respond as to each subject and to count each subject as a separate Interrogatory against the total number of Interrogatories allotted to Plaintiff.

9.      Motorola objects to the Interrogatory to the extent it is vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, or duplicative.

10.     Motorola expressly reserves the right to object to the admissibility at trial of these Responses and Objections or any documents or information produced in response to this Interrogatory. Neither Motorola's Responses and Objections to the Interrogatory nor the production of materials in response to the Interrogatory is intended as an admission or concession of the admissibility of any information contained herein.

11.     Motorola objects to the Interrogatory, and to each and every individual request contained therein, to the extent it calls for Motorola to identify privileged documents created after the filing of this lawsuit on the grounds that such an Interrogatory is overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and would call for counsel to review all of its files and list most of the documents therein on a privilege log.

12.     Motorola objects to the Interrogatory to the extent it seeks information or documents protected by or involving trade secrets or other confidential research, development, proprietary, or commercial information that would not be covered by the Protective Order.

13.     Motorola objects to the Interrogatory to the extent it calls for information or the production of documents that are publicly available.

14.     Motorola objects to the Interrogatory to the extent it calls for information or production of documents that are not within its possession, custody, or control.

15.     Motorola objects to the Interrogatory to the extent it uses undefined, vague, and ambiguous terms.

16.     Motorola objects to the Interrogatory to the extent it exceeds the limits of permissible discovery allowed under any court order or the local rules.

17.     Motorola reserves the right at any time to revise, correct, add to, supplement, or clarify the response.

18.     Motorola objects to Plaintiff's definition of "Document" and "Documents" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

19.     Motorola objects to Plaintiff's definition of "sale," "sales," "sell," or "sold" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

20.     Motorola objects to Plaintiff's definitions of "You," "Your," or "Yours" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

21.     Motorola objects to Plaintiff's definitions of "Infringe," "Infringing," and "Infringement" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

22.     Motorola objects to Plaintiff's definitions of "Relate to," "Related to," "Relating to," or "Concerning" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

23.     All of the General Objections set forth herein are hereby incorporated into the specific response set forth below and have the same force and effect as if fully set forth therein.

## GENERAL STATEMENTS

The following General Statements apply to Motorola's responses to Interrogatory No. 3.

1.     This response is made subject to the foregoing General Objections and these General Statements, which may not be repeated in each specific response.  To the extent  specific

General Objections and/or General Statements are cited in the response, those specific citations are provided because they are believed to be particularly relevant to the interrogatory and are not to be construed as a waiver of any other General Objection or General Statement applicable to information falling within the scope of the interrogatory.

2.      Where a partial response can be made to an interrogatory that is otherwise objectionable, such partial response will be made without waiving any stated objection.

3.      This response is made without waiver of, and with preservation of:

a.      all questions as to competency, relevancy, materiality, privilege, and admissibility of the response herein as evidence in any further proceeding in this action, including trial;

b.      the right to object to the use of the response herein, or the subject matter thereof, in any further proceedings in this action, including trial, and in any other lawsuit or proceedings;

c.      the right to object on any ground at any time to a demand or request for a further response to this or any other discovery involving or relating to the subject matter of the responses herein provided; and

d.      the right at any time to revise, correct, add to, supplement, or clarify the responses contained herein.

In responding to this Interrogatory, Motorola does not concede that any of the information sought or provided is relevant, material, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence.

## STATEMENT OF SUPPLEMENTATION

Motorola's investigation in this action remains ongoing, and Motorola reserves the right to rely on and introduce information in addition to any information provided herein at the trial of this matter or in other related proceedings. Motorola has yet to receive complete discovery from Plaintiff. Motorola anticipates that facts it learns later in the litigation may be responsive to one or more of the Interrogatories and Motorola reserves its right to supplement these interrogatory responses at appropriate points throughout this litigation without prejudice and/or to otherwise make available to Plaintiff such information. Motorola also reserves the right to change, modify or enlarge the following responses based on additional information, further analysis, and/or in light of events in the litigation such as rulings by the Court. Motorola reserves the right to rely or otherwise use any such amended response for future discovery, trial, or otherwise.

