# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARENDI S.A.R.L., | |
| Plaintiff, | C.A. No. 12-1595-LPS |
| v. | |
| LG ELECTRONICS, INC., LG ELECTRONICS USA, INC. and LG ELECTRONICS MOBILECOMM U.S.A., INC., | |
| Defendants. | |
| ARENDI S.A.R.L., | |
| Plaintiff, | C.A. No. 12-1601-LPS |
| v. | |
| MOTOROLA MOBILITY LLC f/k/a MOTOROLA MOBILITY, INC., | |
| Defendant. | |
| ARENDI S.A.R.L., | |
| Plaintiff, | C.A. No. 12-1602-LPS |
| v. | |
| SONY MOBILE COMMUNICATIONS (USA) INC. f/k/a SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC., | |
| SONY CORPORATION and SONY CORPORATION OF AMERICA, | |
| Defendants. | |

**MOTOROLA MOBILITY LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF
ARENDI S.A.R.L.'S THIRD SET OF JOINT
REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 100-138)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Motorola Mobility LLC f/k/a Motorola Mobility, Inc. ("Motorola"), by its attorneys, Paul Hastings LLP, objects and responds to Plaintiff Arendi S.A.R.L.'s ("Plaintiff") Third Set of Joint Requests for Production of Documents (Nos. 100-138) (the "Requests") as follows:

**OBJECTIONS TO DEFINITIONS**

1.      Motorola objects to Plaintiff's definitions of "Document" and "Documents" as overbroad and unduly burdensome to the extent it includes any "electronically-stored matter" that is not required to be preserved pursuant to this Court's Default Standard for Discovery, Schedule A.

2.      Motorola objects to Plaintiff's definition of "Patents-in-Suit" as overbroad in that it intends to include, for each patent referred to, "the application on which it issued, its entire prosecution history, and all foreign counterparts, including foreign applications and foreign prosecution."

3.      Motorola objects to Plaintiff's definition of "Accused Products" as vague, ambiguous, and overbroad. Plaintiff's definition of "Accused Products" improperly attempts to capture future, currently unknown accused products: "products as may be identified in future amendments to that disclosure [Plaintiff's Amended Disclosure of Supplemental Accused Products and Asserted Patents served on November 16, 2018]."

4.      Motorola objects to Plaintiff's definition of "sale," "sales," "sell," or "sold" as overbroad and unduly burdensome.

5.      Motorola objects to Plaintiff's definition of "make," or "made" as overbroad and unduly burdensome.

6.      Motorola objects to Plaintiff's definition of "you," "your," or "yours" as overbroad and unduly burdensome.

2

7.      Motorola objects to Plaintiff's definition of "and," "or," and "and/or" as overbroad and unduly burdensome.

8.      Motorola objects to Plaintiff's definition of "any," "all," "any and all," "each," "every" or "each and every" as overbroad and unduly burdensome.

9.      Motorola objects to Plaintiff's definition of "including" or "including without limitation" as overbroad and unduly burdensome.

10.     Motorola objects to Plaintiff's definition of "preinstalled" as overbroad and unduly burdensome.

11.     Motorola objects to Plaintiff's definition of "identify," or "identification" as overbroad and unduly burdensome.

12.     Motorola objects to Plaintiff's definition of "infringe," "infringing," or "infringement" as overbroad and unduly burdensome.

13.     Motorola objects to Plaintiff's definition of "relate to," "related to," "relating to," or "concerning" as overbroad and unduly burdensome.

14.     Motorola objects to Plaintiff's definition of "major version" as overbroad and unduly burdensome.

15.     All of the objections to Plaintiff's definitions set forth herein are hereby incorporated into each specific response set forth below and have the same force and effect as if fully set forth therein.

### RESPONSES TO REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO.100:**

One or more Accused Products (with automatic updates disabled and with all software installed that is/was preinstalled on the Accused Product(s) as and/or when sold by You and/or offered for sale by You and/or made by You and/or imported into the United States by You) that You hold to be representative of Your other Accused Products with respect to the functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 100:**

Motorola objects to this Request as it requests "[o]ne or more Accused Products . . . that You hold to be representative of Your other Accused Products," which is unduly burdensome and unreasonable as "the functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts" depends on a combination of device, operating system version, and application/program, and does not depend on only one product being used; therefore, no product is "representative" of any of the other Accused Products. Motorola further objects to this Request as "[o]ne or more Accused Products . . . that You hold to be representative of Your other Accused Products" is not proportional to the needs of the case, and is overly burdensome as related relevant information can be obtained more readily through documents or publicly available information. *See* Fed. R. Civ. P. 26(b)(2)(C) (stating "the court must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . "). Motorola also objects to this Request to the extent the Accused Products are publicly available, and thus readily accessible by, Arendi; indeed, upon information and belief, Arendi already examined the Accused Products as part of its Federal Rule of Civil Procedure 11 investigation and in preparation for drafting its infringement contentions.

Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information, which relates to the claims asserted in the November 29, 2012 Complaint, and which was created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information, which relates to any new claims asserted in the Amended Complaint, and that was created more than six years

4

before the filing of the Amended Complaint on October 3, 2013.  Motorola objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "representative of Your other Accused Products."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Motorola responds that it will not produce products in response to this Request.

**DOCUMENT REQUEST NO.101:**

One of each Accused Product (with automatic updates disabled and with all software installed that is/was preinstalled on the Accused Product as and/or when sold by You and/or offered for sale by You and/or made by You and/or imported into the United States by You) not produced in response to the prior Request for Production. If an Accused Product was sold by You and/or offered for sale by You and/or made by You and/or imported into the United States by You with more than one major version of an operating system preinstalled, treat an Accused Product with each such version of the operating system as a distinct Accused Product for purposes of responding to this Request for Production.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.101:**

Motorola objects to this Request as it seeks "[o]ne of each Accused Product . . . not produced in response to the prior Request for Production [No. 100]," which is unduly burdensome and unreasonable as related relevant information can be more readily obtained

5

through documents or publicly available information. *See* Fed. R. Civ. P. 26(b)(2)(C) (stating that "the court must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . "). Motorola also objects to this Request to the extent the Accused Products are publicly available, and thus readily accessible by, Arendi; indeed, upon information and belief, Arendi already examined the Accused Products as part of its Federal Rule of Civil Procedure 11 investigation and in preparation for drafting its infringement contentions.

Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information, which relates to the claims asserted in the November 29, 2012 Complaint, and which was created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information, which relates to any new claims asserted in the Amended Complaint, and which was created more than six years before the filing of the Amended Complaint on October 3,2013. Motorola objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Motorola objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "major version."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Motorola responds that it will not produce products in response to this Request.

6

**DOCUMENT REQUEST NO.102:**

One of each model of phone and/or tablet computer (with automatic updates disabled and with all software installed that is/was preinstalled on that model of phone or tablet computer as and/or when made by You, sold by You, offered for sale by You and/or imported into the United States by You) that You made, offered to sell and/or sold within the United States and/or that You imported into the United States since 2006 and not otherwise produced in response to the previous two Requests for Production.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.102:**

Motorola objects to this Request as it seeks "[o]ne of each model of phone and/or tablet computer. . .that You made, offered to sell and/or sold within the United States and/or that You imported into the United States since 2006," which is outside of the scope of the specifically identified products in Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products, and as such, Arendi is not permitted to obtain discovery related to these unaccused products. *See Ethicon LLC, et al., v. Intuitive Surgical, Inc., et al.*, No. CV 17-871-LPS-CJB, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018) (denying motion to compel discovery regarding unaccused products where plaintiff did not i.) specifically articulate how unaccused products were relevant to its existing claims of infringement; ii.) show that requested information is not publicly available; and iii.) demonstrate that defendant would not be overly burdened to produce requested discovery).

Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information, which relates to the claims asserted in the November 29, 2012 Complaint, and which was created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information, which relates to

7

any new claims asserted in the Amended Complaint, and which was created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Motorola responds that it will not produce devices in response to this Request.

**DOCUMENT REQUEST NO.103:**

To the extent that a laptop computer (also known as a notebook computer) or desktop computer is included among Your Accused Products, one of each model of laptop computer and desktop computer (with automatic updates disabled and with all software installed that is/was preinstalled on that model of laptop computer or desktop computer as and/or when made by You, sold by You, offered for sale by You, and/or imported into the United States by You) that You made, offered to sell and/or sold within the United States, and/or that You imported into the United States since 2006 and not otherwise produced in response to the previous three Requests for Production.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.103:**

Motorola objects to this Request as it seeks "[o]ne of each model of laptop computer and desktop computer . . . that You made, offered to sell and/or sold within the United States and/or that You imported into the United States since 2006," which is outside of the scope of the specifically identified products in Arendi's November 16, 2018 Supplemental Paragraph 4(a)

8

Identification of Accused Products, and as such, Arendi is not permitted to obtain discovery related to these unaccused products. *See Ethicon LLC, et al., v. Intuitive Surgical, Inc., et al.*, No. CV 17-871-LPS-CJB, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018) (denying motion to compel discovery regarding unaccused products where plaintiff did not i.) specifically articulate how unaccused products were relevant to its existing claims of infringement; ii.) show that requested information is not publicly available; and iii.) demonstrate that defendant would not be overly burdened to produce requested discovery).

Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information, which relates to the claims asserted in the November 29, 2012 Complaint, and which was created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information, which relates to any new claims asserted in the Amended Complaint, and which was created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Motorola responds that it will not produce devices in response to this Request.

**DOCUMENT REQUEST NO.104:**

To the extent that a portable media player is included among Your Accused Products, one of each model of portable media player containing a touchscreen (with automatic updates

9

disabled and with all software installed that is/was preinstalled on that model of portable media player as and/or when sold by You, offered for sale by You, made by You and/or imported into the United States by You) that You made, offered to sell and/or sold within the United States and/or that You imported into the United States since 2006 and not otherwise produced in response to the previous four Requests for Production.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.104:**

Motorola objects to this Request as it seeks "[o]ne of each model of portable media player containing a touchscreen . . . that You made, offered to sell and/or sold within the United States and/or that You imported into the United States since 2006," which is outside of the scope of the specifically identified products in Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products, and as such, Arendi is not permitted to obtain discovery related to these unaccused products. *See Ethicon LLC, et al., v. Intuitive Surgical, Inc., et al.*, No. CV 17-871-LPS-CJB, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018) (denying motion to compel discovery regarding unaccused products where plaintiff did not i.) specifically articulate how unaccused products were relevant to its existing claims of infringement; ii.) show that requested information is not publicly available; and iii.) demonstrate that defendant would not be overly burdened to produce requested discovery).

Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information, which relates to the claims asserted in the November 29, 2012 Complaint, and which was created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information, which relates to any new claims asserted in the Amended Complaint, and which was created more than six years before the filing of the Amended Complaint on October 3, 2013.   Motorola objects to this

10

Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Motorola responds that it will not produce products in response to this Request.

**DOCUMENT REQUEST NO.105:**

Documents sufficient to identify each preinstalled program and/or application, including the version thereof, that was preinstalled on each Accused Product as and/or when made, used, sold and/or offered for sale by You in the United States and/or imported by You into the United States.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.105:**

Motorola objects to this Request as it seeks documents relating to "each preinstalled program and/or application" with no time restraint, and also is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce unresponsive documents in its possession, custody, or control.  Motorola further objects to this Request as it seeks documents related to "preinstalled program[s] and/or application[s]," which is outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs or applications.  *See Ethicon LLC, et al., v. Intuitive Surgical, Inc., et al.*, No. CV 17-871-LPS-CJB, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018) (denying motion to compel discovery regarding

11

unaccused products where plaintiff did not i.) specifically articulate how unaccused products were relevant to its existing claims of infringement; ii.) show that requested information is not publicly available; and iii.) demonstrate that defendant would not be overly burdened to produce requested discovery).

Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Motorola responds that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO.106:**

To the extent an Accused Product contained more than one combination of preinstalled software programs or applications and/or versions of preinstalled software programs or applications as and/or when made, sold and/or offered for sale by You in the United States and/or imported by You into the United States, documents sufficient to show how many of that

12

Accused Product contained each of the various preinstalled software programs and/or versions of preinstalled software programs and in what combination.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.106:**

Motorola objects to this Request as it seeks documents related to "preinstalled program[s] and/or application[s]," which is outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs or applications. *See Ethicon LLC, et al., v. Intuitive Surgical, Inc., et al.*, No. CV 17-871-LPS-CJB, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018) (denying motion to compel discovery regarding unaccused products where plaintiff did not i.) specifically articulate how unaccused products were relevant to its existing claims of infringement; ii.) show that requested information is not publicly available; and iii.) demonstrate that defendant would not be overly burdened to produce requested discovery).

Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

13

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Subject to and without waiving the foregoing specific objections, Motorola responds that it is willing to meet and confer with Plaintiff in an attempt to discuss the meaning and scope of this Request and to resolve other identified objections.

**DOCUMENT REQUEST NO. 107:**

All documents related to the recognition (in whole or part) in an electronic document or recognition (in whole or part) in an electronic document and subsequent use (in whole or part) of telephone numbers; addresses; email addresses; dates, days and/or times; flight numbers and/or other identifiers for a trip made by a common carrier; tracking codes for shipments and/or couriers; and/or names in or by any program or application preinstalled on Your Accused Product(s).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 107:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control. Motorola further objects to this Request as overly broad as it seeks information related to "any program or application preinstalled on Your Accused Product(s)," which is outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications. *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "recognition" and "subsequent use."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Motorola responds that it will not produce documents to this Request.

**DOCUMENT REQUEST NO. 108:**

All documents related to the cost of developing, acquiring and/or licensing any functionality referred to in the preceding Request for Production.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 108:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control. Motorola objects to this Request to the extent it seeks "documents related to the cost of developing . . . any functionality

15

referred to in the preceding Request for Production," as information outside of Motorola's possession, custody, and control.  Motorola further objects to this Request as it refers to, and incorporates herein, Request No. 107, which is overly broad as it seeks information related to "any program or application preinstalled on Your Accused Product(s)," which is outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications.  *See Ethicon*, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "related to the cost of developing, acquiring and/or licensing."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not

relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Subject to the foregoing objections, and to the extent any responsive, non-privileged documents exist, Motorola responds that it will produce responsive, non-privileged documents relating to the cost of "acquiring and/or licensing" the functionalities referred to in Request for Production No. 107.

**DOCUMENT REQUEST NO. 109:**

All documents related to the value to You of any functionality referred to in Request for Production No. 107 and/or described by Arendi's Initial Claim Charts and Supplemental Initial Claim Charts. For purposes of responding to this Request for Production, You should take "value to You" to mean a) Your willingness to pay for the development, acquisition and/or licensing of such functionality, b) Your expected or projected return on investment in such functionality, c) Your projected or actual revenues, profits or sales attributable to such functionality, d) any projected or actual loss in revenues, profits or sales attributable to the actual or contemplated absence of such functionality in any Accused Product, e) any valuation assigned by You to such functionality.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 109:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control. Motorola further objects to this Request as it refers to, and incorporates herein, Request No. 107, which is overly broad as it seeks information related to "any program or application preinstalled on Your Accused Product(s)," which is outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental

Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications. *See Ethicon*, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola objects to Arendi's definition of "value to You" as overly broad and directed to irrelevant information.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "willingness to pay," "actual or contemplated absence of such functionality," and "valuation."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Subject to the foregoing objections, and to the extent any responsive, non-privileged documents exist, Motorola responds that it will produce responsive, non-privileged documents

relating to functionalities referred to in Request for Production No. 107 that is present in the Accused Products.

**DOCUMENT REQUEST NO. 110**:

All documents comparing or contrasting the web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) preinstalled on any Accused Product with the analogous program(s) or application(s) developed by or for Google LLC (or any related entity thereof) and not customized for Your Accused Product(s)— insofar as that contrast or comparison relates to the functionality described in Request for Production No. 107 and/or Arendi's Initial Claim Charts and Supplemental Initial Claim Charts.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 110:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control. Motorola further objects to this Request as overly broad as it seeks information related to "the web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s)," which is outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused products, programs, and applications. *See Ethicon*, 2018 WL 1392341 at \*2 (D.

19

Del. Feb. 12, 2018). Motorola further objects to this Request to the extent it seeks information regarding programs and applications "developed by or for Google LLC," which is information outside of Motorola's possession, custody, and control.

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Motorola objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "comparing or contrasting," "text editor program(s)," and "analogous program(s) or application(s)."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Motorola responds that it will not produce documents in response to this Request.

20

**DOCUMENT REQUEST NO. 111:**

All documents related to the cost of developing and/or licensing any web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) preinstalled on one or more Accused Product.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 111:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control. Motorola further objects to this Request as overly broad as it seeks information related to "any web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s)," which is outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused products, programs, and applications. *See Ethicon*, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which

21

were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.   Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "the cost of developing and/or licensing" and "text editor program(s)."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Motorola responds that it will not produce documents in response to this Request.  Subject to the foregoing objections, and to the extent any responsive, non-privileged documents exist, Motorola responds that it will produce responsive, non-privileged documents relating to the cost of licensing any of the accused programs and applications on the Accused Product(s).

**DOCUMENT REQUEST NO. 112:**

All documents related to the value to You of any web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) preinstalled on one or more Accused Products. For purposes of responding to this Request for Production, You should take "value to You" to mean a) Your willingness to pay for the development,

22

acquisition and/or licensing of such program(s) or application(s), b) Your expected or projected return on investment in such program(s) or application(s), c) Your projected or actual revenues, profits or sales attributable to such program(s) or application(s), d) any projected or actual loss in revenues, profits or sales attributable to the actual or contemplated absence of such program(s) or application(s) from any Accused Product, e) any valuation assigned by You to such program(s) or application(s).

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 112:

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control. Motorola further objects to this Request as overly broad as it seeks information related to "any web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s)," which is outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products, and as such, Arendi is not permitted to obtain discovery related to these unaccused products, programs, and applications. *See Ethicon*, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to

23

this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola objects to Arendi's definition of "value to You" as overly broad and directed to irrelevant information.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "willingness to pay," "actual or contemplated absence of such functionality," and "valuation."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to the foregoing objections, and to the extent any responsive, non-privileged documents exist, Motorola responds that it will produce responsive, non-privileged documents relating to accused programs, applications, and products.

**DOCUMENT REQUEST NO. 113:**

All documents related to Your right and/or obligation to sell and/or offer for sale any Accused Product with web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) developed and/or owned by Google LLC (or any related entity thereof) preinstalled on the Accused Product.

24

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 113:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control.  Motorola also objects to this Request as overly broad and unduly burdensome as it seeks documents regarding "web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s)," which is information outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications. *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).  Furthermore, Motorola objects to this Request as it seeks documents related to "web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) *developed and/or owned by Google LLC (or any related entity thereof),*" which is information outside of Motorola's possession, custody, and control.

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to

25

this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "obligation to sell."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to the foregoing objections, and to the extent any responsive, non-privileged documents exist, Motorola responds that it will produce responsive, non-privileged documents relating to accused programs, applications, and products.

**DOCUMENT REQUEST NO. 114:**

All documents related to the use of Linkify in or by any program or application preinstalled on an Accused Product.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 114:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control.  Motorola further objects to this Request as overly broad as it seeks information related to "any program or application preinstalled on an Accused Device and/or in any Accused Program," which is outside of the

scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications. *See Ethicon*, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "related to the use of."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Motorola responds that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 115:**

All documents related to the use of Smart Linkify in or by any program or application preinstalled on an Accused Product.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 115:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control. Motorola further objects to this Request as overly broad as it seeks information related to "any program or application preinstalled on an Accused Device and/or in any Accused Program," which is outside the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2009 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications. *See Ethicon*, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint

defense privilege, or any other applicable privileges.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "related to the use of."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Motorola responds that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 116:**

All documents related to the use of TextClassifier in or by any program or application preinstalled on an Accused Product.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 116:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control.  Motorola further objects to this Request as overly broad as it seeks information related to "any program or application preinstalled on an Accused Device and/or in any Accused Program," which is outside of the scope of the specifically identified products in Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications.  *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also

29

objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "related to the use of."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Motorola responds that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 117:**

All documents related to the promotion of TextClassifier, Linkify, or Smart Linkify by Google LLC (or any related entity thereof) for use in or by any program or application preinstalled on an Accused Product.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 117:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control.  Motorola further objects

30

to this Request as overly broad as it seeks information related to "any program or application preinstalled on an Accused Device and/or in any Accused Program," which is outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications. *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).  Furthermore, Motorola objects to the Request as it seeks documents related to "the promotion of TextClassifier, Linkify, or Smart Linkify by Google LLC," which are documents that are outside of Motorola's possession, custody, and control.

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "promotion."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Motorola responds that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 118:**

Documents sufficient to identify by model and quantity any phones or tablet computers that you sold abroad but made (in whole or part) in the United States.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 118:**

Motorola objects to this Request as overly broad as it seeks information regarding "any phones or tablet computers," which is outside of the scope of the specifically identified products in Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products, and as such, Arendi is not permitted to obtain discovery related to these unaccused products. *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).  Motorola further objects to this Request as it seeks information related to foreign sales, which is unrelated to any of Arendi's asserted claims of infringement.

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola

32

further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Subject to and without waiving the foregoing specific objections, Motorola responds that it is willing to meet and confer with Plaintiff in an attempt to discuss the meaning and scope of this Request and to resolve other identified objections.

**DOCUMENT REQUEST NO. 119:**

Documents sufficient to identify by model and quantity any phones or tablet computers made, sold and/or offered for sale by You in or since 2006 with a preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) that was loaded onto or installed on that device in the United States.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 119:**

Motorola objects to this Request as overly broad and unduly burdensome as it seeks information regarding "any phones or tablet computers" that Motorola made, sold and/or offered for sale with "a preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s);

LEGAL_US_E # 142080519.3

spreadsheet program(s) or application(s); or text editor program(s) or application(s)," which is information outside of the scope of the specifically identified products in Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications. *See Ethicon*, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "text editor program(s)."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Subject to and without waiving the foregoing specific objections, Motorola responds

34

that it is willing to meet and confer with Plaintiff in an attempt to discuss the meaning and scope of this Request and to resolve other identified objections.

**DOCUMENT REQUEST NO. 120:**

Documents sufficient to identify by model and quantity any phones or tablet computers made, sold and/or offered for sale by You in or since 2006 with a preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) that was loaded onto or installed on that device from or using servers located in the United States.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 120:**

Motorola objects to this Request as overly broad and unduly burdensome as it seeks information regarding "any phones or tablet computers" that Motorola made, sold and/or offered for sale with "a preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s)," which is outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications. *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also

35

objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "text editor program(s)," "loaded onto," and "using servers."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Subject to and without waiving the foregoing specific objections, Motorola responds that it is willing to meet and confer with Plaintiff in an attempt to discuss the meaning and scope of this Request and to resolve other identified objections.

**DOCUMENT REQUEST NO. 121:**

Documents sufficient to identify by model and quantity any phones or tablet computers made, sold and/or offered for sale by You in or since 2006 with a preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text

editor program(s) or application(s) that was automatically updated from within the United States
and/or using servers located in the United States.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 121:**

Motorola objects to this Request as overly broad and unduly burdensome as it seeks
information regarding "any phones or tablet computers" that Motorola made, sold and/or offered
for sale with "a preinstalled operating system, web browser(s); email program(s) or
application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or
task list program(s) or application(s); slides/presentation program(s) or application(s);
spreadsheet program(s) or application(s); or text editor program(s) or application(s)," which is
outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification
of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions,
and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and
applications. *See Ethicon*, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents
beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also
objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and
documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which
were created more than six years before the filing of that Complaint.  Motorola also objects to
this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents,
which relate to any new claims asserted in the Amended Complaint, and which were created
more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola
further objects to this Request to the extent it seeks information or documents protected from
discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint

defense privilege, or any other applicable privileges.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "text editor program(s)," "automatically updated from," and "using servers."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, Motorola responds that it is willing to meet and confer with Plaintiff in an attempt to discuss the meaning and scope of this Request and to resolve other identified objections.

