# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARENDI S.A.R.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 12-1601-LPS |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MOTOROLA MOBILITY LLC F/K/A | ) |
| MOTOROLA MOBILITY, INC., | ) |
| | ) **PUBLIC VERSION** |
| Defendant. | ) |
| | ) |
| ARENDI S.A.R.L., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 13-919-LPS |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| GOOGLE LLC, | ) |
| | ) **PUBLIC VERSION** |
| Defendant. | ) |

## LETTER TO THE HONORABLE LEONARD P. STARK FROM
## DAVID E. MOORE, ESQUIRE

OF COUNSEL:

Robert W. Unikel
Michelle Marek Figueiredo
John Cotiguala
Matt Lind
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Tel: (312) 449-6000

Robert R. Laurenzi
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Motorola Mobility LLC f/k/a Motorola Mobility, Inc. and Google Inc.*

Ariell Bratton
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA  92121
Tel:  (858) 458-3000

Dated:  December 15, 2020
6969228 / 39729

Public Version Dated: December 17, 2020

Dear Chief Judge Stark:

Google and Motorola move the Court to strike those portions of Arendi expert Dr. Smedley's Reports Regarding Infringement of U.S. Patent No. 7,917,843 ("the Smedley Reports"), and Second Reports Regarding Infringement of U.S. Patent No. 7,917,843 ("the Smedley Replies")[1] that disclose, discuss, analyze, or opine on theories of infringement under the doctrine of equivalents ("DOE"). (*See* Ex. A, Smedley Google Report, Ex. B, Smedley Motorola Report, Ex. C Smedley Google Reply, Ex. D, Smedley Motorola Reply.) Continuing its alarming pattern of adding new infringement theories nearly a year after the close of fact discovery (*see* Motorola D.I. 205), Arendi again attempts to flout the rules of this Court by adding new DOE theories into Dr. Smedley's expert reports. Arendi failed to properly allege any theory of infringement under DOE prior to submission of the Smedley Reports - in its infringement contentions, discovery responses and otherwise. Arendi cannot now add such fact intensive theories a year after the close of fact discovery. Notably, this is Arendi's *fourth* effort to add to expert reports critical theories and facts that were not disclosed during fact discovery; the Court already has disallowed one of these efforts - Arendi's effort to add previously unaccused products in the LG case (*See* C.A. No. 12-1595, D.I. 222), and is considering two fully briefed motions to strike as to the other two Arendi efforts. (Motorola D.I. 205) (Motorola's motion to strike untimely infringement contentions involving Motorola Apps); (D.I. 207) (Defendants joint motion to strike Arendi's untimely identification of a specific alleged invention date.) Arendi's continued gamesmanship should not be tolerated.

*Arendi Never Properly Pursued Infringement Claims Under the Doctrine of Equivalents*

In 2013, shortly after this case originally was filed, Arendi served initial claim charts in both the Google and Motorola cases. The cases were then stayed for more than four-and-a-half years pending IPR proceedings that invalidated multiple claims of the patents-in-suit. When the cases restarted in October 2018, the Court entered an amended case schedule that required Arendi to serve new disclosures under 4(a) and 4(c) of the Default Standard for Discovery. (Motorola D.I. 99; Google D.I. 85.) In late 2018 and early 2019, Arendi served Supplemental 4(a) Identification of Accused Products, and Amended Supplemental 4(a) Identification of Accused Products. (*See, e.g.*, Exhs. H-J.) Later in 2019, Arendi then served its 4(c) Supplemental and Amended Claim Charts. (*See, e.g.*, Exhs. K, L.) Throughout the process, the parties engaged in extensive back-and-forth regarding the infringement contentions. (*See, e.g.*, Ex. G, Mar. 20, 2019 Ltr.) Not one of the above disclosures raised or mentioned any theories under DOE - in fact, the words and phrases "doctrine of equivalents", "equivalent", "function, way, result", and "insubstantial difference" did not appear a single time in any of Arendi's disclosures; and those disclosures indisputably did not include any analysis or explanation that might be considered part of a DOE assertion. (*See, e.g.*, Exhs. H-L.) Further, at no time during the years of fact discovery in this case did Arendi ever directly or even implicitly assert infringement under DOE, not in written discovery responses, not in deposition testimony, not in amended disclosures or contentions. Quite simply, despite having numerous opportunities to do so, at no time from the moment the cases were originally filed in 2013 until the service of Arendi's opening expert reports on infringement in 2020, did Arendi ever provided any notice to Google or Motorola that Arendi was pursuing, or might pursue, a theory of infringement related to DOE.