## RESPONSE TO INTERROGATORY NO. 3

## INTERROGATORY NO. 3:

Identify with specificity, on a claim by claim basis, each system and/or method that you contend constitutes an acceptable, non-infringing alternative to the methods and systems claimed by the claims of the Patents-In-Suit identified in the Complaint that was available to you as of the earliest date that you began offering, selling, providing, or using the Accused Products. Include the complete factual basis for Your response, including the identity of each individual with personal knowledge regarding non-infringing alternatives, the identity of each person whose knowledge, information, and/or documents were sought or consulted in answering this interrogatory, and the identity and Bates number of each document that includes information relevant to non-infringing alternatives or any aspect thereof.

## RESPONSE TO INTERROGATORY NO. 3:

Motorola objects to this interrogatory as premature because Plaintiff has yet to identify the accused functionality with enough specificity to allow Motorola to respond to this interrogatory. Motorola objects to this interrogatory as premature in advance of Plaintiff's preliminary infringement contentions, which have not been served on Motorola at this time. Motorola objects to the this interrogatory to the extent that it seeks information or documents that are already in Plaintiff's possession, custody, or control, or that are publicly available or are as readily available to Plaintiff as they are to Motorola. Motorola objects to this interrogatory on the ground that the time frame is overbroad and unduly burdensome. Motorola objects to this interrogatory on the ground that it is compound and/or is comprised of subparts constituting more than one interrogatory.

Subject to and without waiving its specific and general objections above, and without waiving any applicable privilege, Motorola responds that the Accused Products do not infringe the Patents-In-Suit and are therefore non-infringing alternatives. Motorola further responds that, pursuant to FRCP 33(d), it will produce core technical documents in accordance with the Scheduling Order from which Plaintiff may determine the answer to this interrogatory as easily as Motorola. Furthermore, Motorola may provide information to the extent such information is not privileged regarding other non-infringing alternatives after Plaintiff serves its preliminary infringement contentions and after a reasonable investigation.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

Motorola objects to this interrogatory as premature because Plaintiff has yet to identify the accused functionality (in its infringement contentions and otherwise) with enough specificity to allow Motorola to respond to this interrogatory. Motorola specifically objects to this interrogatory as premature in advance of Plaintiff's expert reports and expert

and 30(b)(6) depositions, which have not been completed at this time. Motorola objects to this interrogatory to the extent that it seeks information or material that is properly the subject of expert testimony; (b) is protected by the attorney-client, work- product or any other applicable privilege or protection; (c) requires a legal assessment, determination and/or conclusion; (d) depends upon an infringement determination, assessment and/or assumption that has not yet been made, and cannot currently be made; and/or (e) may vary based on Plaintiff's contentions that are not yet clear or fixed. Motorola further objects to this interrogatory to the extent that its response reflects information or material that already is in Plaintiff's possession, custody, or control; that is publicly available; or that is as readily available to Plaintiff as it is to Motorola. Motorola objects to this interrogatory on the ground that the time frame is overbroad and unduly burdensome. Motorola objects to this interrogatory on the ground that it is compound and/or is comprised of subparts constituting more than one interrogatory.

Subject to and without waiving its specific and general objections above, and without waiving any applicable privilege, Motorola states that this response should be understood only as a preliminary, non-exclusive and conditional listing of potential non-infringing alternatives/approaches that are available to Motorola. To be clear, the identification of any and all of the following non-infringing approaches is not intended to, and does not, suggest that Motorola is now infringing any asserted claim or that Motorola is not currently practicing any of the identified non-infringing approaches. Motorola maintains that it does not infringe, and has never infringed, any of the patent claims asserted by Arendi.