**DOCUMENT REQUEST NO. 122:**

Documents sufficient to show the location where You took title to and/or possession of any Accused Products.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 122:**

Motorola objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including but not limited to "the location where," "took title to," and "possession."  Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on

38

October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, Motorola responds that it is willing to meet and confer with Plaintiff in an attempt to discuss the meaning and scope of this Request and to resolve other identified objections.

**DOCUMENT REQUEST NO. 123:**

Documents sufficient to show transfer prices paid by You to any affiliated or related entity of Yours for any Accused Product and/or for each program or application preinstalled on any Accused Product.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 123:**

Motorola objects to this Request as overly broad and unduly burdensome as it seeks information regarding "each program or application preinstalled on any Accused Product," which outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications.  *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and

documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, Motorola responds that it is willing to meet and confer with Plaintiff in an attempt to discuss the meaning and scope of this Request and to resolve other identified objections.

**DOCUMENT REQUEST NO. 124:**

Documents sufficient to show the location where any preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) was developed and/or customized for one or more Accused Product or any product line of Yours that includes one or more Accused Products.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 124:**

Motorola objects to this Request as overly broad and unduly burdensome as it seeks documents regarding "any preinstalled operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s)" and documents regarding "any product line" of Motorola's, which is information outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused products, programs, and applications. *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Motorola also objects to this Request on

41

the grounds that the terms and phrases in this Request are vague and ambiguous, including "the
location where" and "developed and/or customized."

Motorola further objects to this Request as vague and ambiguous, overbroad, and
exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not
relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of
this case.  Subject to and without waiving the foregoing specific objections, Motorola responds
that it is willing to meet and confer with Plaintiff in an attempt to discuss the meaning and scope
of this Request and to resolve other identified objections.

**DOCUMENT REQUEST NO. 125:**

Documents sufficient to identify the model and quantity of all phones and tablet
computers made, sold and/or offered for sale by You in or since 2006 with a preinstalled
operating system, web browser(s); email program(s) or application(s); text, SMS and/or instant
messaging program(s) or application(s); calendar and/or task list program(s) or application(s);
slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text
editor program(s) or application(s) that You developed and/or customized in the United States
for one or more of those phones or tablets.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 125:**

Motorola objects to this Request as overly broad and unduly burdensome as it seeks
documents regarding "all phones and tablet computers made, sold and/or offered for sale by You
in or since 2006" and "a preinstalled operating system, web browser(s); email program(s) or
application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or
task list program(s) or application(s); slides/presentation program(s) or application(s);
spreadsheet program(s) or application(s); or text editor program(s) or application(s)," which is

42

information outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused products, programs, and applications. *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including, "text editor program(s)" and "developed and/or customized."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, Motorola responds

43

that it is willing to meet and confer with Plaintiff in an attempt to discuss the meaning and scope of this Request and to resolve other identified objections.

## DOCUMENT REQUEST NO. 126:

Documents sufficient to identify any phone or tablet computer that You sold and/or offered to sell abroad that utilized computer servers located in the United States in or since 2006 to provide functionality depicted and/or described in Arendi's Initial Claim Charts or Supplemental Initial Claim Charts.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 126:

Motorola objects to this Request as overly broad and unduly burdensome as it seeks documents regarding "any phone or tablet computer," which is information outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products, and as such, Arendi is not permitted to obtain discovery related to these unaccused products. *See Ethicon*, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018). Motorola further objects to this Request as it seeks documents and information related to foreign sales, which is outside of the scope of Arendi's asserted patent infringement claims.

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola

44

further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including "utilized computer servers."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, Motorola responds that it is willing to meet and confer with Plaintiff in an attempt to discuss the meaning and scope of this Request and to resolve other identified objections.

**DOCUMENT REQUEST NO. 127:**

Documents sufficient to show by model and quantity any sale, offer for sale, transshipment or export of an Accused Product from or through the United States to a foreign market in or since 2006.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 127:**

Motorola objects to this Request as it seeks documents and information related to foreign sales, which is outside of the scope of Arendi's asserted patent infringement claims.  Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request,

45

pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including "transshipment."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, Motorola responds that it is willing to meet and confer with Plaintiff in an attempt to discuss the meaning and scope of this Request and to resolve other identified objections.

**DOCUMENT REQUEST NO. 128:**

All documents concerning advertising and/or marketing for an Accused Product in or directed toward consumers in the United States by You or any parent, subsidiary or related entity of Yours.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 128:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control.  Motorola objects to this request to the extent it seeks documents relating to any "parent, subsidiary or related entity," which may include documents outside of Motorola's possession, custody, and control.

46

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including "in or directed toward customers."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Subject to and without waiving the foregoing specific objections, and to the extent responsive, non-privileged documents exist, Motorola responds that it will produce such documents responsive to this Request.

**DOCUMENT REQUEST NO. 129:**

All documents concerning the actual, projected or intended effects of Your global or foreign advertising of any Accused Product on its sales in the United States.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 129:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control. Motorola further objects to this Request as it seeks information related to foreign activity, which is unrelated to any of Arendi's asserted claims of infringement.

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including "actual, projected or intended effects."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Subject to and without waiving the foregoing specific objections, Motorola responds

48

that it is willing to meet and confer with Plaintiff to discuss the meaning and scope of this Request, and to resolve other identified objections.

## DOCUMENT REQUEST NO. 130:

All documents concerning the coordination between You and any affiliate, subsidiary, parent or related entity of Yours of any United States marketing campaign for any Accused Product with any global or foreign marketing campaign.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 130:

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control.   Motorola objects to this request to the extent it seeks documents relating to any "affiliate, subsidiary, parent or related entity," which includes documents outside of Motorola's possession, custody, and control. Motorola further objects to this Request as it seeks information related to foreign activity, which is unrelated to any of Arendi's asserted claims of infringement.

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from

49

discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including "coordination."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, Motorola responds that it is willing to meet and confer with Plaintiff to discuss the meaning and scope of this Request, and to resolve other identified objections.

**DOCUMENT REQUEST NO. 131:**

Documents sufficient to show any revenues or profits received by You in the United States from the sale abroad of any Accused Product.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 131:**

Motorola further objects to this Request as it seeks information related to foreign sales, which is unrelated to any of Arendi's asserted claims of infringement.  Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the

Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Subject to and without waiving the foregoing specific objections, Motorola responds that it is willing to meet and confer with Plaintiff to discuss the meaning and scope of this Request, and to resolve other identified objections.

**DOCUMENT REQUEST NO. 132:**

All documents related to any decision not to include in, or to exclude from, any program or application preinstalled on any Accused Product(s) the capacity to recognize (in whole or part) in an electronic document or to recognize (in whole or part) in an electronic document and subsequently use (in whole or part) telephone numbers; addresses; email addresses; dates, days and/or times; flight numbers and/or other identifiers for a trip made by a common carrier; tracking codes for shipments and/or couriers; and/or names.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 132:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control. Motorola further objects to this Request as overly broad and unduly burdensome as it seeks documents regarding "any program or application preinstalled on any Accused Device" which is information outside of the

51

scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications. *See Ethicon*, 2018 WL 1392341 at \*2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including "capacity to recognize" and "subsequent use."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Subject to and without waiving the foregoing specific objections, and to the extent responsive, non-privileged documents exist, Motorola responds that it will produce responsive, non-privileged documents relating to the accused programs, applications, and products.

**DOCUMENT REQUEST NO. 133:**

Documents sufficient to identify any type of information in an electronic document other than telephone numbers; addresses; email addresses; dates, days and/or times; flight numbers and/or other identifiers for a trip made by a common carrier; tracking codes for shipments and/or couriers; and/or names that any program or application preinstalled on any Accused Product(s) has the capacity to recognize and categorize as information of a specific type.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 133:**

Motorola objects to this Request as overly broad and unduly burdensome as it seeks documents regarding "any program or application preinstalled on any Accused Product," which is information outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications. *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint

defense privilege, or any other applicable privileges.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including "capacity to recognize" and "categorize as information."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, and to the extent responsive, non-privileged documents exist, Motorola responds that it will produce responsive, non-privileged documents relating to the accused programs, applications, and products.

**DOCUMENT REQUEST NO. 134**:

Documents sufficient to identify all products of Yours running any version of each program or application depicted in Arendi's Initial Claim Charts or Supplemental Initial Claim Charts or any annexures thereto.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 134:**

Motorola objects to this Request as overly broad and unduly burdensome as it seeks documents regarding "any version of each program or application depicted in Arendi's Initial Claim Charts or Supplemental Initial Claim Charts," which is information outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products, and as such, Arendi is not permitted to obtain discovery related to these unaccused programs and applications.  *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and

documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, and to the extent responsive, non-privileged documents exist, Motorola responds that it will produce responsive, non-privileged documents relating to the accused programs, applications, and products.

**DOCUMENT REQUEST NO. 135:**

All documents concerning any functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 135:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all potentially responsive documents in its possession, custody, or control.  Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also objects to this Request, pursuant to 35

55

U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.   Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, and to the extent responsive, non-privileged documents exist, Motorola responds that it will produce responsive, non-privileged documents regarding "the functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts," as it relates to the accused programs, applications, and products.

**DOCUMENT REQUEST NO. 136:**

All documents related to the cost of developing, acquiring and/or licensing any functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 136:**

Motorola objects to this Request as it requests "all documents," which is overly broad, unduly burdensome, and unreasonable as it requires Motorola to identify, collect and produce all

56

potentially responsive documents in its possession, custody, or control. Motorola further objects to this request to the extent it seeks documents related to "the cost of developing . . . any functionality," which are documents outside of Motorola's possession, custody, and control.

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case. Subject to and without waiving the foregoing specific objections, and to the extent responsive, non-privileged documents exist, Motorola responds that it will produce responsive, non-privileged documents regarding the cost of "acquiring and/or licensing any functionality described in Arendi's Initial Claim Charts and Supplemental Initial Claim Charts" as it relates to the accused programs, applications, and products.

**DOCUMENT REQUEST NO. 137:**

Documents sufficient to identify each web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s) that You have made, developed, adapted and/or customized, or branded as Yours (or that You contracted to have made, developed, adapted and/or customized for You) and that You have made available (whether for payment or gratis) to users of Your Accused Products to install or receive preinstalled on an Accused Product.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 137:**

Motorola objects to this Request as overly broad and unduly burdensome as it seeks documents regarding "each web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s)" that Motorola has "made, developed, adapted and/or customized," which is information outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused products, programs, and applications. *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).  Motorola further objects to this request to the extent it seeks documents outside of Motorola's possession, custody, or control.

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit.  Motorola also

objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint.  Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013.  Motorola further objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.  Motorola also objects to this Request on the grounds that the terms and phrases in this Request are vague and ambiguous, including "customized," "text editor program(s)," and "have made available."

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, and to the extent responsive, non-privileged documents exists, Motorola responds that it will produce such responsive, non-privileged documents that relate to the accused programs, applications, and products.

**DOCUMENT REQUEST NO. 138:**

Source code (including program files, library files and compiling files) for all operating systems, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text

editor program(s) or application(s) preinstalled on any Accused Product that relates to any functionality depicted or described in Arendi's Initial Claim Charts or Supplemental Initial Claim Charts.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 138:**

Motorola objects to this Request as overly broad and unduly burdensome as it seeks source code regarding "all operating systems, web browser(s); email program(s) or application(s); text, SMS and/or instant messaging program(s) or application(s); calendar and/or task list program(s) or application(s); slides/presentation program(s) or application(s); spreadsheet program(s) or application(s); or text editor program(s) or application(s)" that were "preinstalled on any Accused Product," which is information outside of the scope of Arendi's November 16, 2018 Supplemental Paragraph 4(a) Identification of Accused Products and Arendi's February 13, 2019 Supplemental Infringement Contentions, and as such, Arendi is not permitted to obtain discovery related to these unaccused products, programs, and applications. *See Ethicon*, 2018 WL 1392341 at *2 (D. Del. Feb. 12, 2018).