For the first time in the case, the Smedley Reports made general, boilerplate reference to infringement under DOE: "[t]o the extent that the foregoing evidence does not demonstrate literal infringement of this

---

[1] Dr. Smedley submitted separate opening and expert reply reports for the Google and Motorola cases. (Ex. A, Opening Smedley Google Report; Ex. B, Opening Smedley Motorola Report; Ex. C, Smedley Google Reply; Ex. D, Smedley Motorola Reply.) There is no material difference between the reports in the separate cases with respect to this motion. Thus, they will be referred to collectively throughout the motion, and will be cited to individually where appropriate.

The Honorable Leonard P. Stark
December 15, 2020, Page 2

element, the evidence demonstrates infringement of this element by the Accused Products under the doctrine of equivalents." (*See, e.g.*, Ex. A, Smedley Google Report, ¶ 132; Ex. B, Smedley Motorola Report, ¶ 97, same.) Nowhere do the opening Smedley Reports provide any substantive explanation or opinions regarding alleged infringement under DOE, and nowhere in his opening reports does Dr. Smedley provide even cursory substantive analysis under the "function-way-result" or "insubstantial differences" DOE tests. (*See, e.g.*, Ex. A, Smedley Google Report, ¶¶ 13, 50, 55, 132, 273, 278, 391, 430, 464, 499; Ex. B, Smedley Motorola Report, ¶¶ 13, 43, 47, 97, 151, 156, 222, 246, 259, 275, 279.) In his Rebuttal Reports, Google's and Motorola's expert, Dr. Rinard, explicitly and repeatedly noted Dr. Smedley's failure to offer any substantive analysis or opinions on DOE. (*See, e.g.,* Ex. E, Rinard Google Rebuttal, ¶¶ 206, 208, 266; Ex. F, Rinard Motorola Rebuttal, ¶¶ 25, 175, 219, 298).

In response to the Rinard Rebuttals, the Smedley Replies for the first time offered substantive opinions related to DOE. (*See, e.g.*, Ex. C, Smedley Google Reply, ¶¶ 92, 149, 152, 164, 190, 191, 200, 213, 214, 218, 223, 240, 242, 246, 249, 264, 269.) Tellingly, Arendi styled the Smedley Replies as "Second Expert Report[s],"[2] presumably in an attempt to distract from Dr. Smedley's failure to provide any opinions related to DOE in the opening Smedley Reports. The Smedley Replies effectively admit that the opening Smedley Reports failed to provide opinions related to DOE and attempt to justify that omission by arguing that: (1) the opening reports' literal infringement opinions were somehow sufficient to support the opinion that there is infringement under DOE (Ex. C, Smedley Google Reply, ¶ 35; Ex. D, Smedley Motorola Reply, ¶ 39); and (2) DOE analyses could not be presented prior to receipt of Dr. Rinard's non-infringement theories (Ex. C, Smedley Google Reply, ¶ 36; Ex. D, Smedley Motorola Reply, ¶ 40.)