Each potential non-infringing alternative applies to each and every Accused Product. Additionally, as to all asserted patent claims, Motorola states that non-infringing alternatives/approaches include at least the systems, methods, devices, approaches described

in the prior art, including in (a) each and any of the references cited in Defendants Invalidity Contentions, and/or (b) each and every of the references distinguished by Arendi (or by the named inventor) during prosecution of the asserted patents and/or during any *inter partes review* proceedings. The following are potential non-infringing alternatives/approaches to the asserted claims of the Patents-in-Suit:

### ‘843 Patent

1) For linked elements-- ███████████████████████

████████████████████████████████████████

████████████████████ each linked element requires its own command, for (a) searching for related information, and (b) performing an action using part of any found, related information. For example, with a phone number detected in text, the user could (a) elect, using one command, whether to search for that phone number in a contact database to find related information, and (b) elect, using a separate command, whether to perform an action using the related information found (e.g., send an email using email address information found as a result of the search). The asserted claims require and cover only a user command initiating an operation that includes both conducting a search and performing an action. To the extent that it is found that Motorola is not already practicing this non-infringing approach, it would be both feasible and acceptable for Google and/or Motorola to implement.

2) For linked elements-- ███████████████████████

████████████████████████████████████████

████████████████████ -to require that multiple commands are needed to initiate the "operation" required by the asserted claims. The asserted claims require that a single user command initiate the operation. To the extent that it is found that Motorola is not already practicing this non-infringing approach, it would be both feasible and acceptable for Google and/or Motorola

to implement.

3) ███████████████████████████████████████████

███████████████████████████████ modify the underlying Android code, as

appropriate, to use a program, routine or library separate from an accused application program

to analyze text and/or to configure an input device to receive a user command to initiate an

action. The asserted claims require that the text analysis, the configuring of the input device,

and the receipt of the user command to initiate an action, be done by, and using, the "first

computer program," which Arendi contends is a specific, accused application. To the extent

that it is found that Motorola is not already practicing this non-infringing approach, it would

be both feasible and acceptable for Google and/or Motorola to implement.

4) ███████████████████████████████████████████

███████████████████████████████████ the underlying Android code, as

appropriate, to avoid using any "second information" found as a result of a search to perform

any action.  For example, if an identified phone number is "first information," and a found name

corresponding to that phone number is considered "second information," then Google and/or

Motorola could ensure that the found name is not used to perform any action (e.g., dial the

phone number). The asserted claims require "performing an action using at least part of the

second information." To the extent that it is found that Motorola is not already practicing this

non-infringing approach, it would be both feasible and acceptable for Google and/or Motorola

to implement.

5) ███████████████████████████████████████████

████████████████████ to ensure that an accused application does not make any specific

determination as to whether identified text is a type of information that can be searched for in

order to find related, second information. For example, Google could allow a user to utilize

linked text (like a phone number) to perform an action (like making a phone call) without first making any express determination as to whether that linked text is of a type that can be searched for or not. The asserted claims require that "while the document is displayed," first information is analyzed "to determine if the first information is at least one of a plurality of types of information that can be searched for in order to find second information related to the first information." To the extent that it is found that Motorola is not already practicing this non-infringing approach, it would be both feasible and acceptable for Google to implement.

6) ██████████████████████████████████████

████████████████████████████████████ as appropriate, to ensure that any text analysis or "linking" of text occurs only when the text is no longer editable. For example, Google and/or Motorola could ensure that any analysis and/or linking of information in a text message or email occurs only when the text message or email is sent by a user (and is no longer editable). To the extent that it is found that Motorola is not already practicing this non-infringing approach, it would be both feasible and acceptable for Google and/or Motorola to implement.

**'993 Patent**

██████████████████████████████████████

████████████████████████████████████ as appropriate, to ensure that any first contact information identified in text cannot be used to initiate a search in a contact database while the document is displayed. For example, Google and/or Motorola could ensure that if a user selects/clicks on linked contact information, the original text source is hidden and a new screen or text box is presented that allows a user directly or indirectly to initiate a search in the contact database. The asserted claims require

that the search in a contact database be initiated while the document is displayed. To the extent that it is found that Motorola is not already practicing this non-infringing approach, it would be both feasible and acceptable for Google and/or Motorola to implement.