Motorola also objects to this Request to the extent it seeks information and documents beyond the November 10, 2018 expiration date of all of the Patents-in-Suit. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to the claims asserted in the November 29, 2012 Complaint, and which were created more than six years before the filing of that Complaint. Motorola also objects to this Request, pursuant to 35 U.S.C. § 286, to the extent it seeks information and documents, which relate to any new claims asserted in the Amended Complaint, and which were created more than six years before the filing of the Amended Complaint on October 3, 2013. Motorola further objects to this Request to the extent it seeks information or documents protected from

discovery by the attorney-client privilege and/or the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

Motorola further objects to this Request as vague and ambiguous, overbroad, and exceeding the scope of discovery permitted under FRCP 26(b)(1) as it seeks information not relevant to any matter at issue in this litigation, and therefore is not proportional to the needs of this case.  Subject to and without waiving the foregoing specific objections, Motorola responds that it will make available for inspection, pursuant to the terms and conditions of Paragraph 6.E of the September 10, 2013 Protective Order, source code relating "to the functionality depicted or described in Arendi's Initial Claim Charts or Supplemental Initial Claim Charts."

Dated:  June 3, 2019                                   Respectfully submitted,

                                            By: /s/ Robert Unikel
                                            Robert Unikel
                                            Michelle Marek Figueiredo
                                            PAUL HASTINGS LLP
                                            71 S. Wacker Dr., Suite 4500
                                            Chicago, IL 60606
                                            Telephone:  1(312) 449-6000

                                            Robert Laurenzi
                                            PAUL HASTINGS LLP
                                            200 Park Avenue
                                            New York, New York  10166
                                            Telephone:  1(212) 318-6000

                                            Ariell Bratton
                                            PAUL HASTINGS LLP
                                            4747 Executive Drive, 12th Floor
                                            San Diego, CA 92121
                                            Telephone:  1(858)458-3000

POTTER ANDERSON & CORROON
LLP

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant*
*Motorola Mobility LLC*

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARENDI S.A.R.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-1601-LPS |
| | ) |
| MOTOROLA MOBILITY LLC | ) |
| f/k/a MOTOROLA MOBILITY, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT MOTOROLA MOBILITY LLC'S OBJECTIONS AND RESPONSES TO ARENDI S.A.R.L.'S RULE 30(B)(6) NOTICE OF DEPOSITION

Defendant Motorola Mobility LLC ("Defendant" and/or "Motorola") objects and responds to Arendi S.A.R.L. ("Arendi")'s Notice of Federal Rule of Civil Procedure 30(b)(6) Deposition of Motorola ("the Notice"). Motorola serves these objections while reserving all rights to assert additional objections, or to modify these objections, prior to, during, and after any deposition taken pursuant to the Notice, including objections as to the competency, relevancy, materiality, privilege, or admissibility of testimony, the scope of corporate testimony, and the reasonableness, particularity, burden, and breadth of each topic within the Notice.

**GENERAL OBJECTIONS**

1. Motorola objects to the proposed deposition date in the Notice, and also objects to the proposed location in the Notice. Motorola agrees to meet and confer with Arendi to determine mutually acceptable dates and locations for the deposition.

2. Motorola objects to the Notice to the extent that it conflicts or is inconsistent with any order, stipulation, federal or local rule, or agreement setting limits on the length, topics, and/or other relevant aspect of Rule 30(b)(6) deposition testimony sought by the Notice

3. Motorola may designate one or more corporate witnesses in response to this Notice. To the extent that Arendi seeks to depose such witnesses in their individual capacity, Motorola objects to producing any witness for more than one seven-hour deposition. Should Arendi wish to depose any Rule 30(b)(6) witness in his or her individual capacity, Arendi must do so at the same time, and within the same one-day, seven-hour period, as the Rule 30(b)(6) deposition.

4. Motorola makes no incidental or implied admissions by serving these objections and responses. Accordingly, Arendi shall not construe Motorola's objections and responses to any request as an admission that Motorola accepts or admits the existence of any facts assumed by the request, and Arendi shall not construe or attempt to use Motorola's responses or objections as

2

admissible evidence of any such assumed facts.

5.    Any witness Motorola designates to testify on its behalf in response to the Notice will only testify based on Motorola's good-faith efforts to conduct a reasonable and diligent search for responsive information, and will testify without prejudice to Motorola's right to produce or rely on any subsequently discovered information.  Motorola specifically reserves the right to make use of, or to introduce at any subsequent hearing or trial, information that falls within the topics but is discovered subsequent to the deposition(s).

6.    Motorola objects to the Notice to the extent that it requires testimony on matters subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure.  Motorola claims such privileges and protections to the extent implicated by each topic, and will exclude privileged and protected information from any testimony it may offer in response to the Notice.  Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges or protections.

7.    Motorola objects to the Notice and the topics therein as overly broad, unduly burdensome, and oppressive insofar as it purports to require testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola further objects to the Notice to the extent that it does not "describe with reasonable particularity the matters for examination" as required by Rule 30(b)(6).

8.    Motorola objects to the Notice and the topics therein on the ground that the burden and/or expense of the proposed discovery outweighs its likely benefit, the scope of discovery Arendi seeks is not proportional to the needs of the case, and other forms of obtaining discovery— e.g., written discovery—are more appropriate and far less burdensome than discovery via a Rule 30(b)(6) deposition.  In particular, it is improper to seek Motorola's legal contentions and factual

3

bases therefor via a Rule 30(b)(6) deposition.  Motorola objects to any topic seeking corporate testimony on such improper subject matters.

9.       Motorola objects to the Notice to the extent it purports to seek testimony based on information not within Motorola's possession, custody, or control.  By agreeing to present a witness for any of the topics in the Notice, Motorola does not represent that it has information or knowledge responsive to such topics.

10.      Discovery is not yet complete and Motorola's investigation relating to this lawsuit is continuing.  Motorola's responses to the Notice, and any deposition testimony it provides in response to the Notice, are based upon and reflect the current state of its knowledge, and are made without prejudice to Motorola's production and use of subsequently discovered evidence or interpretations thereof.  Motorola reserves the right to produce, and/or use any evidence discovered subsequent to any depositions in response to the Notice.

11.      Motorola will only provide testimony regarding confidential information under the confidentiality provisions recited in the Stipulated Protective Order, and only to the extent that such testimony does not violate any applicable right to privacy, third-party confidentiality restrictions, and any other applicable Order, law, rule, or agreement.  Motorola objects to the Notice to the extent that it purports to impose on Motorola any obligation that is different from or greater than any obligation imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States Court for the District of Delaware.

12.      Motorola objects to the Notice's definition of "You", "Motorola" or "Defendant" as overly broad and unduly burdensome to the extent it purports to cover unidentified third-parties that are not controlled by Motorola.  For purposes of the Notice, Motorola defines "You," "Motorola," or "Defendant" as Motorola Mobility LLC, but does not include any Motorola

4

employees acting on their own behalf.

13.     Motorola objects to the Notice's definition of "Asserted Patents" and "Patents-in-Suit" as overly broad and unduly burdensome to the extent it covers patents that no longer remain in the current litigation and that never specifically were asserted against Motorola. For purposes of the Notice, Motorola defines "Asserted Patents" and "Patents-in-Suit" as U.S. Patent Nos. 7,917,843 and 8,306,993.

14.     Motorola objects to the Notice's definition of "Accused Products" on the ground that the definition is overbroad and unduly burdensome. For purposes of the Notice, Motorola defines "Accused Products" as the devices in Arendi's Paragraph 4(a) Disclosure that have been charted in Arendi's infringement contentions (with specific reference to software required for any possible infringement). For purposes of this Notice, Motorola does not include in the "Accused Products" definition, (a) any device not listed in Arendi's Paragraph 4(a) Disclosure, (b) any device that was made, used or sold prior to March 29, 2011, (c) any device listed in Arendi's Paragraph 4(a) Disclosure, but for which Arendi did not subsequently provide complete infringement contentions. Motorola also does not include in the "Accused Products" definition, any software (including operating system, program or application software) for which Arendi did not provide complete infringement contentions and charts with respect to identified devices.

15.     Motorola objects to the Notice's definition of "Linkify Functions" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous. For purposes of the Notice, Motorola defines "Linkify Functions" as the functionality that has been appropriately charted in Arendi's infringement contentions. For purposes of this Notice, Motorola will not include in the "Linkify Functions" definition any functionality for which Arendi did not provide a complete infringement contention chart with regard to a specifically asserted claim.

5

16.     Motorola objects to the Notice's definition of "Accused Applications" on the ground that the definition is overbroad, unduly burdensome, vague and ambiguous, and seeks irrelevant information.  For purposes of the Notice, Motorola defines "Accused Applications" as the applications that have been appropriately charted in Arendi's infringement contentions in connection with adequately specified, accused Motorola devices.  For purposes of this Notice, Motorola will not include in the "Accused Applications" definition, any application for which Arendi did not provide complete infringement contentions in connection with an adequately specified, accused Motorola device.

17.     Motorola objects to Arendi's definition of "all" and "each" on the ground that the definition is overbroad and unduly burdensome.

18.     Motorola objects to Arendi's definition of "and" and "or" on the ground that the definition is overbroad and unduly burdensome.

19.     Motorola objects to Arendi's definition of "any" on the ground that the definition is overbroad and unduly burdensome.

20.     Motorola objects to Arendi's definition of "relate," "relating," or "related" as overbroad and unduly burdensome.

21.     Motorola objects to Arendi's definition of "person" on the ground that the definition is overbroad and unduly burdensome.

22.     Motorola objects to Arendi's definition of "document" on the ground that the definition is overbroad and unduly burdensome to the extent it includes any "electronically-stored matter" that is not required to be preserved pursuant to this Court's Default Standard for Discovery, Schedule A.

23.     Motorola objects to Arendi's definition of "communication" on the ground that the

6

definition is overbroad and unduly burdensome.

24.     Motorola objects to Arendi's definition of "preinstalled" to the extent the definition includes any software, program and/or application that is not identified on Arendi's Paragraph 4(a) Disclosure and not also properly charted in Arendi's infringement contentions.

25.     Motorola objects to Arendi's definition of "sale," "sales," "sell" or "sold" on the ground that the definition of these terms is overbroad, unduly burdensome, and seeks irrelevant information.

26.     Motorola objects to Arendi's definition of "identify" on the ground that the definition is overbroad and unduly burdensome.

27.     Each of the foregoing objections is applicable to, and incorporated by reference in, the individual responses set forth below. Without waiving these objections, and subject to them, Motorola responds to Arendi's specific deposition topics as set forth below.

28.     Under the Stipulated Scheduling Order, Arendi is entitled to depose Motorola for up to 40 hours.  Given the number, and the breadth of 30(b)(6) topics within this Notice, it would be impossible to cover all topics in the allotted 40 hours.  Accordingly, Motorola objects to the topics as overbroad and unduly burdensome to the extent Arendi is requiring Motorola to select and prepare witnesses for every topic without advance notice as to which specific topics actually will be covered during depositions. Without advance notice, Motorola is only able to provide witnesses with general, high-level understandings as to certain topics.

29.     Motorola objects to this notice, and to each topic, to the extent it purports to require any designated witness to be prepared to testify on behalf of Motorola regarding the contents of any specific document that is not identified with specificity in the notice or topic. If Arendi requires testimony regarding any specific document(s) allegedly relating to a topic, then Arendi must

7

identify with specificity such document(s) sufficiently in advance of any deposition so as to permit a designated Motorola witness to be adequately prepared.  If Arendi fails to make such a specific identification of documents in advance of any deposition, then any designated Motorola witness may not be in a position to offer any testimony on behalf of Motorola with respect to a document provided at the deposition, and such witness may only be in a position to offer general testimony regarding particular subject matter.

### SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

In addition to and without waiving its General Objections, Motorola specifically objects to the topics identified in the Notice as follows:

**TOPIC NO. 1:**

How Motorola realizes, recognizes, and classifies revenues from the Accused Products, including a description of Motorola's methodology for characterizing revenue as U.S. or international for U.S. tax purposes.