**THE COURT SHOULD STRIKE THE PORTIONS OF THE SMEDLEY REPORTS AND SMEDLEY REPLIES THAT DISCUSS THE DOCTRINE OF EQUIVALENTS**

Neither the rules nor basic fairness permit Arendi to add to its infringement contentions at this late date or in this manner. "Infringement contentions are considered to be 'initial disclosures' under [Rule] 26(a)," and are subject to exclusion under Rule 37(c)(1) if not timely disclosed during fact discovery. *See Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 13-1668, 2017 WL 658469, at *1, 6 (D. Del. Feb. 14, 2017) (granting defendants' motion to strike portions of expert's report that injected new infringement theories into case); *see also* Fed. R. Civ. P. 26(a), 26(e)(1), 37(c)(1). Applying Third Circuit law, the Court should strike Dr. Smedley's late opinions on DOE. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-905 (3d Cir. 1977) (identifying set of factors courts should consider when determining the exclusion of evidence). The *Pennypack* factors favor excluding portions of the Smedley Reports and Smedley Replies: (1) the omission of DOE from Arendi's 4(a) and 4(c) disclosures was important and caused Google and Motorola to shape their defense and discovery efforts around the understanding that DOE was not at issue; (2) Google and Motorola were surprised and prejudiced by the Smedley Replies' substantive DOE opinions, given that Arendi never mentioned DOE in its 2019 claim charts or during fact discovery (even after numerous requests from Google and Motorola that Arendi clarify its infringement contentions and supplement its discovery), and the conclusory DOE "opinions" in the opening Smedley Reports were devoid of substance; (3) allowing Arendi to add DOE to its infringement contentions now would improperly expand the case after the close of fact discovery, and risks derailing the proceedings; (4) the prejudice to Google and Motorola will be cured by striking Dr.

---

[2] The operative case schedule provides for "***Reply*** Expert Reports," not "Second Expert Reports." (*See* D.I. 210 at 3, emphasis added.) Because Dr. Rinard simply noted that Dr. Smedley had not presented any substantive DOE analyses or opinions in his opening reports, there was nothing from Dr. Rinard concerning DOE for Dr. Smedley to "Reply" to.

The Honorable Leonard P. Stark
December 15, 2020, Page 3

Smedley's opinions involving DOE; and (5) during the parties' meet and confer, Arendi provided no good faith explanation for its untimely disclosure of any infringement theory based on DOE, notwithstanding that Arendi was obligated, by rule and by the Court's orders, to supplement its product disclosures, claim charts, and discovery responses to fully apprise Google and Motorola of Arendi's infringement theories in the restarted case. *See TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 14-954, 2019 WL 4346530, at *2 (D. Del. Sept. 12, 2019) (granting motion to strike, explaining "[o]pening expert reports are not the appropriate time to disclose new infringement allegations"); *Finjan Inc. v. Rapid7, Inc.*, C.A. No. 18-1519, 2020 WL 5798545, at *3, 4 (D. Del. Sept. 29, 2020) (incomplete contentions precluded plaintiff from relying on infringement assertions in opening expert report).

Arendi's introduction of substantive DOE analyses in the Smedley's *Replies* - not even in the opening Smedley Reports - amplifies the prejudice to Google and Motorola. *See Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 502 (D. Del. 2019) (granting motion to strike expert's opinion regarding DOE where the expert "did not allege a doctrine of equivalents theory . . . in his opening report," and instead, after the non-infringement expert "offered opinions of no infringement . . .[,] included doctrine of equivalents opinions" in his reply report). As recognized in *Zimmer*, the prejudice to defendants at this stage can only be cured by striking DOE theories because, *e.g.*, if Arendi and Dr. Smedley had timely disclosed their theories, Dr. Rinard may have been able to assert different theories of non-infringement. *Id*. ("If Zimmer had timely disclosed this infringement theory, Stryker's expert may have been able to assert different theories of non-infringement.") Indeed, with Dr. Rinard's deposition in both cases less than one week from now, the prejudice is incurable. Accordingly, the Court should strike those portions of the Smedley Reports and Replies that disclose, discuss, analyze, or opine on DOE.

    Respectfully,

    */s/ David E. Moore*

    David E. Moore

DEM:nmt/6969228/39729

Enclosures
cc:    Counsel of Record (via electronic mail)