2) ██████████████████████████████████████████ ██████████████████████████████████████████ as appropriate, to ensure that a user of an accused application is not presented, on a single screen, with a choice between storing part of identified contact information as a "new contact" or updating an existing contact in the database. For example, Google and/or Motorola could ensure that a user is presented with only a single option to "add" the contact information to the database, if desired. G o o g l e  a n d / o r  Motorola could ensure that if a user elects to "add" the information to the database, the user is subsequently offered the option to "add to an existing contact" (and to specify the existing contact); if the user does not elect to "add to an existing contact," the contact information will automatically be added as a new contact entry in the database. The asserted claims require that the user be allowed "to make a decision whether to store at least a part of the first contact information in the contact database as a new contact or to update an existing contact in the contact database"; and Arendi contends that this element requires presenting a user with a choice on a single screen.  To the extent that it is found that Motorola is not already practicing this non-infringing approach, it would be both feasible and acceptable for Google and/or Motorola to implement.

3) ██████████████████████████████████████████ ██████████████████████████████████████████ as appropriate, to ensure that any "input device" provided by an accused Motorola application to the user is configured so that multiple commands are required to initiate at least some parts of the "potential actions" required by the asserted claims. For example, Google and/or Motorola

could ensure that separate commands are required to (a) initiate a search in the contact database for the first contact information, and (b) to display any part of second contact information that is found as a result of the search (if the user so desires). Or Google and/or Motorola could ensure that a user needs to enter separate user commands (a) to cause a program to determine whether specific contact information is already contained in a contact database, (b) if so, to update the database entry including that information in some way, and (c) if not, to add the contact information to a database entry. The asserted claims require that "a single execute command from the input device is sufficient to cause the performing" of each one of the specified actions. To the extent that it is found that Motorola is not already practicing this non-infringing approach, it would be both feasible and acceptable for Google and/or Motorola to implement.

███████████████████████████████████████

██████████████████████████████████████ as appropriate, to ensure that any text analysis or "linking" of text occurs only when the text is no longer editable. For example, Google and/or Motorola could ensure that any analysis and/or linking of information in a text message or email occurs only when the text message or email has been sent by a user (and is no longer editable).  To the extent that it is found that Motorola is not already practicing this non-infringing approach, it would be both feasible and acceptable for Google and/or Motorola to implement.


Dated: October 30, 2019                              OF COUNSEL:


                                                      */s/ Robert W. Unikel*
                                                      Robert W. Unikel
                                                      Michelle Marek Figueiredo
                                                      John Cotiguala
                                                      Matt Lind

PAUL HASTINGS LLP
71 South Wacker Drive
Suite 4500
Chicago, IL 60606
Tel: (312) 499-6000
robertunikel@paulhastings.com
michellemarek@paulhastings.com
johncotiguala@paulhastings.com
mattlind@paulhastings.com

Robert R. Laurenzi
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
robertlaurenzi@paulhastings.com

Ariell Bratton
PAUL HASTINGS LLP
4747 Executive Drive,
Suite 1200
San Diego, CA 92121
Tel: (858) 458-3000
ariellbratton@paulhastings.com

POTTER ANDERSON & CORROON LLP
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Motorola Mobility
LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Robert W. Unikel, hereby certify that on October 30, 2019, true and correct copies of the

within document were served on the following counsel of record at the addresses and in the manner

indicated:

## <u>VIA ELECTRONIC MAIL</u>

Neal  C.  Belgam
Eve H. Ormerod
Beth A. Swadley
SMITH, KATZENSTEIN & JENKINS LLP
100 West Street, Suite 1501
Wilmington, DE 19801
nbelgam@skjlaw.com
eormerod@skjlaw.com
bswadley@skjlaw.com

John Lahad
SUSMAN GODFREY, LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Tel: (713) 651-9366
jlahad@susmangodfrey.com

Stephen D. Susman
Seth D. Ard
Max Straus
SUSMAN GODFREY, LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
ssusman@susmangodfrey.com
sard@susmangodfrey.com
mstraus@susmangodfrey.com


*/s/ Robert W. Unikel*
Robert W. Unikel