**OBJECTION TO TOPIC NO. 1:**

Motorola objects that Topic No. 1 is overly broad, unduly burdensome, vague, and ambiguous to the extent that "Accused Products" purports to cover applications, programs, and/or devices that have not been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation, were not properly charted by Arendi in its infringement contentions, or are not relevant to Motorola's defenses.  Motorola further objects to this topic as overly broad and unduly burdensome insofar as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola further objects to this topic as overly broad and unduly burdensome as it seeks Motorola's

characterization of revenue for tax purposes, which is information that is not relevant to Arendi's claims against Motorola, or Motorola's defense to Arendi's claims.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the Motorola produced financial documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

## TOPIC NO. 2:

Motorola's accounting practices pertaining to the Accused Products, including Motorola's methods of accounting for revenues, costs, profits, methods or depreciation, allocation of expenses, inventory measurements, profit allocation, losses, and assignments of debt.

## OBJECTION TO TOPIC NO. 2:

Motorola objects that Topic No. 2 is overly broad, unduly burdensome, vague, and ambiguous to the extent that "Accused Products" purports to cover applications, programs, and/or devices that have not been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation, were not properly charted by Arendi in its infringement contentions, or are not relevant to Motorola's defenses. Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the Motorola produced financial documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

9

**TOPIC NO. 3:**

Motorola's methods for valuing the Accused Products with respect to their contributions to good will, user retention, advertising revenue, collection of user data, and/or contribution to other revenue-generating products of Motorola.

**OBJECTION TO TOPIC NO. 3:**

Motorola objects that Topic No. 3 is overly broad, unduly burdensome, vague, and ambiguous to the extent that "Accused Products" purports to cover applications, programs, and/or devices that have not been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation, were not properly charted by Arendi in its infringement contentions, or are not relevant to Motorola's defenses. Motorola also objects to this topic as overly broad to the extent it seeks information regarding "other revenue-generating products of Motorola," which are products that are not properly identified in Arendi's 4(a) Disclosures or properly charted in Arendi's infringement contentions. Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola additionally objects to the terms "methods for valuing," "collection of user data," and "contribution to other revenue-generating products of Motorola" as vague, ambiguous, overly broad, and unduly burdensome.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the Motorola produced financial documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions, as well as the "methods for valuing" the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

10

**TOPIC NO. 4:**

As to sales, use, or monetization of the Accused Products, Motorola's revenues, assigned costs, profit margins, and total profits.

**OBJECTION TO TOPIC NO. 4:**

Motorola objects that Topic No. 4 is overly broad, unduly burdensome, vague, and ambiguous to the extent that "Accused Products" purports to cover applications, programs, and/or devices that have not been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation, were not properly charted by Arendi in its infringement contentions, or are not relevant to Motorola's defenses. Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola additionally objects to the term, "assigned costs," as vague, ambiguous, overly broad, and unduly burdensome.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the Motorola produced financial documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

**TOPIC NO. 5:**

The amount of sales, use, subscriptions, monetization, costs, or revenues related to the Accused Products purportedly occurring within the United States, the basis for any contention that other sales, uses, subscriptions, monetization, costs, or revenues related to the Accused Products occur outside the United States, and the amount of such non-United States sales, uses, subscriptions, monetization, costs, or revenues.

11

**OBJECTION TO TOPIC NO. 5:**

Motorola objects that Topic No. 5 is overly broad, unduly burdensome, vague, and ambiguous to the extent that "Accused Products" purports to cover applications, programs, and/or devices that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation, were not properly charted by Arendi in its infringement contentions, or are not relevant to Motorola's defenses. Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola also objects to this topic as unduly burdensome and improper to the extent it calls for corporate testimony concerning legal contentions, legal opinions, and expert opinions. Motorola also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality. Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it purports to require testimony covering "non-United States sales, uses, subscriptions, monetization, costs, or revenues," which is a topic not relevant to Arendi's claims against Motorola.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the Motorola produced financial documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

**TOPIC NO. 6:**

As to the financial records and/or summary documents produced by Motorola in this litigation that purport to reflect Motorola's revenues, profits or losses from sales, use, or

12

monetization of the Accused Products, the circumstances under which those records were generated, the accounting methods and practices employed in generating such records, the underlying data from which such records were generated, the explanation of any terms or legends in such records, and reconciliation of those figures to those publicly disclosed in Motorola's SEC filings, including the definitions and amounts of any deductions and allowances necessary for reconciliation.

**OBJECTION TO TOPIC NO. 6:**

Motorola objects that Topic No. 6 is overly broad, unduly burdensome, vague, and ambiguous to the extent that "Accused Products" purports to cover applications, programs, and/or devices that have not been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation, were not properly charted by Arendi in its infringement contentions, or are not relevant to Motorola's defenses.  Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality.  Motorola further objects because this topic does not describe with reasonable particularity the matters for examination, and a deposition is the least appropriate discovery method to seek information about the creation of documents.  Motorola also objects that it would be burdensome and oppressive to prepare a corporate designee to memorize and testify about numerous detailed aspects of all "financial records and summary documents produced in this litigation" related to the Accused Products.

13

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the Motorola produced financial documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

## TOPIC NO. 7:

License agreements, settlement agreements, and royalty agreements relating to the Accused Products or to Motorola's damages contentions that Motorola, or its affiliates or assigns, has entered into from 2007 to the present or that cover that period.

## OBJECTION TO TOPIC NO. 7:

Motorola objects that Topic No. 7 is overly broad, unduly burdensome, vague, and ambiguous to the extent that "Accused Products" purports to cover applications, programs, and/or devices that have not been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation, were not properly charted by Arendi in its infringement contentions, or are not relevant to Motorola's defenses. Motorola also objects to this topic as unduly burdensome and improper to the extent it calls for corporate testimony concerning legal contentions, legal opinions, and expert opinions.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the patent agreements produced in this litigation.

## TOPIC NO. 8:

License agreements, settlement agreements, and royalty agreements relating to any aspect of Motorola's products involving recognition of all or part of names, addresses, phone numbers, calendar information, flight numbers, email addresses, package/parcel/letter tracking information in text capable of being displayed on a screen.

14

**OBJECTION TO TOPIC NO. 8:**

Motorola objects that Topic No. 8 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover products outside of the scope of "Accused Products" "and "Accused Applications" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola also objects to this topic as overly broad to the extent that Arendi does not limit its request for information about license, settlement, and royalty agreements to only those relating to patents. Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the patent agreements produced in this litigation.

**TOPIC NO. 9:**

License agreements, settlement agreements, and royalty agreements relating to the use of names, addresses, phone numbers, calendar information, flight numbers, email addresses, package/parcel/letter tracking information in or by the Accused Products or applications installed on the Accused Products.

**OBJECTION TO TOPIC NO. 9:**

Motorola objects that Topic No. 9 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover products outside of the scope of "Accused Products" and "Accused Applications" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as overly broad, unduly

burdensome, and oppressive as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola further objects because this topic does not describe with reasonable particularity the matters for examination.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the patent agreements produced in this litigation.

**TOPIC NO. 10:**

Any patents or proprietary technology owned or exclusively licensed by Motorola relating to the Accused Applications or Linkify Functions.

**OBJECTION TO TOPIC NO. 10:**

Motorola objects that Topic No. 10 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover products outside of the scope of "Accused Products," "Accused Applications," and "Linkify Functions" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions.  Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the patent agreements produced in this litigation. To the extent that Arendi identifies any specific Motorola-owned or Motorola-licensed patents that it wishes to inquire about, Motorola will evaluate the propriety of designating a witness to testify concerning those patents once they are identified with specificity.

16

**TOPIC NO. 11:**

From 2007 to the present, Motorola's evaluation of patents or other proprietary technology relating to the Accused Products, and the methodologies used by Motorola for determining values or royalty rates for licensing of such technology.

**OBJECTION TO TOPIC NO. 11:**

Motorola objects that Topic No. 11 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover products outside of the scope of "Accused Products" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality. Motorola also objects to this topic as unduly burdensome and improper to the extent it calls for corporate testimony concerning legal contentions, legal opinions, and expert opinions. Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it requires testimony covering a time period after the expiration of the Patents-in-Suit, which is not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the patent agreements produced in this litigation. To the extent that Arendi identifies any specific Motorola-owned or Motorola-licensed patents that it wishes to inquire about, Motorola will evaluate the propriety of designating a witness to testify concerning those patents once they are identified with specificity.

**TOPIC NO. 12:**

Motorola's policies and practices concerning licensing, including any standard or preferred terms for license agreements and the process by which Motorola determines the nature, scope, and terms of license agreements in which Motorola or its affiliates or assigns is a licensee.

**OBJECTION TO TOPIC NO. 12:**

Motorola objects that Topic No. 12 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products," and "Accused Applications" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and that were properly charted by Arendi in its infringement contentions. Motorola also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality. Motorola further objects to this topic as unduly burdensome and improper to the extent it calls for corporate testimony concerning legal contentions, legal opinions, and expert opinions.

Subject to these objections and without waiving them, Motorola will designate a corporate witnesses to testify generally regarding Motorola's general patent licensing practices. Subject to these objections and without waiving them, Motorola does not intend to designate a corporate witness to testify about "the process by which Motorola determines the nature, scope, and terms of license agreements in which Motorola or its affiliates or assigns is a licensee."

**TOPIC NO. 13:**

From 2007 to the present, Motorola's marketing and financial plans, market studies, reports, forecasts, surveys, strategies, and projections for the sale, use, or monetization of the

Accused Products, including a general description of Motorola's media and advertising campaigns relating to the Accused Products.

## OBJECTION TO TOPIC NO. 13:

Motorola objects that Topic No. 13 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects because this topic does not describe with reasonable particularity the matters for examination. Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it requires testimony covering a time period after the expiration of the Patents-in-Suit, which is not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola further objects to the phrase "a general description of" as vague and ambiguous.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the Motorola produced financial documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

## TOPIC NO. 14:

Your advertisements, public presentations, or public statements that reference or show the Linkify Functions of the Accused Products or Accused Applications.

## OBJECTION TO TOPIC NO. 14:

Motorola objects that Topic No. 14 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Linkify Functions," "Accused Products," and "Accused Applications" that have been specifically identified in

19

Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions.  Motorola further objects because this topic does not describe with reasonable particularity the matters for examination, and therefore, given the volume of materials involved and the breadth of this case, Motorola cannot sufficiently prepare a witness for this topic.

Subject to these objections and without waiving them, Motorola is willing to meet and confer with Arendi to discuss the particular information that Arendi seeks with regard to Topic No. 14.

**TOPIC NO. 15:**

The importance of the Accused Products to Motorola's revenues, profit, and strategy.

**OBJECTION TO TOPIC NO. 15:**

Motorola objects that Topic No. 15 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola further objects to the term, "importance," as vague and ambiguous.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the Motorola produced financial documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

20

**TOPIC NO. 16:**

The importance of any specific component or feature of the Accused Products, including any Linkify Function, to pricing, sales or marketing of the Accused Products, and any analysis within Motorola concerning the same including any analysis that a particular sale was made in whole or in part because of such component or feature.

**OBJECTION TO TOPIC NO. 16:**

Motorola objects that Topic No. 16 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" and "Linkify Function[s]" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions.   Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola further objects to the terms, "importance" and "analysis" as vague and ambiguous.

 Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the Motorola produced financial documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

**TOPIC NO. 17:**

The importance of Linkify Functions to pricing, sales or marketing of products that compete with the Accused Products.

**OBJECTION TO TOPIC NO. 17:**

Motorola objects that Topic No. 17 is overly broad, unduly burdensome, vague, and

21

ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" and "Linkify Function[s]" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions.   Motorola further objects to this topic as overly broad, unduly burdensome, and oppressive as it purports to require testimony covering time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola further objects to the terms, "importance" and "compete" as vague and ambiguous.  Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

In light of these objections, Motorola does not intend to designate a corporate witness to testify about Topic No. 17.

**TOPIC NO. 18:**

Surveys, studies, research, or analyses done by or on behalf of You regarding royalty rates for license rights to intellectual property.

**OBJECTION TO TOPIC NO. 18:**

Motorola objects that Topic No. 18 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products," "Linkify Function[s]," and "Accused Applications" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions.  Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola also objects to this topic, consistent with its General Objections, to the extent that it purports to

22

encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality. Motorola also objects that this topic improperly calls for corporate testimony concerning legal contentions, legal opinions, and expert opinions. Motorola further objects to the terms, "analyses" and "intellectual property" as vague and ambiguous.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the patent agreements produced in this litigation.

## TOPIC NO. 19:

Cost/benefit analyses related to the inclusion/exclusion of Linkify Functions in the Accused Products.

## OBJECTION TO TOPIC NO. 19:

Motorola objects that Topic No. 19 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" and "Linkify Functions" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola also objects to the terms, "cost/benefit" and "analyses as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

Subject to these objections and without waiving them, Motorola is willing to meet and confer with Arendi to discuss the particular information that Arendi seeks with regard to Topic

No. 19.

## TOPIC NO. 20:

Your patent-clearing policies and procedures, as well as policies and procedures for reviewing potential licensing needs.

## OBJECTION TO TOPIC NO. 20:

Motorola objects that Topic No. 20 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products," "Linkify Function[s]," and "Accused Applications" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality.

Subject to these objections and without waiving them, Motorola will designate a corporate witness to testify generally regarding Motorola's patent licensing practices.

## TOPIC NO. 21:

Your analysis of competitors in the marketplace for the Accused Products, including competitor assessments, product comparisons, feature assessments, and market share analyses.

## OBJECTION TO TOPIC NO. 21:

Motorola objects that Topic No. 21 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products"

that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions.  Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola also objects to the terms "analysis," "marketplace for the Accused Products," "assessments," and "feature" as vague and ambiguous.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the Motorola produced financial documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

**TOPIC NO. 22:**

Consumer/customer surveys and market research that relate to the Accused Products, including how such surveys are conducted, what functionalities are important to consumers, and any consumer/customer preferences as to the performance and characteristics of the Accused Products.

**OBJECTION TO TOPIC NO. 22:**

Motorola objects that Topic No. 22 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions.  Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola also objects to the terms "functionalities," "performance,"

and "characteristics" as vague and ambiguous.  Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the produced Motorola financial and marketing documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

**TOPIC NO. 23:**

Your marketing of the features of the Accused Applications.

**OBJECTION TO TOPIC NO. 23:**

Motorola objects that Topic No. 23 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Applications" that have been properly charted by Arendi in its infringement contentions.  Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola also objects to the term "features" as vague and ambiguous.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the produced Motorola marketing documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

**TOPIC NO. 24:**

How Your customers use and configure the Accused Applications.

**OBJECTION TO TOPIC NO. 24:**

Motorola objects that Topic No. 24 is overly broad, unduly burdensome, vague, and

ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Applications" that were properly charted by Arendi in its infringement contentions.  Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.    Motorola also objects to the term "customers" as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

In light of these objections, Motorola does not intend to designate a corporate witness to testify about Topic No. 24.

**TOPIC NO. 25:**

For all Accused Products sold since 2010, the extent to which Your customers use any of the functionality depicted or described in Plaintiff's Supplemental Infringement Contentions or Supplemental Preliminary Infringement Contentions.

**OBJECTION TO TOPIC NO. 25:**

Motorola objects that Topic No. 25 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" and "Linkify Functions" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions.  Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola also objects to this topic as unduly burdensome and improper to the extent it calls for corporate testimony that necessitates a legal understanding, and that concerns legal contentions, legal

27

opinions, and expert opinions. Motorola further objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality. Motorola objects to the term "customers" as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the produced Motorola marketing documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

**TOPIC NO. 26:**

Any and all products that You contend are acceptable non-infringing alternatives or design around alternatives to those in each of the Accused Products and all information about such non-infringing alternatives or design-around alternatives, including but not limited to when such alternatives were designed and developed; whether they were ever sold or implemented, by whom, the number of units sold, and the time period that they were on sale; the cost to design (including costs associated with engineering, costs such as royalties associated with the inclusion of other intellectual property to facilitate any proposed alternative, time/delay to market) and to manufacture such alternatives, as well as the price at which they were sold; all performance characteristics of such alternatives, why such alternatives do not infringe the Asserted Claims; and all reasons why any such alternative would be an acceptable substitute.

**OBJECTION TO TOPIC NO. 26:**

Motorola objects that Topic No. 26 is overly broad, unduly burdensome, vague, and

28

ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola objects that this topic improperly calls for corporate testimony concerning legal contentions, legal opinions, and expert opinions, to the extent it requests information related to "why such [non-infringing] alternatives do not infringe the Asserted Claims." Motorola objects that this topic is unduly burdensome and oppressive to prepare a corporate designee to memorize and testify about "all information" relating to "non-infringing alternatives or design around alternatives," particularly in light of Motorola's interrogatory response addressing the same topic. Motorola further objects to this topic as unduly burdensome because a deposition is the least appropriate discovery method to attempt to obtain the information Arendi seeks. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify, at a high-level, about known non-infringing alternatives. Motorola does not intend to designate a witness to testify as to "why such alternatives do not infringe the Asserted Claims."

**TOPIC NO. 27:**

The capability, configuration, and operation of the Accused Applications and Linkify Functions of the Accused Products.

**OBJECTION TO TOPIC NO. 27:**

Motorola objects that Topic No. 27 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" and "Linkify Functions" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions.  Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola also objects to the terms "capability" and "configuration" as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

In light of these objections, Motorola does not intend to designate a corporate witness to testify about Topic No. 27.

**TOPIC NO. 28:**

The Accused Products as shipped or delivered to customers, including: (a) a detailed description of the functionality, operation, capability, and configuration of any aspects or elements of the Accused Products; and (b) a detailed description of any feature of the Accused Products related to the recognition (in whole or part) in an electronic document or recognition (in whole or part) in an electronic document and subsequent use (in whole or part) of telephone numbers; addresses; email addresses; dates, days and/or times; flight numbers and/or other identifiers for a trip made by a common carrier; tracking codes for shipments and/or couriers; and/or names in or by any program or application preinstalled on the Accused Products.

**OBJECTION TO TOPIC NO. 28:**

Motorola objects that Topic No. 28 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" and "Linkify Functions," that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola objects to the terms, "capability," "configuration," and "feature" as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

Subject to these objections and without waiving them, Motorola is willing to meet and confer with Arendi to discuss the particular information that Arendi seeks with regard to Topic No. 28.

**TOPIC NO. 29:**

The use of Linkify Functions in or by any program or application preinstalled on an Accused Product.

**OBJECTION TO TOPIC NO. 29:**

Motorola objects that Topic No. 29 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" and "Linkify Functions," that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its

31

infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola objects to the terms, "use of" as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

In light of these objections, Motorola does not intend to designate a corporate witness to testify about Topic No. 29.

**TOPIC NO. 30:**

The promotion of Linkify Functions for use in or by any program or application preinstalled on an Accused Product.

**OBJECTION TO TOPIC NO. 30:**

Motorola objects that Topic No. 30 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" and "Linkify Functions," that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola objects to the terms, "promotion of" and "use in or by" as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters

that are outside of the corporation's knowledge.

In light of these objections, Motorola does not intend to designate a corporate witness to testify about Topic No. 30.

## TOPIC NO. 31:

The history, versions, and releases of the Accused Products, including but not limited to the dates and differences in features and functionalities among such versions and releases.

## OBJECTION TO TOPIC NO. 31:

Motorola objects that Topic No. 31 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" and "Linkify Functions," that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions.  Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola objects to the terms, "features" and "functionalities" as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

Subject to these objections and without waiving them, Motorola is willing to meet and confer with Arendi to discuss the particular information that Arendi seeks with regard to Topic No. 31.

## TOPIC NO. 32:

The history, versions, and releases of the source code You produced as part of this

33

litigation.

**OBJECTION TO TOPIC NO. 32:**

Motorola objects that Topic No. 32 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products," "Accused Applications," and "Linkify Functions," that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

Subject to these objections and without waiving them, Motorola is willing to meet and confer with Arendi to discuss the particular information that Arendi seeks with regard to Topic No. 32.

**TOPIC NO. 33:**

All differences between any Accused Product and the Representative Product(s) depicted and/or described in Plaintiff's Preliminary Infringement Contentions and Supplemental Preliminary Infringement Contentions that You contend are material to the functionality accused in those contentions.

**OBJECTION TO TOPIC NO. 33:**

Motorola objects that Topic No. 33 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony

34

covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola also objects to this topic as unduly burdensome and improper to the extent it calls for corporate testimony that necessitates a legal understanding, and that concerns legal contentions, legal opinions, and expert opinions. Motorola further objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality. Motorola objects to the terms "Representative Product," "material" and "functionality" as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify regarding the general operation of the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

## TOPIC NO. 34:

The identity, location, and format of the documents disclosing the operation, characteristics, and functionality of the Accused Products.

## OBJECTION TO TOPIC NO. 34:

Motorola objects that Topic No. 34 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony

35

covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola objects to the terms "operation," "characteristics," and "functionality" as vague and ambiguous.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify regarding the general operation of the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

## TOPIC NO. 35:

The person(s) most directly responsible for designing, architecting, engineering and/or authorizing the source code or technical materials for the Accused Products.

## OBJECTION TO TOPIC NO. 35:

Motorola objects that Topic No. 35 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola objects to the terms "architecting," and "authorizing" as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

Subject to these objections and without waiving them, Motorola is willing to meet and confer with Arendi to discuss the particular information that Arendi seeks with regard to Topic

36

No. 35.

## TOPIC NO. 36:

The inception, planning, development, and execution of each of the Accused Products, including why that Accused Product was developed, what key features distinguished it from other products, why such key features were developed, the persons involved in developing such key features, what market and technical studies were made in connection with the development, and what were the goals and target customers for that Accused Product.

## OBJECTION TO TOPIC NO. 36:

Motorola objects that Topic No. 36 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola objects to the terms "features" and "customers" as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally regarding the development of the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

## TOPIC NO. 37:

All differences between the functionality of the Accused Applications operating on the

37

Accused Product and the functionality of the Accused Applications operating on the Representative Product(s) depicted and/or described in Plaintiff's Preliminary Infringement Contentions and Supplemental Preliminary Infringement Contentions that You contend are material to the functionality accused in those contentions.

**OBJECTION TO TOPIC NO. 37:**

Motorola objects that Topic No. 37 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products," "Accused Applications," and "Linkify Functions," that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola also objects to this topic as unduly burdensome and improper to the extent it calls for corporate testimony that necessitates a legal understanding, and that concerns legal contentions, legal opinions, and expert opinions. Motorola further objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality. Motorola objects to the terms "Representative Product," "material" and "functionality" as vague and ambiguous. Motorola further objects to this topic to the extent that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

In light of these objections, Motorola does not intend to designate a corporate witness to

38

testify about Topic No. 37.

## TOPIC NO. 38:

All differences between the Linkify Functions provided within the operating system of the Accused Product and the Linkify Functions provided within the operating system of the Representative Product(s) depicted and/or described in Plaintiff's Preliminary Infringement Contentions and Supplemental Preliminary Infringement Contentions that You contend are material to the functionality accused in those contentions.

## OBJECTION TO TOPIC NO. 38:

Motorola objects that Topic No. 38 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Products" and "Linkify Functions," that have been specifically identified in Arendi's 4(a) Disclosures as being accused of infringement in this litigation and were properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola also objects to this topic as unduly burdensome and improper to the extent it calls for corporate testimony that necessitates a legal understanding, and that concerns legal contentions, legal opinions, and expert opinions. Motorola also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality. Motorola objects to the terms "Representative Product," "material" and "functionality" as vague and ambiguous. Motorola further objects to this topic to the extent

that it calls for corporate testimony on matters that are outside of the corporation's knowledge.

In light of these objections, Motorola does not intend to designate a corporate witness to testify about Topic No. 38.

**TOPIC NO. 39:**

How, when, and through whom Motorola first became aware of the Patents-in-Suit.

**OBJECTION TO TOPIC NO. 39:**

Motorola objects to Topic No. 39, consistent with its General Objections, as overly broad and unduly burdensome to the extent it requests testimony relating to Arendi's definition of "Patents-in-Suit," which encompasses unasserted patents and patent applications.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify that Motorola first became aware of U.S. Patent Nos. 7,917,843 and 8,306,993 when served with Arendi's Complaint.

**TOPIC NO. 40:**

All investigations, studies, discussions, actions, and decisions by You in light of Your knowledge of the Patents-in-Suit.

**OBJECTION TO TOPIC NO. 40:**

Motorola objects to Topic No. 40, consistent with its General Objections, as overly broad and unduly burdensome to the extent it requests testimony relating to Arendi's definition of "Patents-in-Suit," which encompasses unasserted patents and patent applications.  Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims.  Motorola also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters

protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality.

In light of these objections, Motorola does not intend to designate a corporate witness for Topic No. 40.

## TOPIC NO. 41:

How Your response to knowledge of the Patents-in-Suit deviated from or accorded with Your intellectual property policies.

## OBJECTION TO TOPIC NO. 41:

Motorola objects to Topic No. 41, consistent with its General Objections, as overly broad and unduly burdensome to the extent it requests testimony relating to Arendi's definition of "Patents-in-Suit," which encompasses unasserted patents and patent applications. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality.

In light of these objections, Motorola does not intend to designate a corporate witness for Topic No. 41.

## TOPIC NO. 42:

Training (whether written or oral) You provide to customers regarding the Accused Applications.

41

**OBJECTION TO TOPIC NO. 42:**

Motorola objects that Topic No. 42 is overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to cover topics outside of the scope of "Accused Applications" that have been properly charted by Arendi in its infringement contentions. Motorola further objects to this topic as unduly burdensome and overbroad to the extent it requires testimony covering topics and time periods not relevant to Arendi's claims against Motorola, or Motorola's defenses to Arendi's claims. Motorola objects because the topic does not describe with reasonable particularity the matters for examination. Motorola objects to the term "customers" as vague and ambiguous.

Subject to these objections and without waiving them, Motorola will designate one or more corporate witnesses to testify generally about the produced Motorola marketing and consumer communication documents relating to the devices listed in Arendi's Paragraph 4(a) Disclosure, for which Arendi provided complete infringement contentions.

**TOPIC NO. 43:**

Whether You produced documents to Plaintiff in this case as those documents were kept in the usual course of business, and the extent (if any) to which You produced documents other than as they were kept in the usual course of business.

**OBJECTION TO TOPIC NO. 43:**

Motorola objects to Topic No. 43 to the extent that it is overbroad and unduly burdensome. Motorola further objects because the topic does not describe with reasonable particularity the matters for examination.

In light of these objections, Motorola does not intend to designate a witness to testify about Topic No. 43.

42

**TOPIC NO. 44:**

If documents were not produced as they were kept in the usual course of business, the identification of the particular production requests in response to which the documents were produced and the Bates ranges for each relevant request.

**OBJECTION TO TOPIC NO. 44:**

Motorola objects to Topic No. 44 to the extent that it is overbroad and unduly burdensome. Motorola further objects because the topic does not describe with reasonable particularity the matters for examination.

In light of these objections, Motorola does not intend to designate a witness to testify about Topic No. 44.

**TOPIC NO. 45:**

The identity, location, and nature of the files that were the source of the documents You produced to Plaintiff in this action, and a description by Bates range of the documents produced from each file and location.

**OBJECTION TO TOPIC NO. 45:**

Motorola objects to Topic No. 45 to the extent that it is overbroad and unduly burdensome. Motorola further objects because the topic does not describe with reasonable particularity the matters for examination.  Motorola further objects that a deposition is the least appropriate discovery method to seek information about the storage of documents.

In light of these objections, Motorola does not intend to designate a witness to testify about Topic No. 45.

**TOPIC NO. 46:**

The identity, job function, office location, and employer of the custodians whose

documents You produced to Plaintiff in this action, and a description by Bates range of the documents produced from each custodian's files.

**OBJECTION TO TOPIC NO. 46:**

Motorola objects to Topic No. 46 to the extent that it is overbroad and unduly burdensome. Motorola further objects because the topic does not describe with reasonable particularity the matters for examination.  Motorola further objects that a deposition is the least appropriate discovery method to seek information about custodial email document production.

In light of these objections, Motorola does not intend to designate a witness to testify about Topic No. 46.

**TOPIC NO. 47:**

The status of Your document production efforts, including a description of the files or document repositories that You have not yet searched or from which you have not yet produced responsive documents but which You will search or from which You intend to produce responsive documents.

**OBJECTION TO TOPIC NO. 47:**

Motorola objects to Topic No. 47 to the extent that it is overbroad and unduly burdensome. Motorola further objects because the topic does not describe with reasonable particularity the matters for examination.  Motorola further objects that a deposition is the least appropriate discovery method to seek information about document production.

In light of these objections, Motorola does not intend to designate a witness to testify about Topic No. 47.

**TOPIC NO. 48:**

Potentially responsive documents that have not yet been produced, including the reason for

44

non-production.

**OBJECTION TO TOPIC NO. 48:**

Motorola objects to Topic No. 48 to the extent that it is overbroad and unduly burdensome. Motorola further objects because the topic does not describe with reasonable particularity the matters for examination.  Motorola further objects that a deposition is the least appropriate discovery method to seek information about document production.

In light of these objections, Motorola does not intend to designate a witness to testify about Topic No. 48.

**TOPIC NO. 49:**

The steps taken by You to preserve and collect documents potentially relevant to this lawsuit.

**OBJECTION TO TOPIC NO.49:**

Motorola objects to Topic No. 49 to the extent that it is overbroad and unduly burdensome. Motorola further objects because the topic does not describe with reasonable particularity the matters for examination.  Motorola further objects that a deposition is the least appropriate discovery method to seek information about document production.  Motorola objects to the term, "potentially relevant," as vague and ambiguous.

In light of these objections, Motorola does not intend to designate a witness to testify about Topic No. 49.

**TOPIC NO. 50:**

Communications You have had with anyone regarding this lawsuit, including potential fact witnesses or entities who may assist You in obtaining a license to the Patents-in- Suit.

**OBJECTION TO TOPIC NO. 50:**

Motorola objects to Topic No. 50 to the extent that it is overbroad and unduly burdensome. Motorola further objects because the topic does not describe with reasonable particularity the matters for examination. Motorola also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality.

In light of these objections, Motorola does not intend to designate a witness to testify about Topic No. 50.

**TOPIC NO. 51:**

Communications You have had with other defendants in the Related Cases or in *Arendi SARL v. HTC Corp., et al.*, 18-cv-1725 (W.D. Wash.), except communications solely between Your outside counsel and the outside counsel of other defendant(s).

**OBJECTION TO TOPIC NO. 51:**

Motorola objects to Topic No. 51 to the extent that it is overbroad and unduly burdensome. Motorola further objects because the topic does not describe with reasonable particularity the matters for examination. Motorola also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality.

In light of these objections, Motorola does not intend to designate a witness to testify about Topic No. 51.

Dated:  October 2, 2019                    OF COUNSEL:

*/s/ Robert W. Unikel*
Robert W. Unikel
Michelle Marek Figueiredo
John Cotiguala
Matt Lind
PAUL HASTINGS LLP
71 South Wacker
Suite 4500
Chicago, IL 60606
Tel: (312) 499-6000
robertunikel@paulhastings.com
michellemarek@paulhastings.com
johncotiguala@paulhastings.com
mattlind@paulhastings.com

Robert Laurenzi
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
robertlaurenzi@paulhastings.com

Ariell Bratton
PAUL HASTINGS LLP
4747 Executive Dr. #1200
San Diego, CA 92121
Tel: (858) 458-3000
ariellbratton@paulhastings.com

POTTER ANDERSON & CORROON LLP
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Motorola LLC*

47

<u>**CERTIFICATE OF SERVICE**</u>

I, Robert W. Unikel, hereby certify that on October 2, 2019, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated:

<u>**VIA ELECTRONIC MAIL**</u>

Neal C. Belgam
Eve H. Ormerod
Beth A. Swadley
1000 West Street, Suite 1501
Wilmington, DE 19801
Tel: (302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com
bswadley@skjlaw.com

John Lahad
SUSMAN GODFREY, LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Tel: (713) 651-9366
jlahad@susmangodfrey.com

Stephen D. Susman
Seth D. Ard
Max Straus
SUSMAN GODFREY, L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: (212) 336-8330
ssusman@susmangodfrey.com
sard@susmandgodfrey.com
mstraus@susmangodfrey.com

_____ */s/ Robert W. Unikel*_____
        Robert W. Unikel

# EXHIBIT C

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT D

## Laurenzi, Robert

| | |
|---|---|
| **From:** | Unikel, Robert |
| **Sent:** | Thursday, July 30, 2020 4:24 PM |
| **To:** | John Lahad; Max Straus |
| **Cc:** | Laurenzi, Robert; Moore, David E.; Marek, Michelle; Richard Wojtczak; Charla Clements |
| **Subject:** | RE: Arendi Code Review |

John and Max,
I have discussed this issue with the client, and, at this time, we cannot agree to any of the additional representations or stipulations that you request.  The simplest path forward is simply to arrange for your expert to review the code prior to his Motorola infringement report, or, more efficiently, to rely on the code review notes and printouts that you already have in your possession (and that you referred to in your meet and confer discussion with us).  As you are aware the Motorola code has been available for review in our California offices for many months, we will investigate potential review possibilities for next week.

Rob



**Robert Unikel | Partner, Litigation Department**
Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 |
Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131
| robertunikel@paulhastings.com | www.paulhastings.com

**From:** John Lahad <jlahad@SusmanGodfrey.com>
**Sent:** Thursday, July 30, 2020 2:10 PM
**To:** Max Straus <MStraus@susmangodfrey.com>; Unikel, Robert <robertunikel@paulhastings.com>
**Cc:** Laurenzi, Robert <robertlaurenzi@paulhastings.com>; Moore, David E. <dmoore@potteranderson.com>; Marek, Michelle <michellemarek@paulhastings.com>; Richard Wojtczak <rwojtczak@susmangodfrey.com>; Charla Clements <CClements@susmangodfrey.com>
**Subject:** [EXT] RE: Arendi Code Review

Rob and Rob
Please let us know about the below. Thanks.

JOHN P. LAHAD
SUSMAN GODFREY LLP
713-653-7859 (OFFICE)
713-725-3557 (MOBILE)
CLICK HERE FOR BIO

**From:** Max Straus <MStraus@susmangodfrey.com>
**Sent:** Tuesday, July 28, 2020 5:52 PM
**To:** John Lahad <jlahad@SusmanGodfrey.com>; Unikel, Robert <robertunikel@paulhastings.com>
**Cc:** Laurenzi, Robert <robertlaurenzi@paulhastings.com>; Moore, David E. <dmoore@potteranderson.com>; Marek, Michelle <michellemarek@paulhastings.com>; Richard Wojtczak <rwojtczak@susmangodfrey.com>; Charla Clements <CClements@susmangodfrey.com>
**Subject:** Re: Arendi Code Review

Rob and Rob,

Thanks for taking the time to speak with us this afternoon. These are the file paths to which I was referring on the call. Please let us know whether Motorola can stipulate to the fact of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Hopefully the limited code review can then take place at a time when its more feasible and safe:



Sincerely,
Max

**Max Straus**
(212) 729-2048 (office)
(610) 213-6194 (mobile)

**From:** John Lahad <jlahad@SusmanGodfrey.com>
**Date:** Monday, July 27, 2020 at 1:25 PM
**To:** "Unikel, Robert" <robertunikel@paulhastings.com>
**Cc:** "Laurenzi, Robert" <robertlaurenzi@paulhastings.com>, Max Straus <MStraus@susmangodfrey.com>, "Moore, David E." <dmoore@potteranderson.com>, "Marek, Michelle" <michellemarek@paulhastings.com>, Richard Wojtczak <rwojtczak@susmangodfrey.com>
**Subject:** RE: Arendi Code Review

Let's chat tomorrow at 4 pm central. We'll send out a dial-in. Thanks.

JOHN P. LAHAD
SUSMAN GODFREY LLP
713-653-7859 (OFFICE)
713-725-3557 (MOBILE)
CLICK HERE FOR BIO

-----Original Message-----
From: Unikel, Robert <robertunikel@paulhastings.com>
Sent: Monday, July 27, 2020 9:41 AM
To: John Lahad <jlahad@SusmanGodfrey.com>
Cc: Laurenzi, Robert <robertlaurenzi@paulhastings.com>; Max Straus <MStraus@susmangodfrey.com>; Moore, David E. <dmoore@potteranderson.com>; Marek, Michelle <michellemarek@paulhastings.com>; Richard Wojtczak <rwojtczak@susmangodfrey.com>
Subject: RE: Arendi Code Review

John,
We probably need to discuss this.  I can be available tomorrow, Tuesday, from 4:00 CT on.  Or I can be available most of the day on Wednesday.  Let me know what would work for you.

Rob

_____

Robert Unikel | Partner, Litigation Department Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 | Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131 | robertunikel@paulhastings.com | www.paulhastings.com



-----Original Message-----
From: John Lahad <jlahad@SusmanGodfrey.com>
Sent: Sunday, July 26, 2020 2:24 PM
To: Unikel, Robert <robertunikel@paulhastings.com>
Cc: Laurenzi, Robert <robertlaurenzi@paulhastings.com>; Max Straus <MStraus@susmangodfrey.com>; Moore, David E. <dmoore@potteranderson.com>; Marek, Michelle <michellemarek@paulhastings.com>; Richard Wojtczak <rwojtczak@susmangodfrey.com>
Subject: [EXT] RE: Arendi Code Review

Rob,

The proposed Motorola stip did not point to the public equivalents of much relevant source code produced in the fall. We have attached a revised stip that does so. If Motorola does not agree to these general provisions, please let me know when you are available Monday or Tuesday to meet and confer.

Could you please also send us an executed Google stip as soon as practicable?

Thank you.

JOHN P. LAHAD
SUSMAN GODFREY LLP
713-653-7859 (OFFICE)
713-725-3557 (MOBILE)
CLICK HERE FOR BIO

-----Original Message-----
From: Unikel, Robert <robertunikel@paulhastings.com>
Sent: Thursday, July 23, 2020 12:10 PM
To: John Lahad <jlahad@SusmanGodfrey.com>
Cc: Laurenzi, Robert <robertlaurenzi@paulhastings.com>; Max Straus <MStraus@susmangodfrey.com>; Moore, David E. <dmoore@potteranderson.com>; Marek, Michelle <michellemarek@paulhastings.com>
Subject: RE: Arendi Code Review

Revised stipulation attached.  We added the yellow highlighted language to the version previously agreed upon to address your need for the expert to review code during the pandemic.

Best,
Rob

_____

Robert Unikel | Partner, Litigation Department Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 | Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131
| robertunikel@paulhastings.com | www.paulhastings.com

-----Original Message-----
From: John Lahad <jlahad@SusmanGodfrey.com>
Sent: Thursday, July 23, 2020 10:23 AM
To: Unikel, Robert <robertunikel@paulhastings.com>
Cc: Laurenzi, Robert <robertlaurenzi@paulhastings.com>; Max Straus <MStraus@susmangodfrey.com>; Moore, David E. <dmoore@potteranderson.com>; Marek, Michelle <michellemarek@paulhastings.com>
Subject: [EXT] RE: Arendi Code Review

Following up on the stip. Thanks all.

JOHN P. LAHAD
SUSMAN GODFREY LLP
713-653-7859 (OFFICE)
713-725-3557 (MOBILE)
CLICK HERE FOR BIO

-----Original Message-----
From: Unikel, Robert <robertunikel@paulhastings.com>
Sent: Wednesday, July 22, 2020 10:03 AM
To: John Lahad <jlahad@SusmanGodfrey.com>
Cc: Laurenzi, Robert <robertlaurenzi@paulhastings.com>; Max Straus <MStraus@susmangodfrey.com>; Moore, David E. <dmoore@potteranderson.com>; Marek, Michelle <michellemarek@paulhastings.com>
Subject: Re: Arendi Code Review

I will get you the stip later today.

Version is AOSP 4.2.2 (Jelly Bean).


On Jul 22, 2020, at 9:47 AM, John Lahad <jlahad@susmangodfrey.com> wrote:


Rob (and Rob)
Following up on the Moto stip. At the very least can we get the version numbers? Thanks.

John P. Lahad
Susman Godfrey LLP
713-653-7859 (office)
713-725-3557 (mobile)
Click Here<http://www.susmangodfrey.com/Attorneys/John-P-Lahad/#Pane1> For Bio


From: Laurenzi, Robert <robertlaurenzi@paulhastings.com>
Sent: Wednesday, July 15, 2020 2:36 PM
To: Max Straus <MStraus@susmangodfrey.com>; John Lahad <jlahad@SusmanGodfrey.com>; Unikel, Robert
<robertunikel@paulhastings.com>
Cc: Moore, David E. <dmoore@potteranderson.com>
Subject: RE: Arendi Code Review

Max,

The stipulation with the corrected Hangouts code paths is attached.  We will follow-up shortly regarding the Motorola
stipulation.

I do not know if there is a place nearby the conference room for Dr. Smedley to make calls and consult his files.  There
are several conference rooms at the hotel.  One or more may be unoccupied tomorrow, but I do not know for certain so
he should make alternative arrangements.  If no alternative is available, I can simply leave the conference room with the
source code computer when needed.

Thanks,
Rob


_____

[Paul Hastings LLP]<http://www.paulhastings.com/>

Robert Laurenzi
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6026 | Main: +1.212.318.6000 | Fax:
+1.212.303.7026 | email<mailto:email>: robertlaurenzi@paulhastings.com<mailto:robertlaurenzi@paulhastings.com> |
www.paulhastings.com<http://www.paulhastings.com/>

5

From: Max Straus [mailto:MStraus@susmangodfrey.com]
Sent: Wednesday, July 15, 2020 2:53 PM
To: Laurenzi, Robert; John Lahad; Unikel, Robert
Cc: Moore, David E.
Subject: [EXT] Re: Arendi Code Review

Rob,

Thank you for arranging tomorrow's review. Dr. Smedley asked us about space to place phone calls and to consult files on his own computer. Do you know whether there is an easy place to do so near the conference room or he should make alternative arrangements?

When should we expect to receive the stipulations? In particular, can you please confirm the corrected Hangouts code path ahead of tomorrow's review?

Thank you.

Max


Max Straus | Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor | NY, NY 10019
(212) 729-2048 (office) | (610) 213-6194 (mobile)

From: "Laurenzi, Robert" <robertlaurenzi@paulhastings.com<mailto:robertlaurenzi@paulhastings.com>>
Date: Friday, July 10, 2020 at 3:06 PM
To: John Lahad <jlahad@SusmanGodfrey.com<mailto:jlahad@SusmanGodfrey.com>>, "Unikel, Robert"
<robertunikel@paulhastings.com<mailto:robertunikel@paulhastings.com>>
Cc: "Moore, David E." <dmoore@potteranderson.com<mailto:dmoore@potteranderson.com>>, Max Straus
<MStraus@susmangodfrey.com<mailto:MStraus@susmangodfrey.com>>
Subject: RE: Arendi Code Review

John,

Let's plan to start the inspection at 9:00 a.m. on 7/16.

To confirm, we will be providing only a laptop computer with the source code, previously requested review tools, and a mouse. We will not be providing a separate notetaking computer.

We will get back to you on the issue of the stipulation.

Best,
Rob

_____

[Paul Hastings LLP]<http://www.paulhastings.com/>

Robert Laurenzi
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6026 | Main: +1.212.318.6000 | Fax: +1.212.303.7026 | email<mailto:email>: robertlaurenzi@paulhastings.com<mailto:robertlaurenzi@paulhastings.com> | www.paulhastings.com<http://www.paulhastings.com/>

From: John Lahad [mailto:jlahad@SusmanGodfrey.com]
Sent: Friday, July 10, 2020 12:52 PM
To: Unikel, Robert
Cc: Laurenzi, Robert; Moore, David E.; Max Straus
Subject: [EXT] RE: Arendi Code Review

Rob,
Your efforts and your client's efforts are greatly appreciated. This will work. Let's proceed on July 16th please.

Relatedly, I understand that Motorola wishes to provide a stipulation or declaration that its produced source code is the same, at least in all material respects, ▮▮▮▮▮▮▮▮▮▮▮▮▮ Could you please provide the proposed declaration?

And the Motorola and Google representative products/code stipulations that we negotiated still need to be executed. If you'd like to fold the new Motorola declaration into a revised stip, that's fine with us. Finally, Dr. Smedley's preparation for next week's code review and preparation of the expert report has identified an apparent error on lines 26 and 27 the Google stipulation. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Thank you again for your efforts.
Best,
John

John P. Lahad
Susman Godfrey LLP
713-653-7859 (office)
713-725-3557 (mobile)
Click Here<http://www.susmangodfrey.com/Attorneys/John-P-Lahad/#Pane1> For Bio

From: Unikel, Robert <robertunikel@paulhastings.com<mailto:robertunikel@paulhastings.com>>
Sent: Thursday, July 9, 2020 10:01 PM
To: John Lahad <jlahad@SusmanGodfrey.com<mailto:jlahad@SusmanGodfrey.com>>
Cc: Laurenzi, Robert <robertlaurenzi@paulhastings.com<mailto:robertlaurenzi@paulhastings.com>>; Moore, David E. <dmoore@potteranderson.com<mailto:dmoore@potteranderson.com>>; Max Straus <MStraus@susmangodfrey.com<mailto:MStraus@susmangodfrey.com>>
Subject: Arendi Code Review

Hi John,
I wanted to follow up on our discussion from the other day regarding expert code review.

Google does not believe that the two options we discussed are workable. The option to come to some sort of agreement that the code review could be done after reports are exchanged is just too difficult to navigate and has many potential issues for dispute.  The option to move the code to Boston places all of the burden on our lawyers to make the long drive with the source code computer from Wilmington (where we already moved it to accommodate your expert) to Boston, then to stay over in Boston while your expert reviews the code, and then to drive the code computer back to our New York office where it must be kept for security (as we do not have an office in Boston).  Putting all of the risk and burden on our personnel is unreasonable.

Thus, here is a compromise that is fair, and I believe will accommodate all parties concerns: One of our New York attorneys will make the code computer available next week in a secure room  at The Hilton Garden Inn in Wallingford, CT<https://www.hilton.com/en/hotels/hvnwmgi-hilton-garden-inn-wallingford-meriden/>.  This location is two hours from Boston and roughly 3 hours from New York, which means that our lawyer and your expert can all come and go in a single day (with no overnight stay).  This is not a COVID hot spot, so your expert should not have any realistic concerns.  We will secure a large enough Ballroom (enough to hold 60 people) so that our attorney can be in the room for the code review, but can keep a more than sufficient distance from your expert for everyone's safety. (Your expert can bring and wear as much PPE as he likes.)

We will make the code available for this review next Wednesday, July 15, or Thursday, July 16, whichever your expert prefers.  Given that he was free all week for the review in Wilmington, I expect this should not pose a problem.

Let me know which day your expert prefers, and we will make the arrangements.

I am happy to discuss this tomorrow if you wish.

Thanks.

Rob

_____

[Paul Hastings LLP]<http://www.paulhastings.com/>

Robert Unikel | Partner, Litigation Department Paul Hastings LLP | 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 | Direct: +1.312.499.6030 | Main: +1.312.499.6000 | Fax: +1.312.499.6131 | robertunikel@paulhastings.com<mailto:robertunikel@paulhastings.com> | www.paulhastings.com<http://www.paulhastings.com>

*******************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE<https://www.paulhastings.com/global-privacy-statement>. If you have any questions, please contact Privacy@paulhastings.com<mailto:privacy@paulhastings.com>.

*********************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE<https://www.paulhastings.com/global-privacy-statement>. If you have any questions, please contact Privacy@paulhastings.com<mailto:privacy@paulhastings.com>.

*********************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE<https://www.paulhastings.com/global-privacy-statement>. If you have any questions, please contact Privacy@paulhastings.com<mailto:privacy@paulhastings.com>.

*********************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address.  For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*********************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address.  For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*********************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address.  For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.